IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY SKIN CARE, INC. and ZAHRA MANSOURI | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 06-00601-KAJ |
| LIMITED BRANDS, INC., and BATH & BODY WORKS, INC. | ) ) JURY TRIAL DEMANDED |
| Defendants. | ) ) |

**DEFENDANTS LIMITED BRANDS, INC.'S AND BATH & BODY WORKS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO LABORATORY SKIN CARE, INC. AND ZAHRA MANSOURI'S COMPLAINT**

Defendants Limited Brands, Inc. and Bath & Body Works, Inc. (hereinafter collectively "Defendants") by their undersigned counsel, hereby file their Answer, Affirmative Defenses and Counterclaims to the Complaint of Laboratory Skin Care, Inc. and Zahra Mansouri (hereinafter collectively "Plaintiffs"), denying all allegations of the Complaint, unless specifically admitted, and respectfully state:

## ANSWER

1.      In response to Paragraph 1 of the Complaint, Defendants admit that United States patent 6,579,516 ("the '516 patent") is entitled "Methods of Delivering Materials into the Skin, and Compositions used Therein," and that the '516 patent on its face names Zahra Mansouri as the inventor. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore deny same.

2.     In response to Paragraph 2 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore deny same.

3.     Defendants admit the allegations of Paragraph 3 of the Complaint.

4.     Defendants admit the allegations of Paragraph 4 of the Complaint.

5.     Defendants admit the allegations of Paragraph 5 of the Complaint.

6.     Defendants admit the allegations of Paragraph 6 of the Complaint.

7.     In response to Paragraph 7 of the Complaint, Defendants admit that a copy of the '516 Patent is attached as Exhibit A to the Complaint.  Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8.     Defendants deny the allegations of Paragraph 8 of the Complaint.

9.     Defendants admit that Bath & Body Works, Inc. sell body and hair care products and personal care products. Defendants deny the remaining allegations of Paragraph 9 of the Complaint.

10.    In response to Paragraph 10 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 – 9 of the Complaint.

11.    Defendants deny the allegations of Paragraph 11 of the Complaint.

12.    Defendants deny the allegations of Paragraph 12 of the Complaint.

13.    Defendants deny the allegations of Paragraph 13 of the Complaint.

### *Jury Demand*

Defendants demand a trial by jury on all issues so triable.

2

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses against Plaintiff's claims in the Complaint:

### First Affirmative Defense (Non-Infringement)

14.    Defendants have not engaged in, and do not engage in, activities that constitute direct or indirect infringement of any valid and enforceable claim of the '516 patent.

### Second Affirmative Defense (Invalidity)

15.    The '516 patent is invalid for failure to comply with one or more of the statutory requirements of patentability specified by 35 U.S.C. §§ 101 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense (Prosecution History Estoppel)

16.    Plaintiff is barred by the doctrine of prosecution history estoppel from claiming infringement by Defendants of any claim of the '516 patent.

### Fourth Affirmative Defense (Unenforceability)

17.    The '516 patent is unenforceable due to inequitable conduct based upon repeated breaches of the duty of candor and good faith owed to the United States Patent and Trademark Office ("USPTO") by the inventors and/or assignees during the procurement of the '516 patent. Among other things, the inventor and/or assignee failed to advise the USPTO that compositions substantially similar to those claimed by the '516 patent have been well known in the personal care industry since more than a year before the filing date of the application which led to the '516 patent.

3

### *Fifth Affirmative Defense (Failure to State a Claim)*

18.    The Complaint fails to state a claim upon which relief can be granted.

### *Sixth Affirmative Defense (Estoppel)*

19.    Plaintiff's claims for relief, injunctive and legal, are barred, in whole or part, by acts of Plaintiff upon which BBW relied.

### *Seventh Affirmative Defense (Acquiescence)*

20.    Plaintiff's claims for relief, injunctive or legal, are barred, in whole or in part, by acts and/or omissions by Plaintiff which imply Plaintiff's acquiescence to the actions complained of.

### *Eighth Affirmative Defense (Laches)*

21.    The delay by Plaintiff in asserting its rights after notice of the complained of actions has caused prejudice to the Defendants.

## COUNTERCLAIMS

Defendants, through its attorneys, issue the following counterclaims against Laboratory Skin Care, Inc. (hereinafter "LSC") and Zahra Mansouri (hereinafter collectively "Plaintiffs") and allege upon information and belief as to acts of others as follows:

### *Parties*

1.    Limited Brands, Inc. is a Delaware corporation with a principal place of business at Three Limited Parkway, Columbus, OH 43230.

2.    Bath & Body Works, Inc. is a Delaware corporation with a principal place of business at 7 Limited Parkway East, Reynoldsburg, OH 43068.

4

3.     Upon information and belief, LSC is a California corporation having its principal place of business in Olympic Valley, California.

### Jurisdiction

4.     This is an action arising under the Patent Laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, Title 28 of the United States, for a Declaratory Judgment of non-infringement and invalidity of United States Patent No. 6,579,516 ("the '516 patent").

5.     Plaintiffs allege in their Complaint in this action that Ms. Mansouri is the owner of the '516 patent and that LSC is the exclusive licensee. They have charged Defendants with infringement of the '516 patent. Defendants have denied the charges of infringement and have alleged that, *inter alia*, the '516 patent is invalid and unenforceable.

6.     As a consequence of the foregoing, there is an actual and justiciable controversy existing between Defendants and Plaintiffs with respect to which Defendants requires declaration by this Court.

7.     This Court has subject matter jurisdiction over the action based on 28 U.S.C. §§ 1331, 1337, 1338 and 1367, and 28 U.S.C. §§ 2201 and 2202.

8.     This Court has personal jurisdiction over Plaintiffs in that, *inter alia*, Plaintiffs voluntarily filed the Complaint to which this Counterclaim is directed in this Court.

### First Counterclaim (Declaratory Judgment of Patent Non-Infringement)

9.     Defendants incorporate the averments of paragraphs 1-8 of these counterclaims as though fully set forth herein.

5

10.   Defendants do not infringe, and have not infringed, actively induced infringement of, nor contributed to the infringement of, any valid claim of United States Patent 6,579,516 either literally or by application of the doctrine of equivalents.

### Second Counterclaim (Declaratory Judgment of Patent Invalidity)

11.   Defendants incorporate the averments of 1-8 of these counterclaims as though fully set forth herein.

12.   The '516 patent is invalid for failure to comply with the conditions and requirements of the patent laws including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules and regulations and laws pertaining thereto.

### Third Counterclaim (Exceptional Case)

13.   Defendants incorporate the averments of 1-8 of these counterclaims as though fully set forth herein.

14.   At the time Plaintiffs filed their Complaint, they were aware that the accused products did not infringe the '516 patent either literally or by application of the doctrine of equivalents.

15.   At the time Plaintiffs filed their Complaint, they were aware that the '516 patent was invalid.

16.   At the time Plaintiffs filed their Complaint, they therefore had no reasonable basis for charging Defendants with infringement of the '516 patent.

17.   This case is an "exceptional case" within the meaning of 35 U.S.C. §285 due to, *inter alia*, the above actions of Plaintiffs.  As a result, Defendants are entitled to recover at the least their attorneys' fees and costs, and other expenses they have

6

been forced to incur in defending this litigation, including defending against Plaintiffs' continued prosecution of this lawsuit for alleged infringement of the '516 patent while knowing that the patent is not infringed and is invalid.

**WHEREFORE,** Defendants pray for judgment against Plaintiffs as follows:

1.    Dismiss Plaintiffs' Complaint in its entirety with prejudice.

2.    Declare that Defendants do not infringe any valid claim of the '516 patent.

3.    Declare that the '516 patent is invalid and void.

4.    Enjoin Plaintiffs from threatening to enforce the '516 patent against Defendants.

5.    Declare that the instant lawsuit is an "exceptional case" within the meaning of 35 U.S.C. § 285, entitling Defendants to an award of their reasonable attorneys' fees, expenses and costs in this action.

Respectfully submitted,

FOX ROTHSCHILD LLP

By:    /s/ Francis G.X. Pileggi
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
919 North Market Street, Suite 1300
Wilmington, Delaware 19801
fpileggi@foxrothschild.com
srennie@foxrothschild.com
Phone: (302) 655-3667
Fax: (302) 656-8920

*Attorneys for Defendants Limited Brands,
Inc. and Bath & Body Works, Inc.*

OF COUNSEL:
John F. Ward
David M. Hill
WARD & OLIVO
708 Third Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866

Dated: October 19, 2006

## CERTIFICATE OF SERVICE OF ANSWER

I hereby certify that on October 19, 2006, I electronically filed the foregoing

Answer, Affirmative Defenses and Counterclaims with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:

Melanie K. Sharp
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

E. Anthony Figg
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005


I hereby certify that on October 19, 2006, I have mailed by United States Postal

Service, the foregoing document(s) to the following:

Melanie K. Sharp
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

E. Anthony Figg
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005


                                    /s/ Francis G.X. Pileggi
                              Francis G.X. Pileggi (Del. Bar. ID 2624)