42

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI<br><br>Plaintiffs,<br><br>v.<br><br>LIMITED BRANDS, INC. and BATH & BODY WORKS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-601 (***)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER**

WHEREAS Laboratory Skin Care, Inc., Zahra Mansouri, Limited Brands, Inc. and Bath & Body Works Inc., the parties to this action (collectively the "parties" and individually a "party"), and likely non-party witnesses possess confidential information which may be disclosed in responding to discovery requests or otherwise in this action and which must be protected in order to preserve the legitimate business interests of the parties, and

WHEREAS the parties have, through counsel, stipulated to the entry of this Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Procedure to prevent unnecessary dissemination or disclosure of such confidential information,

IT IS HEREBY ORDERED that:

1.        <u>Definitions</u>

    (a)    The term "Confidential Information" as used in this order includes all information that the designating party believes constitutes or discloses or relates to processes, operations, research, technical or developmental information, production, marketing, sales,

shipments or other proprietary data or information of commercial value, including but not limited to trade secrets. It may include, without limitation, documents produced in this action, during formal discovery or otherwise; information produced by non-parties which the producing or designating party is under an obligation to maintain in confidence; answers to interrogatories and responses to requests for admission or other discovery requests; deposition, hearing or trial transcripts; affidavits, experts' reports, memorandums of law; and tangible things or objects that are designated confidential pursuant to this order. The information contained therein and all copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal, suggest or otherwise disclose such confidential information shall also be deemed "Confidential Information." Information originally designated as confidential pursuant to this agreement ("Confidential Information") shall not retain that status after any ruling by any Court denying such status to it.

(b)     The term "designating party" means the party producing or designating documents or information as Confidential Information under this Order.

(c)     The term "receiving party" shall mean the party to whom Confidential Information is produced.

### Designation of Confidential Information

2.     Each designating party who produces or discloses any material that it believes comprises Confidential Information shall designate the same. In so designating Confidential Information the designating party shall mark any document containing the information "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS'-EYES-ONLY". When documents or things are produced for inspection, the documents or things may be collectively designated as

2

"Confidential" or "Confidential-Attorneys'-Eyes-Only," for purposes of the inspection, by letter or otherwise by marking each document or thing "Confidential" or "Confidential-Attorneys'-Eyes-Only," and such documents or things will be treated as Confidential Information under this Order.

3.   If any Confidential Information is produced by a non-party to this litigation, such a non-party shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order and the parties shall be treated as receiving parties. Confidential Information that originated with a non-party and which is subject to a confidentiality obligation may be designated as "Confidential" or "Confidential-Attorneys'-Eyes-Only" and shall be subject to the restrictions on disclosure specified in Paragraphs 6 and 7.

4.   In the event any designating party produces Confidential Information that has not been designated confidential or not correctly designated, the designating party may designate or redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Protective Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation. No demonstration or proof of error, inadvertence, or excusable neglect by the designating party shall be required for such redesignation. If, prior to receiving such notice, the receiving party has disseminated the Confidential Information to individuals not authorized to receive the Confidential Information hereunder, the receiving party shall make a reasonable effort to retrieve the Confidential Information and to otherwise assure

3

that the unauthorized recipient(s) maintain the confidentiality of the Confidential Information, but shall have no other responsibility or obligation with respect to the information disseminated.

5. A party may only designate information as "Confidential-Attorneys'-Eyes-Only" if the designating party in good faith believes the material is of such a highly sensitive nature that its disclosure could cause commercial or competitive disadvantage or would otherwise cause irreparable harm.

### Disclosure of the Confidential Information

6. Information designated "Confidential" may be disclosed to the following persons:

    A. Outside Counsel of record (including local and trial counsel), partners, associates and employees of outside counsel of record, including any member of the support staff assisting such counsel, and copying services graphics services, data entry and computer support services retained by counsel of record.

    B. Independent consultants or experts and their staff not employed or retained by or affiliated with a party or with a party's licensee or licensor, who have been retained by the attorneys for the parties either as consultants or expert witnesses for the purposes of this litigation, provided such persons have complied with the procedures of Paragraph 10 hereof.

    C. The following persons:

        (a) for the Plaintiffs: Zahra Mansouri

        (b) for the Defendants: Rose Hoyle, Vice President - Technical Product Innovations

4

D.      The Court, its staff and personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing.

E.      Translators not employed by, or affiliated with a party or a party's licensee or licensor and not employed by, or affiliated with any business entity engaged in the pharmaceutical, cosmetic and consumer product businesses, who are retained by the attorneys for the parties for the purposes of this litigation, provided that prior to being given access to any Confidential Information, each such translator reviews and executes a Declaration of Compliance in the form annexed as Exhibit 1.

F.      The list of persons to whom Confidential Information may be disclosed, identified in this Paragraph 6, may be expanded or modified by mutual agreement in writing by counsel for the designating party and the receiving party or parties without necessity of modifying this Order.

G.      As used in this paragraph, the term "attorney" includes persons licensed to practice law generally, patent attorneys or the foreign equivalent thereof.

7.      Information designated as "Confidential-Attorneys'-Eyes-Only" shall be disclosed only to the persons described in Paragraphs 6(A), (B), (D), (E), and as agreed in accordance with Paragraph 6(F).

### Use and Control of the Confidential Information

8.      All Confidential Information disclosed pursuant to this Order shall be used by a recipient thereof solely for the purposes of this litigation, and not for any business or competitive

purposes. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

9. Testimony or information disclosed at a deposition will be automatically treated as Confidential Attorneys' Eyes Only for thirty (30) business days after the deposition is concluded (the "Designation Period"). Alternatively, testimony or information disclosed at a deposition may be designated by a producing party as Confidential-Attorneys Eyes Only by indicating on the record at the deposition the specific testimony which contains Confidential-Attorneys Eyes Only information. In the event that a producing party wishes the Confidential Attorneys' Eyes Only designation to attach to specific testimony beyond the Designation Period, the producing party may designate testimony or information disclosed at a deposition as Confidential-Attorneys Eyes Only by notifying all parties, in writing, within the Designation Period, of the specific pages and lines of the transcript that are to be designated Confidential-Attorneys Eyes Only. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Whether or not designation is made at the time of a deposition or during the Designation Period, all depositions shall be treated as having been designated as Confidential Information at the conclusion of the Designation Period.

The parties agree that the attendance of a party or a corporate representative at depositions is governed by the Federal Rule of Civil Procedure and controlling case law. Furthermore, the parties agree to use reasonable efforts to ensure that their attendance at depositions does not impede the progress of the proceedings. These efforts shall include, where appropriate, voluntarily exiting depositions at the request of counsel for the party producing the

witness, if counsel believes that a discussion of "Confidential Attorneys' Eyes Only" material is imminent, for the duration of such Confidential Attorneys' Eyes Only testimony. The parties further agree that the time it takes for a party to enter and exit a deposition under these circumstances will count toward the total time allotted for the deposition.

10. All Confidential Information that is filed with the Court, and any pleadings, motions, memorandums of law, affidavits, expert reports or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal by the filing party with the Clerk of the Court in an envelope marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL" and kept under seal until further order of the Court. All public versions shall be redacated in black line. Where practicable, only confidential portions of filings with the Court shall be filed under seal.

11. (a) No person designated in accordance with Paragraphs 6(B) or 6(E) of Paragraph 6 hereof shall have access to Confidential Information without first signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto). A file of all such original declarations shall be maintained by counsel for the party obtaining them.

(b) Before any person may be given access to Confidential Information under Paragraph 6(B) and Paragraph 6(E), the party seeking to provide such access must give a copy of the Declaration referred to in Paragraph 11(a) and written notice (by facsimile or email) to the attorneys for the designating party of the intention to make such disclosure. The notice shall state the name and address of the person to whom disclosure is proposed and include a resume of the background, qualifications and employment or affiliations of such person. The resume

7

should specify prior expert testimony for the past five years. No Confidential Information shall be disclosed to any person listed in Paragraphs 6(B) or 6(E) until after the expiration of ten (10) business days commencing with the receipt by opposing counsel of a copy of the Declaration and resume, provided, however, that if during that ten (10) business day period opposing counsel makes any objection to such disclosure, there shall be no disclosure except by mutual agreement of the parties or further order of the Court.

(c) If an objection to disclosure is made in writing pursuant to Paragraph 11(b), the Parties agree to work together to expeditiously resolve the bases for the objection within ten (10) business days (the "Discussion Period"). If the parties are unable to resolve the bases for the objection during the Discussion Period, the party seeking to prohibit disclosure must notify the Court of the existence of a discovery dispute pursuant to paragraph 3(e) of the Scheduling Order. If the party making the objection does not notify the Court of the dispute within three (3) business days after the expiration of the Discussion Period, then the information may be disclosed without further obligation on the party seeking disclosure. The burden of demonstrating that the information should not be disclosed shall be on the party seeking to prohibit access to the Confidential Information.

12. Nothing herein shall prevent any party from disclosing its own Confidential Information in any manner that it considers appropriate, nor shall counsel for either party be precluded from showing or using Confidential Information obtained from the opposing party during examination, at deposition or trial, of any officer, employee or retained expert of the party who designated the information confidential.

<u>Duration of Order, Objections, Modifications</u>

13. This Protective Order shall remain in force and effect immediately until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the parties hereto. This order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed hereunder.

14. Upon final termination of this action (including all appeals) the receiving party shall, within thirty (30) days of such termination, either return to the designating party or destroy all Confidential Information in its possession. In either event, the receiving party shall specifically describe the materials returned or destroyed and certify their return or destruction, with the exception that outside counsel may retain one copy of the pleadings or other papers filed with the Court or served in the course of the litigation, depositions transcripts, deposition exhibits and the trial record.

15. If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the receiving party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

16. Any receiving party may at any time request that the designating party cancel the "Confidential" or "Confidential-Attorneys'-Eyes-Only" designation with respect to any document, object or item of information. Such request shall be served on counsel for the designating party (by facsimile or email), and shall particularly identify the designated Confidential Information that the receiving party contends is not confidential and the reasons supporting its contention. If, within ten (10) business days from receipt of the request, the

9

designating party does not agree to remove the "Confidential" or "Confidential-Attorneys'-Eyes-Only" designation, then the party contending that such documents or information are not confidential may file a motion to remove such information from the restrictions of this Order. On motion to be relieved from the restrictions of this Order, the burden of demonstrating that the information is confidential shall be on the designating party.

### No Waiver of Privileges

17. Production of documents and things shall not constitute a waiver of confidentiality, privilege or work product as to such documents or any information contained therein so long as the privilege or immunity from discovery is asserted by the designation party in writing. No demonstration or proof of error, inadvertence, or excusable neglect shall be required of the designating party in order for such party to avail itself to the provisions of this paragraph. Such inadvertently produced documents, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents during deposition or at trial, nor shall such documents be shown to anyone who had not already been given access to them subsequent to the request that they be returned, provided, however, that the receiving party may move the Court to compel production of such information, but the motion shall not assert as the ground for production the fact of the inadvertent production.

### Other Remedies

18. Nothing herein shall prevent any party or non-party from seeking additional or different relief from the Court not specified in this Order.

19.  The section titles in this Order are for convenience of organization only, and are not part of, nor are they relevant to the construction of this Order.

### Other Proceedings

20.  By entering into this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Miscellaneous

19.  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

20.  If a party wishes to use Confidential Information at the deposition of any witness not entitled to have access to such Confidential Information (for instance, if Confidential Information may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Information will be used as exhibits during examination) such party shall obtain the consent of the party producing the Confidential Information, in advance where possible, and the failure of the examining attorney to obtain such consent shall be grounds for delaying the deposition or progress of the deposition, without the consent of all persons attending or scheduled to attend the deposition. No consent is necessary if

the witness is the author or recipient of the Confidential Information or if the witness is a current or former employee of the party that produced the Confidential Information. The witness shall abide by the terms of this Protective Order.

21. This Protective Order shall survive the final termination of this action with respect to any retained Confidential Information.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: /s/ Melanie K. Sharp (No. 2501)

Melanie K. Sharp
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681

ROTHWELL FIGG ERNST & MANBECK

By: /s/ C. Nichole Gifford

E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel L. Shores
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
(202) 783-6040

*Attorneys for Plaintiffs*
*Laboratory Skin Care, Inc and Zahra Mansouri*

FOX ROTHSCHILD LLP

By: /s/ Francis G.X. Pileggi
Francis G.X. Pileggi (Del. I.D. 2624)
Sheldon K. Rennie (Del. I.D. 3772)
919 N. Market Street, Suite 1300
Wilmington, DE 19801
Email: fpileggi@foxrothschild.com
Email: srennie@foxrothschild.com
Phone: (302) 655-3667
Fax: (302) 656-8920

WARD & OLIVO

By: /s/ Michael J. Zinna
John F. Ward
David M. Hill
Michael J. Zinna
708 Third Avenue
New York, NY 10017
Email: wardj@wardolivo.com
Email: hilld@wardolivo.com
Email: zinnam@wardolivo.com
Phone: (212) 697-6262
Fax: (212) 972-5866

*Attorneys for Defendants*
*Limited Brands, Inc. and Bath & Body Works, Inc.*

SO ORDERED:

6/25/07

UNITED STATES DISTRICT JUDGE
Magistrate

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIMITED BRANDS, INC. and BATH & BODY WORKS, INC., )<br>)<br>Defendants. ) | Civil Action No. 06-601 (***) |

DECLARATION OF COMPLIANCE

I, _____ do declare and state as follows:

1. I live at _____. I am employed as (state position) _____ by (state name and address of employer) _____.

2. I have read the Protective Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4. Further, I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

14

Executed this _____ day of _____, 2007, at _____.

_____
Signature

15