IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORATORY SKIN CARE, INC. and ZAHRA MANSOURI, | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 06-601 (JJF) |
| | ) | |
| LIMITED BRANDS, INC. and BATH AND BODY WORKS, LLC | ) ) ) | |
| Defendants. | ) ) | |

## RE-NOTICE OF SERVICE OF SUBPOENA

TO:  Francis G.X. Pileggi
Leslie B. Spoltore
Citizens Bank Center, Suite 1300
919 North Market Street
Wilmington, DE 19801-2323

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri ("LSC") are serving a

subpoena directed to Tri Tech Laboratories, Inc., a copy of which is attached hereto as Exhibit A.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
_____

Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6600
kkeller@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

Dated:  May 19, 2008

DB02:6831253.1                                                          065666.1001

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**IN THE LYNCHBURG DIVISION**

| | |
|---|---|
| **LABORATORY SKIN CARE, INC., and** **ZHARA MANSOURI** | **SUBPOENA** **IN A CIVIL CASE** |
| Plaintiffs, | |
| v. | **CASE NO.: 06-00601 (JJF)** **(U.S.D.C. for the District of Delaware)** |
| **LIMITED BRANDS, INC., and BATH &** **BODY WORKS, INC.** | |
| Defendants. | |

TO:    Tri Tech Laboratories, Inc.
       1000 Robbins Road
       Lynchburg, VA 24506

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Schedule A, attached**

| PLACE | DATE AND TIME |
|---|---|
| Huseby & Associates, <br><br> **677 Berkmar Circle, Charlottesville, VA 22901** | **June 10, 2008** **9:00 am** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br><br> *C. Nichole Gifford* <br> C. Nichole Gifford, Counsel for Plaintiffs | DATE <br><br> May 16, 2008 |
|---|---|

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

C. Nichole Gifford, Esq.
Rothwell Figg Ernst & Manbeck, P.C.
1425 K. Street, N.W., Suite 800
Washington DC 20005
(202) 783-6040

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Schedule A**

**Instructions**

1.    **Subpoenaed Items.**    YOU ARE COMMANDED to produce for inspection, copying, testing or sampling all items specified in the "Documents, ESI and Tangible Things Subpoenaed" below in your possession, custody, or control or otherwise known or available to you or to your agents, employees, and representatives at the place, date and time specified in the accompanying subpoena.

2.    **Completeness.**    Each subpoenaed item calls for and requires production of the complete document, electronically stored information ("ESI"), or tangible thing in its entirety, including attachments, without abbreviation, redaction or expurgation.

3.    **Breadth.**    The subpoena for a specific item or for a communication with a specific person shall not be read to narrow the scope of any other subpoena category.

4.    **Compliance.**    If any subpoenaed category cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

5.    **Organization of Items.**    You shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the subpoena.

6.    **ESI.**    You shall produce ESI in the electronic form in which it was created (native format).    You shall produce an e-mail attachment together with the message to which it was attached.    You shall provide reasonable technical support, information on application software, or other reasonable assistance to enable Plaintiffs to use the information.    You shall not convert ESI from the form in which it was created to another form unless Plaintiffs cannot use the ESI in

1

the form in which it was created and request you to convert the form to a form usable by Plaintiffs.

Draft language, editorial comments, and other deleted matter (embedded data or embedded edits) shall not be removed unless it contains privileged information, in which case a claim of privilege shall be made in accordance with Instruction 10, below. Information describing the history, tracking, or management of an electronic file (metadata) shall not be removed unless it contains privileged information, in which case a claim of privilege shall be made in accordance with Instruction 10, below.

You are required to ensure that ESI is preserved in its original native format from the date that the subpoena is served through the end of the present litigation, whether terminated by settlement, dismissal (with or without prejudice) or actual court decision.

7.    **Natural Persons.** References to natural persons include, in addition to the person named, his or her agents, representatives, attorneys, members of his or her immediate family, any partnership of which such person is a member or partner, and any other business entity in which such person has a controlling direct or indirect interest.

8.    **Businesses, legal or governmental entities or associations.** References to businesses, legal or governmental entities or associations, include, in addition to the business, entity or association named, its predecessors, officers, directors, employees, agents, partners, accountants, attorneys, corporate parent, subsidiaries or affiliates.

9.    **Privilege.** Where a claim of privilege is asserted as a basis for not producing a document, ESI, or portion thereof, and such document, ESI, or portion thereof is not provided on the basis of such assertion, (1) you shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's

privilege rule being invoked; and (2) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(i) the type of document or ESI, e.g., letter, e-mail, interoffice memorandum, or notes;

(ii) the general subject matter of the document or ESI;

(iii) the date of the document or ESI; and

(iv) such other information as is sufficient to identify the document or ESI for a subpoena duces tecum, including

(a)    the author of the document or ESI,

(b)    the addressees of the document or ESI, and any other recipients shown therein, and,

(c)    where not apparent, the relationship of the author, addressees, and recipients to each other.

This information shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise agreed upon by the Parties or ordered by the Court.

10.    **Discarded or Destroyed Items.**  In the event that any item subpoenaed has been discarded or destroyed, other than in the ordinary course of business, you shall identify such item and specify (i) the date of its destruction; (ii) the reason for its destruction; (iii) the person authorizing its destruction; and (iv) the custodian of the document immediately preceding its destruction.

11.    **Continuing Effect.**  This subpoena is of continuing effect.  If after such production you become aware of or acquire additional documents, ESI, or tangible things that are

or conjunctively as necessary to bring within the scope of the subpoena all responses that might otherwise be construed to be outside of its scope.

### Documents, ESI, and Tangible Things Subpoenaed

1.    All documents, ESI, and tangible things concerning any communications or meetings with Defendants, including e-mail communications related to any antibacterial lotions or creams that contain triclosan, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

2.    All documents, ESI, and tangible things concerning any contract, agreements or licenses with Defendants related to any antibacterial lotions or creams that contain triclosan, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

3.    All documents, ESI, and tangible things concerning any research, study, or other work you performed, or that was performed at your direction, on behalf of Defendants related to any antibacterial lotions or creams that contain triclosan, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

4.    All documents, ESI, and tangible things concerning the composition, development, ingredients or characteristics of any antibacterial lotions or creams that contain triclosan, that were formulated, developed, manufactured, supplied, or sold on behalf of Defendants, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

5.    All documents, ESI, and tangible things concerning the marketing, advertising or promotion of any antibacterial lotions or creams that contain triclosan on behalf of Defendants, including but not limited to the products that are sold as Bath & Body Works Brand®

Antibacterial Moisturizing Hand Lotion.

6.    All documents, ESI, and tangible things concerning the packaging or labeling of any antibacterial lotions or creams that contain triclosan on behalf of Defendants, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

7.    All documents, ESI, and tangible things concerning the patent in suit.

8.    All documents, ESI, and tangible things that mention, discuss or relate to Laboratory Skin Care or Zahra Mansouri.

9.    All documents, ESI, and tangible things reflecting, concerning or discussing any communication with Laboratory Skin Care or Zahra Mansouri.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on May 19, 2008, I caused to be electronically filed a true and correct copy of the foregoing document, Re-Notice of Service of Subpoena with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis G.X. Pileggi
> Leslie B. Spoltore
> Citizens Bank Center
> Suite 1300
> 919 North Market Street
> Wilmington, DE 19801-2323

I further certify that on May 19, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
> John F. Ward
> David M. Hill
> Ward & Olivo
> 708 Third Avenue
> New York, NY 10017

> */s/ Karen E. Keller*
> _____
> Karen E. Keller (No. 4489)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE  19801
> P.O. Box 391
> Wilmington, Delaware  19899-0391
> (302) 571-6600
> kkeller@ycst.com

3