IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY SKIN CARE, INC. and ZAHRA MANSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> LIMITED BRANDS, INC. and BATH AND BODY WORKS, LLC <br><br> Defendants. | ) ) ) ) ) ) Civil Action No. 06-601 (JJF) ) ) ) ) ) |

## PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 37.1, Plaintiffs, Laboratory Skin Care, Inc. and Zahra Mansouri (collectively "LSC" or "Plaintiffs"), hereby move this Court for an Order compelling Defendants, Limited Brands, Inc. and Bath & Body Works, Inc. ("BBW" or "Defendants") to respond fully to Interrogatory Nos. 2, 3, 8, 9, 10, 11 and 19 and to Produce Documents in Response to Document Requests Nos. 6-9, 21, 23 of Plaintiffs First Set of Document Requests and Request Nos. 1-5 of Plaintiffs Second Set of Document Requests.

The grounds for this motion are set forth in detail in the accompanying memorandum in support of Plaintiffs' Motion to Compel Defendants to Answer Interrogatories and Produce Documents filed concurrently herewith.

In accordance with Local Rule 37.1, a verbatim recitation of each interrogatory, answer to interrogatory, document request, response to document request and objection that is the subject of this motion is set forth below.

## I.    Interrogatories and Answers at Issue in This Motion

INTERROGATORY NO. 2

Provide a list of all BBW anti-bacterial products developed, manufactured, produced or sold by BBW or LBI since June 17, 2003, and identify all persons responsible for the development, manufacture, production and sale of each product.

RESPONSE TO INTERROGATORY NO. 2

The Limited Defendants object to this Interrogatory No. 2 as vague, overly broad and unduly burdensome in that it attempts to obtain information outside the permissible scope of discovery, and as not reasonably calculated to lead to the discovery of admissible information. The Limited Defendants object to this interrogatory to the extent that the definition of the term "anti-bacterial products" is overly broad. The patent-in-suit does not cover all anti-bacterial products. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. The Limited Defendants further object to this interrogatory to the extent that it seeks information not within the control of the Limited Defendants. Subject to the foregoing specific objections, and the general objects stated above, the Limited Defendants respond to Interrogatory No. 2 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 2, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 2 can be specifically identified, the Limited Defendants will supplement this response.

FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2

The Limited Defendants incorporate herein the specific objections identified in the Limited Defendants' Original Response. Subject to the foregoing and the general objections referenced above, the Limited Defendants supplement their response to Interrogatory No. 2 as follows:

To the extent that this Interrogatory No. 2 is not duplicative of Interrogatory No. 1, the Limited Defendants identify Tri Tech Laboratories and Thibiant International, Inc. as third parties likely to have knowledge of the manufacture and production of BBW's Anti-Bacterial Moisturizing Lotion.

Pursuant to the agreement reached with Plaintiffs, the Limited Defendants will supplement their response to this Interrogatory No. 2 after Plaintiffs provide a complete list of accused products, if necessary.

Moreover, pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 2, to the extent any such documents exist, which are not immune from

discovery on the basis of the attorney-client or attorney work-product privileges have been produced to Plaintiffs. The Limited Defendants identify at least the following documents: BBW 006098-006497.

### SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 2

The Limited Defendants incorporate herein the specific objections identified in the Limited Defendants' Original Response and First Supplemental Response. Subject to the foregoing and the general objections referenced above, the Limited Defendants supplement their response to Interrogatory No. 2 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 2, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges have been produced to Plaintiffs. The Limited Defendants identify at least the following documents:

BBW 006579-006580, 006611-006612, 006868, 006876, 006886, 006894, 006902-006903, 006914-006915, 006930-006931, 006943-006944, 006953, 006961-006962, 006974, 006981-006982, 006991-006992, 007002, 007011-007012, 007017, 007025, 007027-007035, 008267-008270, 008754, 008756, 008758, 009375, 008760, 0090069, 0099277-0099278, 0099283-0099284.

### INTERROGATORY NO. 3

On a product-by-product basis, provide a list of all ingredients contained in each BBW anti-bacterial product identified in response to Interrogatory No. 2 and identify the function and/or purpose of each individual ingredient.

### RESPONSE TO INTERROGATORY NO. 3

The Limited Defendants object to this Interrogatory No. 3 as overly broad and unduly burdensome in that it attempts to obtain information outside the permissible scope of discovery, and as not reasonably calculated to lead to the discovery of admissible information. The Limited Defendants object to this interrogatory to the extent that the definition of the term "anti-bacterial products" is overly broad. The patent-in-suit does not cover all anti-bacterial products. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. The Limited Defendants further object to this interrogatory to the extent that it seeks information not within the control of the Limited Defendants. Further, the Limited Defendants object to this interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. Subject to the foregoing specific objections, and the general objects stated above, the Limited Defendants respond to Interrogatory No. 3 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 3, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 3 can be specifically identified, the Limited Defendants will supplement this response.

### FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3

The Limited Defendants incorporate herein the specific objections identified in the Limited Defendants' Original Response. Subject to the foregoing and the general objections referenced above, the Limited Defendants supplement their response to Interrogatory No. 3 as follows:

The Limited Defendants are not aware of the function and/or purpose of each individual ingredient of any of their anti-bacterial products. The Limited Defendants do not manufacture any of the anti-bacterial products.

Pursuant to the agreement reached with Plaintiffs, the Limited Defendants will supplement their response to this Interrogatory No. 3 after Plaintiffs provide a complete list of accused products, if necessary.

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 3, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges have been produced to Plaintiffs. The Limited Defendants identify at least the following documents: BBW 006098-006497.

### SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 3

The Limited Defendants incorporate herein the specific objections identified in the Limited Defendants' Original Response and First Supplemental Response. Subject to the foregoing and the general objections referenced above, the Limited Defendants supplement their response to Interrogatory No. 3 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 3, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges have been produced to Plaintiffs. The Limited Defendants identify at least the following documents:

BBW 006579-006580, 006611-006612, 006868, 006876, 006886, 006894, 006902-006903, 006914-006915, 006930-006931, 006943-006944, 006953, 006961-006962, 006974, 006981-006982, 006991-006992, 007002, 007011-007012, 007017, 007025, 007027-007035, 008267-008270, 008754, 008756, 008758, 009375, 008760, 0090069, 0099277-0099278, 0099283-0099284.

INTERROGATORY NO. 8

Identify all persons who have knowledge of or who have reviewed any written or oral opinions of legal counsel provided to or received by BBW or LBI concerning the '516 patent.

RESPONSE TO INTERROGATORY NO. 8

The Limited Defendants object to this Interrogatory as premature. The Limited Defendants also object to this Interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. Subject to the foregoing specific objections, and the general objects stated above, the Limited Defendants respond to Interrogatory No. 8 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 8, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 8 can be specifically identified, the Limited Defendants will supplement this response.

INTERROGATORY NO. 9

Identify all opinions of counsel provided to BBW or LBI prepared for BBW or LBI concerning the '516 patent, including the date of such opinion, whether it was written or oral, the provider and recipient, and state whether BBW or LBI intends to rely on any such opinions of counsel in defending against the allegation that BBW and LBI have willfully infringed the '516 patent.

RESPONSE TO INTERROGATORY NO. 9

The Limited Defendants object to this Interrogatory No. 9 as premature. The Limited Defendants further object to this Interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. Subject to the foregoing specific objections, and the general objects stated above, the Limited Defendants respond to Interrogatory No. 9 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 9, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 9 can be specifically identified, the Limited Defendants will supplement this response.

INTERROGATORY NO. 10

For each claim of the '516 patent, explain in detail which claim limitations, if any, you allege are not met by each of the BBW anti-bacterial products identified in response to Interrogatory No. 2. For each element that you contend is the basis for or supports your non-infringement position, explain in detail your construction of that claim element as used in the claims and provide a detailed explanation of why you believe the claim elements are not present in the BBW anti-bacterial product.

RESPONSE TO INTERROGATORY NO. 10

The Limited Defendants object to this Interrogatory No. 10 as overly broad and unduly burdensome in that it attempts to obtain information outside the permissible scope of discovery, and as not reasonably calculated to lead to the discovery of admissible information. The Limited Defendants object to this interrogatory to the extent that the definition of the term "anti-bacterial products" is overly broad. The patent-in-suit does not cover all anti-bacterial products. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. The Limited Defendants further object to this interrogatory are premature. Discovery in this case has only just begun and the Limited Defendants have not yet received Plaintiffs' infringement contentions. These objections not withstanding, the Limited Defendants understand their obligation under Paragraphs 3(d) and 11 of the Scheduling Order in this case, the Federal Rules of Civil Procedure and the Local Rules of this Court. Subject to the foregoing specific objections, and the general objects stated above, the Limited Defendants respond to Interrogatory No. 10 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 10, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 10 can be specifically identified, the Limited Defendants will supplement this response.

INTERROGATORY NO. 19

On a year-by-year basis, since June 17, 2003, state how much revenue has been received and how much profit has been earned by BBW and/or LBI for each of the BBW anti-bacterial products developed, manufactured, produced, sold or used by BBW and/or LBI, including but not limited to the Warm Vanilla Sugar™ and Coconut Lime Verbena products.

RESPONSE TO INTERROGATORY NO. 19

The Limited Defendants object to this Interrogatory No. 19 as overly broad and unduly burdensome in that it attempts to obtain information outside the permissible scope of discovery, and as not reasonably calculated to lead to the discovery of admissible information. The

Limited Defendants further object to this interrogatory to the extent that the definition of the term "anti-bacterial products" is overly broad. The patent-in-suit does not cover all anti-bacterial products. Subject to the foregoing specific objections, and the general objects stated above, the Limited Defendants respond to Interrogatory No. 19 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 19, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 19 can be specifically identified, the Limited Defendants will supplement this response.

## II.    Plaintiffs' First Set of Document Requests and Responses at Issue in this Motion

### DOCUMENT REQUEST NO. 6

All documents relating to any communications between BBW and LSC or Ms. Mansouri.

### RESPONSE TO DOCUMENT REQUEST NO. 6

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants also object to this Request to the extent it is duplicative of Request No. 9. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

### DOCUMENT REQUEST NO. 7

All documents relating to any communications between LBI and LSC or Ms. Mansouri.

### RESPONSE TO DOCUMENT REQUEST NO. 7

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants also object to this Request to the extent it is duplicative of Request No. 9. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

DOCUMENT REQUEST NO. 8

All documents relating to communications between BBW or LSC and any company or individual concerning the '516 patent, LSC or Ms. Mansouri.

RESPONSE TO DOCUMENT REQUEST NO. 8

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants further object to this Request to the extent that it seeks production of documents from an entity not within control of the Limited Defendants. The Limited Defendants further object to this Request to the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested  Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

DOCUMENT REQUEST NO. 9

All documents concerning LSC or Ms. Mansouri.

RESPONSE TO DOCUMENT REQUEST NO. 9

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants further object to this Request to the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested  Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

DOCUMENT REQUEST NO. 21

The most current organizational chart of BBW and LBI.

RESPONSE TO DOCUMENT REQUEST NO. 21

Subject to the foregoing specific objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit , to the extent that any such documents may exist.

DOCUMENT REQUEST NO. 23

All documents relating to any patent application by defendants concerning anti-bacterial products containing Triclosan.

RESPONSE TO DOCUMENT REQUEST NO. 23

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants also object to this Request to the extent that information falling within the scope of the attorney-client or attorney work-product privileges is requested  Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

III.   **Plaintiffs' Second Set of Document Requests and Responses at Issue in this Motion**

DOCUMENT REQUEST NO. 1

All contracts or agreements with any third party related to the development, manufacture, supply, distribution or sale of each product accused of infringement.

RESPONSE TO DOCUMENT REQUEST NO. 1

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants' response is limited to the accused products identified in the claim charts of Plaintiff's Second Supplemental Responses to Defendants' Interrogatories (No. 6). The Limited Defendants further object to this Request to the extent that it seeks the production of documents from an entity not within the control of the Limited Defendants. Subject to the foregoing specific objections, and the general objections referenced above, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

DOCUMENT REQUEST NO. 2

All documents constituting, referring or relating to any communication to, from or regarding any third party involved in the development, manufacture, supply, distribution or sale of each product accused of infringement.

RESPONSE TO DOCUMENT REQUEST NO. 2

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants' response is limited to the accused products identified in the claim charts of Plaintiff's Second Supplemental Responses to Defendants' Interrogatories (No. 6). The Limited Defendants further object to this Request to the extent that it seeks the production of documents from an entity not within the control of the Limited Defendants. Subject to the foregoing specific objections, and the general objections referenced above, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

DOCUMENT REQUEST NO. 3

All documents constituting, referring or relating to the labeling, product packaging or product containers for each product accused of infringement.

RESPONSE TO DOCUMENT REQUEST NO. 3

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants' response is limited to the accused products identified in the claim charts of Plaintiff's Second Supplemental Responses to Defendants' Interrogatories (No. 6). The Limited Defendants further object to this Request to the extent that it seeks the production of documents from an entity not within the control of the Limited Defendants. Subject to the foregoing specific objections, and the general objections referenced above, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

DOCUMENT REQUEST NO. 4

A copy of the actual product label for each individual product identified in documents produced at BBW 006108-198 and BBW 006357-65.

RESPONSE TO DOCUMENT REQUEST NO. 4

The Limited Defendants object to this Request as overly burdensome and oppressive. Plaintiffs already have most, if not all, of the requested labels based on the pre-filing investigation they were required to conduct in accordance with Rule 11 of the Federal Rules of Civil Procedure prior to filing their Complaint in this action. Subject to the foregoing specific objections, and the general objections referenced above, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the

subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

DOCUMENT REQUEST NO. 5

A copy of the actual product label for any non-solid triclosan containing products in the Murad, Ahava, CO Bigelo and Patricia Wexler product lines sold by BBW.

RESPONSE TO DOCUMENT REQUEST NO. 5

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants further object to this Request to the extent that it seeks the production of documents from an entity not within the control of the Limited Defendants. Plaintiffs should already have most, if not all, of the requested labels based on the pre-filing investigation they were required to conduct in accordance with Rule 11 of the Federal Rules of Civil Procedure prior to filing their Complaint in this action. Subject to the foregoing specific objections, and the general objections referenced above, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6600
msharp@ycst.com
kkeller@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

Dated: May 29, 2008

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on May 29, 2008, I caused to be electronically filed a true and correct copy of the foregoing document, Plaintiffs' Motion to Compel Defendants to Answer Interrogatories and Produce Doucments with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis G.X. Pileggi
>Leslie B. Spoltore
>Citizens Bank Center
>Suite 1300
>919 North Market Street
>Wilmington, DE 19801-2323

I further certify that on May 29, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>**BY E-MAIL**
>John F. Ward
>David M. Hill
>Ward & Olivo
>708 Third Avenue
>New York, NY 10017

>/s/ Karen E. Keller

>Karen E. Keller (No. 4489)
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building, 17th Floor
>1000 West Street
>Wilmington, DE 19801
>
>P.O. Box 391
>Wilmington, Delaware 19899-0391
>(302) 571-6600
>kkeller@ycst.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORATORY SKIN CARE, INC. and<br>ZAHRA MANSOURI,<br><br>      Plaintiffs,<br>  v.<br><br>LIMITED BRANDS, INC. and<br>BATH AND BODY WORKS, LLC<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-601 (JJF) |

### [PROPOSED] ORDER

At Wilmington, this ___ day of _____, 2008, the Court having considered the parties' arguments regarding Plaintiffs' Motion to Compel Defendants to Answer Interrogatories and Produce Documents;

IT IS HEREBY ORDERED that this motion is GRANTED.

                  _____
                    United States District Judge