IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LABORATORY SKIN CARE, INC. and )
ZAHRA MANSOURI, )
                         )
              Plaintiffs, )
                         )
          v. )  Civil Action No. 06-601 (JJF)
                         )
LIMITED BRANDS, INC. and )  Public Version
BATH AND BODY WORKS, LLC )  Confidential Material Omitted
                         )
             Defendants. )

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANTS TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 37.1, Plaintiffs,

Laboratory Skin Care, Inc. and Zahra Mansouri (collectively "LSC"), respectfully submit this

memorandum in support of their motion to compel Defendants, Limited Brands, Inc. and Bath &

Body Works, Inc. (collectively "BBW") to respond fully to Interrogatory Nos. 2, 3, 8, 9, 10 and

19 and to Produce Documents in Response to Document Requests Nos. 6-9, 21, and 23 of

Plaintiffs First Set of Document Requests and Request Nos. 1-5 of Plaintiffs Second Set of

Document Requests.

## INTRODUCTION

Discovery has been ongoing in this case for well over a year, and less than two weeks

remain before depositions begin. However, BBW has not yet provided such highly critical

information as: 1) its non-infringement contentions; 2) whether it intends to rely on an advice-

of-counsel defense; 3) basic information about the accused products such as the function and

purpose of the ingredients; 4) recent sales data; or 5) the identity of BBW employees involved in

                                                        

the development, manufacture, production and sale of each product. LSC has requested this information from BBW numerous times, to no avail.

LSC served its First Set of Interrogatories on February 28, 2007, approximately 15 months ago. BBW served its responses on March 30, 2007 but failed to provide a substantive response to the majority of LSC's Interrogatories. (*See* Exhs. 1 and 2, respectively). LSC attempted to resolve these deficiencies through numerous letters and a meet and confer.[1] After the meet and confer, BBW twice supplemented some of its responses, however, BBW still has not provided basic information about many of its products or its non-infringement defense. (*See* Exhs. 11 and 12, respectively).

BBW has also failed to produce documents responsive to several categories identified in LSC's First Set of Document Requests, and with less than two weeks remaining for document production, BBW has not produced <u>any documents</u> in response to LSC's Second Set of Document requests that were served on March 11th, 2008. LSC wrote to BBW several times regarding the deficiencies in its document production, and requested a meet and confer.[2] However, LSC's letters were virtually ignored.

---

[1]    LSC's counsel first wrote to BBW's counsel regarding the deficiencies in BBW's Interrogatory Responses on April 16, 2007. (*See* Ex. 3). When no response was forthcoming, LSC's counsel wrote a second letter to BBW's counsel on July 13, 2007. (*See* Ex. 4). BBW's counsel responded for the first time on July 30th, 2007 addressing some of the issues raised by LSC and indicating that Bates numbers would be supplied for those interrogatory responses that relied on Rule 33(d). (*See* Ex. 5). When BBW's document production was allegedly complete, LSC's counsel wrote two more letters to BBW regarding the outstanding issues with its interrogatory responses on January 23, 2008 and February 8, 2008. (*See* Exhs. 6 and 7). BBW's counsel responded in writing on February 12th (*See* Ex. 8), and the parties conferred regarding BBW's Interrogatory Responses on February 14, 2008. The discussion and agreements reached during the conference were summarized in a letter from LSC's counsel that afternoon. (*See* Ex. 9). After reviewing the February 14th letter, BBW's counsel clarified BBW's position regarding Interrogatory No. 3 in an e-mail. (*See* Ex. 10).

[2]    *See* Section II below.

This matter is urgent because depositions will begin in the very near future.  Under the current schedule, depositions may commence on June 12th.

I.    **BBW's Interrogatory Responses are Insufficient**

  A.    BBW Is Withholding Basic Information About Its Products

LSC Plaintiffs own and control U.S. Patent No. 6,579,516 ("the '516 patent"). The '516

patent claims a moisturizing composition in the form of an antimicrobial lotion containing, *inter*

*alia*, the ingredient triclosan. *See* Exhibit A to Complaint (D.I. 1) at Col. 14, lines 8-20. The

'516 patent contains additional claims directed to a method of moisturizing the skin and killing

germs using such a lotion. *Id.* at Col. 15, lines 16-30. Plaintiffs have asserted that the Bath &

Body Works® brand Antibacterial Moisturizing Hand Lotion line of products sold by BBW (in

various scents, colors and sizes) infringe several claims of LSC's patent. However, BBW also

sells numerous other triclosan-containing, moisturizing skin care products that may also infringe

the '516 patent. To ensure that LSC is able to include all infringing products sold by BBW in

this litigation, LSC served interrogatories seeking basic information about BBW's antibacterial

products. More specifically, Interrogatory No. 2 requests that BBW:

> *Provide a list of all BBW anti-bacterial products developed, manufactured, produced or sold by [Defendants] since June 17, 2003, and identify all persons responsible for the development, manufacture, production and sale of each product.*

Interrogatory No. 3 further requests that BBW:

> *On a product-by-product basis, provide a list of all ingredients contained in each BBW anti-bacterial product identified in response to Interrogatory No. 2 and identify the function and purpose of each individual ingredient.*

Instead of providing a list of products and its ingredients as requested by these

interrogatories, BBW opted to rely on documents produced during litigation, pursuant to Fed. R.

Civ. Proc. 33(d). LSC's counsel objected to BBW's reliance on Rule 33(d) for these responses.

*See* Ex. 6. Reference to Rule 33(d) is only appropriate where "the burden of deriving or

ascertaining the answer [to the interrogatory]" is substantially the same for the party serving the

interrogatory as for the party served with it. *See* FED. R. CIV. PROC. 33(d) (2007). "If the propounding party would be more burdened, the responding party cannot invoke the rule, and must instead obtain the information itself and answer the interrogatory." *See* MOORE'S FEDERAL PRACTICE §33.105 (2007).

However, after months of correspondence and a meet and confer, BBW's counsel represented that BBW had produced formula sheets for all liquid (non-solid) products sold by BBW that either contain triclosan or are marketed as antibacterial products, and that BBW was relying on these documents in response to Interrogatory Nos. 2 and 3. *(See* Exhs. 8, 9, and 11).

Thus, LSC was led to believe that BBW had produced and relied on formula sheets identifying the ingredients in all potentially infringing products.[3] However, upon further review, it became apparent that the documents relied on by BBW in response to Interrogatory Nos. 2 and 3 are deficient because many of the formula sheets are in an abbreviated format that does not identify each of the individual ingredients in the products. *(See e.g.,* Ex.13, filed under seal). These abbreviated formula sheets simply refer to an "antibacterial lotion base" in combination with fragrances and colors. *Id.*

**REDACTED**

---

[3]    LSC also believes that the set of documents identified by BBW in response to Interrogatory Nos. 2 and 3 is incomplete because it does not provide information regarding all potentially infringing products (non-solid triclosan containing products) sold by BBW. Indeed, LSC has independently identified several additional potentially infringing non-solid triclosan-containing product lines manufactured by third-parties and sold by BBW for which no information has been produced or identified in BBW's responses to Interrogatory Nos. 2 and 3. These other product lines include non-solid triclosan products from the Ahava, C.O. Bigelow, Patricia Wexler M.D. and Murad product lines. LSC has reserved the right to assert infringement of these products when such information is provided.

**REDACTED**

LSC has written several letters to BBW addressing the problems with the formula sheets.[5] In response, BBW has taken the position that Plaintiffs should be able to go to the store and look at product labels to obtain the information requested. (*See* Ex. 16). BBW's position is ridiculous. LSC should not be put to the burden and expense of going to every BBW store in the country to try to locate information that should have been provided in BBW's interrogatory response. Moreover, even if LSC attempted to locate these products in the BBW stores, the formula sheets relied on by BBW do not identify the complete name of the corresponding commercial products. LSC has requested copies of product labels for each of the products identified in the formula sheets relied on by BBW in response to Interrogatory No. 2, but as discussed below in Section II, BBW has not produced these documents. LSC should not be left to guess which of the hundreds of products sold by BBW are the specific products referred to in the formula sheets relied on by BBW in response to LSC's Interrogatories.

BBW's response to Interrogatory No. 2 is incomplete for the separate and independent reason that it does not identify *"all persons responsible for the development, manufacture,*

---

[4]    In correspondence, BBW identified a document which it represented contained the ingredients of the antibacterial lotion base. (*See* Ex. 20). However, this document (*See* Ex. 21, filed under seal) is not a formula sheet, and does not provide amounts of ingredients. Furthermore, this document does not provide the information requested for each of the individual products for which an abbreviated formula sheet was produced including numerous sorts of foot lotion and hand lotion.

[5]    The day after the meet and confer, LSC wrote to BBW addressing these issues. (*See* Ex. 14). When no response was forthcoming, LSC raised these same issues in another letter to BBW on March 3, 2008. (*See* Ex. 15). In response, BBW asserted that in conjunction with the formula sheets, LSC should be able to identify all of the infringing products by reviewing the BBW website or "walk[ing] into any BBW store in the country to review the ingredient lists on the back of our clients' products." (*See* Ex. 16). The parties continued to correspond about these issues, but BBW did not provide any additional information or documents about the missing

*production and sale of each product"* as requested.[6] LSC raised this issue with BBW in writing and during the meet and confer. (*See* Exhs. 3, 6 and 9). In response, BBW supplemented its response to Interrogatory No. 2, to identify two third-party contract manufacturers as persons likely to have knowledge of the manufacturing and production of the antibacterial lotion accused of infringement. (*See* Ex. 11) However, BBW has not identified <u>each of the BBW employees</u> involved in the development, manufacture, production or sale of the product as requested. LSC is limited to 10 depositions in this case and should not have to waste a deposition trying to find out the identity of individuals having basic knowledge about BBW's products. Nor should LSC have to take discovery of third parties if BBW employees have access to such information. Therefore, LSC is seeking the Court's assistance to resolve this issue.

BBW's responses to Interrogatory No. 3 is also incomplete because it does not identify *"the function and purpose of each individual ingredient"* as requested. LSC also raised this issue with BBW in writing and during the meet and confer. (*See* Exhs. 3, 6 and 9). In response, BBW has taken the position that because the antibacterial products are manufactured on behalf of BBW by a contract manufacturer (or for non-BBW brand products, by independent third-parties) BBW itself does not have information about the function or purpose of the ingredients as sought by Interrogatory No. 3. (*See* Exhs. 10 and 18). Even if information lies in the hands of such third parties, BBW has a relationship with these manufacturers that would enable them to obtain information without going to the burden and expense of a third-party deposition or subpoena. Furthermore, LSC is entitled to know what <u>BBW's position is</u> regarding the function and

---

products or ingredients. (*See* Exhs. 17-20). Finally, on March 24th, LSC informed BBW that a motion to compel would be necessary if BBW continued to refuse LSC's requests. (*See* Ex. 22).

[6] In response to Interrogatory No. 1, BBW identified one person who has knowledge regarding the development of the antibacterial hand lotion.

purpose of the ingredients contained in the accused products before expert discovery, even if BBW has to get that information from a third party.

In summary, BBW should not be allowed to manipulate Rule 33(d) so as to avoid discovery. LSC respectfully requests that the Court order BBW to provide complete substantive responses to Interrogatory Nos. 2 and 3. Such information is necessary to enable LSC to identify any other infringing products sold by BBW with certainty prior to the commencement of depositions.

B.    LSC Is Entitled To BBW's Non-Infringement Contentions

LSC's Interrogatory No. 10 seeks BBW's non-infringement contentions. More specifically, Interrogatory No. 10 requests that:

> For each claim of the '516 patent, explain in detail which claim limitations, if any, you allege are not met by each of the BBW anti-bacterial products identified in response to Interrogatory No. 2. For each element that you contend is the basis for or supports your non-infringement position, explain in detail your construction of that claim element as used in the claim and provide a detailed explanation of why you believe the claim elements are not present in the BBW anti-bacterial product.

BBW did not provide a substantive response to Interrogatory No. 10, but rather relied on Rule 33(d). Furthermore, BBW has not identified any documents that it is relying on in response to Interrogatory No. 10. LSC addressed BBW's failure to respond to Interrogatory No. 10 in correspondence (*see* Exhs. 3 and 6) and during the meet and confer. (*See* Ex. 9).

During the meet and confer, BBW agreed that it would provide non-infringement contentions to LSC by March 17th. At that time, the parties also agreed that lists of claim terms that require construction and proposed claim constructions would be exchanged pursuant to the scheduling order. *Id.*

To date, BBW has not provided its non-infringement contentions for any product at issue in this case. This is true for all products, even for the antibacterial hand lotion for which LSC provided infringement contentions well over a year ago.[7] LSC is entitled to know what non-infringement theories BBW is asserting, and BBW has not even attempted to provide a substantive response to Interrogatory No 10. LSC respectfully requests that the Court order BBW to provide a substantive response to Interrogatory 10.

C.    BBW Has Not Indicated Whether It Intends to Assert An Advice of Counsel Defense

Interrogatory Nos. 8 and 9 seek information related to BBW's decision whether to assert an advice of counsel defense. Interrogatory No. 9 requests that BBW:

> *Identify all opinions of counsel provided to BBW or LBI prepared for BBW or LBI concerning the '516 patent, including the date of such opinion, whether it was written or oral, the provider and recipient, and state whether BBW or LBI intends to rely on any such opinions of counsel in defending against the allegation that BBW and LBI have willfully infringed the '516 patent.*

Interrogatory No. 8 further requests that BBW:

> *Identify all persons who have knowledge of or who have reviewed any written or oral opinions of legal counsel provided to or received by BBW or LBI concerning the '516 patent.*

---

[7]    LSC provided preliminary infringement contentions to BBW in Response to Interrogatory No. 6 on March 6th, 2007. During the meet and confer on February 14th, LSC agreed to supplement Interrogatory No. 6 to provide more detailed infringement contentions for the antibacterial moisturizing hand lotion. LSC also agreed to review the formula sheets relied on by BBW in response to Interrogatory Nos. 2 and 3 and provide infringement contentions for any additional products accused of infringement by March 17th. LSC complied with this agreement and provided a supplemental response to BBW on March 3rd (*See* Exhs. 9 and 19). LSC also reviewed the formula sheets and eliminated 14 of the 17 cited products lines identified in the formula sheets from the case. (*See* Ex. 15). However, LSC also identified three product lines for which additional information was needed from BBW. LSC cannot provide infringement contentions for the other products that remain at issue because BBW has not provided the information requested about these products. It is BBW's failure to provide such information that necessitated the need for this motion.

BBW has not provided a substantive response to Interrogatory Nos. 8 and 9 and has not identified any documents that it is relying on under Rule 33(d). LSC addressed BBW's failure to substantively respond to Interrogatory Nos. 8 and 9 in correspondence (*see* Exhs. 3 and 6) and during the meet and confer on February 14th. (*See* Ex. 9). During the meet and confer, the parties agree that there should be a date certain by which BBW would indicate whether it intends to rely on an advice of counsel defense. *Id.*

If BBW intends to assert such a defense, LSC needs time to conduct discovery on this issue. LSC requested that BBW provide this information by March 11th, and BBW simply never responded. (*See* Ex. 9). LSC wrote to BBW about its failure to respond again on March 24th. (*See* Ex. 22). Again, LSC's letter went unanswered. LSC requests that the Court set a date by which BBW must advise LSC whether it intends to rely on an advice of counsel defense, and that LSC be given at least 45 days after that date during which to conduct discovery on that issue if BBW asserts such a defense.

### D.    LSC Is Entitled to Sales Data for the Accused Product

Interrogatory No. 19 requests that BBW:

> On a year-by-year basis, since June 17, 2003, state how much revenue has been received and how much profit has been earned by BBW and/or LBI for each of the BBW anti-bacterial products developed, manufactured, produced, sold or used by BBW and/or LBI, including but not limited to the Warm Vanilla Sugar™ and Coconut Lime Verbena products.

The documents identified by BBW in response to Interrogatory No. 19 provide revenue, unit sales and costs information for numerous products from June 2003 through December 2006. However, the sales documents produced by BBW use abbreviations for products that are unfamiliar to LSC and are prone to misinterpretation because they identify several different categories of Antibacterial Lotion. **REDACTED**

**REDACTED** Furthermore, LSC is unable to determine simply by reviewing the information cited by BBW in response to LSC's Interrogatories, which of the products identified on the sales and revenue data identified in response to Interrogatory No. 19 correspond to the products identified in formula sheets cited by BBW in response to Interrogatory Nos. 2 and 3 because none of the document identify the products by the names used on the commercial products sold in the stores.

Additionally, none of the documents identified by BBW in response to Interrogatory No. 19 provide the information sought therein for the time period from January 2007 to the present. LSC raised both of these issues in correspondence with BBW but received no response. (*See* Exhs. 22 and 23).

The information sought by Interrogatory No. 19, is important for LSC's damages calculations. Moreover, LSC believes that the information sought by Interrogatory No. 19 is the type of information that should be readily accessible to BBW in a form that is easy to read and interpret for the specific products at issue. LSC requests that the Court order BBW to provide information responsive to Interrogatory No. 19 for the entire period from June 2003 to the present for each product accused of infringement in an easily readable format that is not prone to misinterpretation.

## II. BBW's Document Production is Incomplete

LSC served its First Set of Document Requests on Defendants on January 30, 2007 and BBW served formal responses on March 1, 2007. (*See* Exhs 24 and 25). Document production was conducted on a rolling basis, and BBW indicated that its document production was complete on December 31, 2007. (*See* Ex. 26).

BBW has failed to produce documents responsive to several of LSC's requests. More specifically, BBW has not produced: (1) documents relating to communications between LSC and BBW; (2) documents concerning patent applications filed by BBW for antibacterial products containing triclosan; (3) or any organizational charts. Such documents are responsive to LSC's Document Request Nos. 6-9, 21, 23 of its First Set of Document Requests.

LSC has attempted to resolve its concerns regarding documents missing from BBW's production through correspondence and a request for a meet and confer. However, BBW did not respond to LSC's letters and did not make themselves available for a meet and confer as requested. LSC first wrote to BBW regarding the deficiencies in its document production on February 21, 2008. (*See* Ex. 27). BBW did not respond to LSC's letter regarding these document deficiencies. When more than a month had passed with no response, LSC again wrote to BBW. (*See* Ex. 22). Again, LSC's letter went unanswered.

LSC served its Second Set of Document requests to Defendants on March 11, 2008, and BBW provided formal responses on April 10th. (*See* Exhs. 28 and 29, respectively). LSC's Second Set of Document Requests seeks the following categories of documents, many of which have been discussed above in Section I:

1. All contracts or agreements with any third party related to the development, manufacture, supply, distribution or sale of each product accused of infringement.

2. All documents constituting, referring or relating to any communication to, from or regarding any third party involved in the development, manufacture, supply, distribution or sale of each product accused of infringement.

3. All documents constituting, referring or relating to the labeling, product packaging or product containers for each product accused of infringement.

4. A copy of the actual product label for each individual product identified in documents produced at BBW 006108-198 and BBW 006357-65 (selected formula sheets).

5.      A copy of the actual product label for any non-solid triclosan containing products in the Murad, Ahava, CO Bigelow and Patricia Wexler product lines sold by BBW.

To date, BBW has not produced a single document in response to LSC's Second Set of Document Requests. Under the current schedule, all document production must be completed by June 11th, and BBW should have produced documents responsive to LSC's Second Set of Document Requests in April. BBW has offered no explanation for its failure to respond to these requests in a timely manner and it should not be allowed to wait until the very last day to do so.

In a final attempt to resolve BBW's document production issues without intervention from the Court, LSC wrote to BBW on May 9th requesting a meet and confer. (*See* Ex. 30). BBW's counsel sent an e-mail to LSC's counsel, indicating that he was not available for a meet and confer anytime during the week of May 12th, but would address LSC's letter upon his return. (*See* Ex. 31). More than two weeks later, BBW still has not responded to LSC's May 9th letter. As a result, LSC was forced to file this motion. LSC respectfully requests that the Court enter an Order requiring BBW to produce documents responsive to each of the Document Requests identified in this motion.

## CONCLUSION

For the reasons set forth above, LSC respectfully request this Court to grant its motion to compel BBW to fully respond to Interrogatory Nos. 2, 3, 8, 9, 10 and 19 and to Produce Documents in Response to Document Requests Nos. 6-9, 21, and 23 of Plaintiffs' First Set of Document Requests and Request Nos. 1-5 of Plaintiffs' Second Set of Document Requests.

## CERTIFICATION PURSUANT TO L.R. 7.1.1

I hereby certify that counsel has contacted Defendant's counsel pursuant to D. Del. L.R.

7.1.1 but at the time of filing this motion have not yet heard back.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6600
msharp@ycst.com
kkeller@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

Dated: May 29, 2008

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on May 29, 2008, I caused to be electronically filed a true and correct copy of the foregoing document, Plaintiffs' Memorandum in Support of its Motion to Compel Defendants to Answer Interrogatories and Produce Documents with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis G.X. Pileggi
> Leslie B. Spoltore
> Citizens Bank Center
> Suite 1300
> 919 North Market Street
> Wilmington, DE 19801-2323

I further certify that on May 29, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
> John F. Ward
> David M. Hill
> Ward & Olivo
> 708 Third Avenue
> New York, NY 10017

> Karen E. Keller (No. 4489)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801
>
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-6600
> kkeller@ycst.com

DB02:6850810.1                                                    065666.1001