IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORATORY SKIN CARE, INC. and ZAHRA MANSOURI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-601 (JJF) |
| LIMITED BRANDS, INC. and BATH AND BODY WORKS, LLC | ) ) ) | Public Version Confidential Material Omitted |
| Defendants. | ) ) | |

**APPENDIX OF EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com
kkeller@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

Dated: May 29, 2008

## TABLE OF CONTENTS

DESCRIPTION               EXHIBIT NO.

LSC Plaintiffs' First Set of Interrogatories to BBW Defendants ...........................Exhibit 1

BBW Defendants' Responses and Objections to LSC Plaintiffs
First Set of Interrogatories ....................................................................................Exhibit 2

Letter from C. Nichole Gifford to Michael J. Zinna dated April 16, 2007...............Exhibit 3

Letter from C. Nichole Gifford to Michael J. Zinna dated July 13, 2007 ................Exhibit 4

Letter from David M. Hill to C. Nichole Gifford dated July 30, 2007 .....................Exhibit 5

Letter from C. Nichole Gifford to David M. Hill dated January 23, 2008 ...............Exhibit 6

Letter from C. Nichole Gifford to Michael J. Zinna dated February 8, 2008...........Exhibit 7

Letter from Michael J. Zinna to C. Nichole Gifford dated February 12, 2008..........Exhibit 8

Letter from C. Nichole Gifford to Michael J. Zinna dated February 14, 2008..........Exhibit 9

E-mail from Michael J. Zinna to C. Nichole Gifford dated February 15, 2008 ........Exhibit 10

BBW Defendants' First Supplemental Responses and Objections to LSC
Plaintiffs First Set of Interrogatories....................................................................Exhibit 11

BBW Defendants' Second Supplemental Responses and Objections to LSC
Plaintiffs First Set of Interrogatories....................................................................Exhibit 12

Examples of Abbreviated Formula Sheets for Hand Lotion
and Foot Lotion produced by BBW.......................................................................Exhibit 13

Letter from C. Nichole Gifford to Michael J. Zinna dated February 15, 2008..........Exhibit 14

Letter from C. Nichole Gifford to Michael J. Zinna dated March 3, 2008................Exhibit 15

Letter from Michael J. Zinna to Sharon L. Davis dated March 4, 2008 ...................Exhibit 16

Letter from Sharon Davis to Michael J. Zinna dated March 6, 2008 .......................Exhibit 17

Letter from Michael J. Zinna to C. Nichole Gifford dated March 11, 2008..............Exhibit 18

Letter from Sharon Davis to Michael J. Zinna dated March 11, 2008 .....................Exhibit 19

Letter from Michael J. Zinna to C. Nichole Gifford dated March 12, 2008..............Exhibit 20

BBW 8267, Moisturizing Antibacterial Hand Lotion Ingredient List.......................Exhibit 21

Letter from C. Nichole Gifford to Michael J. Zinna dated March 24, 2008..............Exhibit 22

Letter from C. Nichole Gifford to Michael J. Zinna dated March 12, 2008..............Exhibit 23

LSC Plaintiffs' First Set of Requests for Documents and Things
to BBW Defendants ..........................................................................................Exhibit 24

BBW Defendants' Responses and Objections to LSC Plaintiffs
First Set of Requests for Documents and Things .......................................................Exhibit 25

Letter from Patrick Colsher to Sharon L. Davis dated December 31, 2007 ..............Exhibit 26

Letter from C. Nichole Gifford to Michael J. Zinna dated February 21, 2008..........Exhibit 27

LSC Plaintiffs' Second Set of Requests for Documents
and Things to BBW Defendants ................................................................................Exhibit 28

BBW Defendants' Responses and Objections to LSC Plaintiffs
Second Set of Requests for Documents and Things .................................................Exhibit 29

Letter from C. Nichole Gifford to Michael J. Zinna dated May 9, 2008...................Exhibit 30

E-mail from Michael J. Zinna to C. Nichole Gifford dated May 12, 2008 ..............Exhibit 31

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on May 29, 2008, I caused to be electronically filed a true and correct copy of the foregoing document, Appendix of Exhibits to Plaintiffs' Motion to Compel Defendants to Answer Interrogatories and Produce Documents with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis G.X. Pileggi
> Leslie B. Spoltore
> Citizens Bank Center
> Suite 1300
> 919 North Market Street
> Wilmington, DE 19801-2323

I further certify that on May 29, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
> John F. Ward
> David M. Hill
> Ward & Olivo
> 708 Third Avenue
> New York, NY 10017

> Karen E. Keller (No. 4489)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-6600
> kkeller@ycst.com

# EXHIBIT 1

_128_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LABORATORY SKIN CARE, INC. and          )
ZAHRA MANSOURI                          )
                                        )        Civil Action No. 06-601 (***)
                    Plaintiffs,         )
                                        )
        v.                              )
                                        )
                                        )
LIMITED BRANDS, INC., and BATH &        )
BODY WORKS, INC.                        )
                                        )
                    Defendants          )
                                        )

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Zahra Mansouri

and Laboratory Skin Care®, Inc. ("LSC"), hereby request that defendants Limited Brands, Inc.

("LBI") and Bath and Body Works, Inc. ("BBW") (collectively "Defendants"), within thirty (30)

days from the date of service hereof, serve upon the undersigned counsel for LSC, under oath, to

each of the interrogatories set forth below. These interrogatories should be answered in

accordance with the Instructions and Definitions set forth below.

## INSTRUCTIONS

1.      The term "identify" when used herein shall include:

        A.      When referring to a natural person, his or her full name, present or last

known home and business addresses, and his or her business affiliation during the period to

which the interrogatory response refers and at present (or last known), including the position last

held by that individual;

B.    When used in reference to a business organization or entity, the full legal name, the form of such organization or entity, the name of the jurisdiction under whose laws it was organized, and the address of its principal place of business;

C.    When used in reference to a document:

    i.    the type of document (e.g., letter, memorandum, etc.), and its date;

    ii.    the identity of the person who prepared the document;

    iii.    the date or dates of preparation thereof;

    iv.    the identity of each person who presently has custody, control or possession thereof (and, if any such document was, but is no longer, in your possession or control, state what disposition was made of it and when and why it was disposed of); and

    v.    notwithstanding the foregoing, when an interrogatory asks for the identity of any document, Defendant may, pursuant to Fed. R. Civ. P. 33(d), in lieu of identifying such document, produce a copy of the document together with a statement as to the interrogatory to which it responds.

D.    When used in reference to an act, instance, transaction, occasion, oral discussion, conversation, communication or event, the date upon which and the place it occurred, the identity of each person who participated therein or who was present when it occurred, its substance (i.e., what was said and by whom and/or what transpired) and the identity of each document which, in whole or in part, was the subject of the act or in which it is manifested, referred to or expressed.

2.    The term "person" or "persons" when used herein shall include natural persons, corporations, governmental entities, partnerships, associations, joint ventures, sole proprietorships and academic institutions.  The single and plural forms are used interchangeably.

3.      If all or any part of any interrogatory is objected to as seeking privileged information, or all or any part of any response thereto is withheld under any claim of privilege, for each such objection or claim provide the following information:  the subject matter of the information withheld, the identity of each person possessing said information or to whom such information was communicated, the means by which said information was communicated, the date of the communication and the nature of the privilege asserted to apply to such objection or claim concerning said information.

4.      If any of these interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswered portion.

5.      Pursuant to Fed. R. Civ. P. 26(e), these interrogatories are deemed continuing to the fullest extent permissible and require that Plaintiffs provide all information known to them up to the date of response.  If Defendants subsequently acquires any further information called for in response thereof, Defendants should promptly furnish it in writing and under oath to the undersigned counsel.

## DEFINITIONS

1.      The term "BBW" means defendant Bath and Body Works, Inc. and any of its divisions, departments, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of BBW, its divisions, departments, subsidiaries, affiliates, or predecessors.

2.      The term "LBI" means defendant Limited Brands, Inc. and any of its divisions, departments, subsidiaries, affiliates or predecessors, and any present or former officer, director,

employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of LBI, its divisions, departments, subsidiaries, affiliates, or predecessors.

3.    "Ms. Mansouri" shall mean plaintiff Zahra Mansouri.

4.    "LSC" shall mean Laboratory Skin Care®, Inc. ("LSC"), including LSC's subsidiaries, affiliates, divisions and corporate predecessors.

5.    The "'516 patent" shall mean United States Patent No. 6,579,516 issued on June 17, 2003.

6.    "BBW anti-bacterial products" shall mean any products developed, manufactured or sold by BBW and/or LBI that have, or are labeled or advertised as having, anti-bacterial properties.

7.    "You" or "your" shall mean Defendants BBW and LBI both individually and collectively.

8.    The terms "all" and "each" shall be construed as "all and each".

9.    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Interrogatories or responses that which might otherwise be construed to be outside the scope.

10.    The use of the singular form of any word includes the plural and vice versa.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all persons involved in, and identify the persons who are most knowledgeable of, the development of the BBW anti-bacterial products, including, but not limited to, BBW's Warm Vanilla Sugar™ and Coconut Lime Verbena products, and any other BBW anti-bacterial products and describe in detail the nature, extent and duration of each person's involvement

and/or knowledge.

**INTERROGATORY NO. 2:**

Provide a list of all BBW anti-bacterial products developed, manufactured, produced or sold by BBW or LBI since June 17, 2003, and identify all persons responsible for the development, manufacture, production and sale of each product.

**INTERROGATORY NO. 3:**

On a product-by-product basis, provide a list of all ingredients contained in each BBW anti-bacterial product identified in response to Interrogatory No. 2 and identify the function and/or purpose of each individual ingredient.

**INTERROGATORY NO. 4:**

Identify all persons employed or retained by or on behalf of BBW or LBI who have reviewed or examined the '516 patent in any capacity.

**INTERROGATORY NO. 5:**

Identify all persons who participated in responding to these interrogatories.

**INTERROGATORY NO. 6:**

Explain in detail how BBW and/or LBI first became aware of the '516 patent, including, but not limited to timing, manner, persons involved and response to the awareness.

**INTERROGATORY NO. 7:**

Identify the persons involved in, and identify the persons most knowledgeable regarding the marketing, advertising and promotion and sales of each BBW anti-bacterial product identified in response to Interrogatory No. 2.

**INTERROGATORY NO. 8:**

Identify all persons who have knowledge of or who have reviewed any written or oral opinions of legal counsel provided to or received by BBW or LBI concerning the '516 patent.

**INTERROGATORY NO. 9:**

Identify all opinions of counsel provided to and/or prepared for BBW or LBI concerning the '516 patent, including the date of such opinion, whether it was written or oral, the provider and recipient, and state whether BBW or LBI intends to rely on any such opinions of counsel in defending against the allegation that BBW and LBI have willfully infringed the '516 patent.

**INTERROGATORY NO. 10:**

For each claim of the '516 patent, identify all claim limitations, if any, you allege are not met by each of the BBW anti-bacterial products identified in response to Interrogatory No. 2. and for each element that you contend is the basis for or supports your non-infringement position, explain in detail your construction of that claim element as used in the claims and provide a detailed explanation of why you contend the claim elements are not present in the BBW anti-bacterial product.

**INTERROGATORY NO. 11:**

Explain in detail the complete factual basis for your contention that the '516 patent is invalid, including a detailed explanation of each legal theory upon which you base any invalidity contentions, identifying with particularity each event, disclosure, reference, or publication forming the basis for such contention, including each party or person with knowledge of any such event, disclosure, reference, publication and all documents and things that support, contradict or relate to your contention.

**INTERROGATORY NO. 12:**

Identify each piece of prior art to the '516 patent of which you are aware or on which you intend to rely to support your assertion that the '516 patent is invalid.

**INTERROGATORY NO. 13:**

Explain in detail the complete and factual basis for your contention that this case is an exceptional case under 35 U.S.C. 285, including a detailed explanation of each legal theory upon which you base your allegation, identifying with particularity any information forming in whole or part the basis for such contention, each person with knowledge of such information, and all documents and things that support, contradict or relate to your allegation.

**INTERROGATORY NO. 14:**

Explain in detail the complete and factual basis for your contention that Plaintiff is estopped from claiming Defendants' products infringe the claims of the '516 patent, including a detailed explanation of each legal theory upon which you base your allegation, identifying with

particularity the information forming in whole or part the basis for such contention, each person with knowledge of such information, and all documents and things that support, contradict or relate to your allegation.

**INTERROGATORY NO. 15:**

Explain in detail the complete and factual basis for your contention that the '516 patent is unenforceable due to inequitable conduct, including identifying with particularity the information forming in whole or part the basis for such contention, each person with knowledge of such information, and all documents and things that support, contradict or relate to your allegation.

**INTERROGATORY NO. 16:**

Explain in detail the complete basis for your contention that Plaintiff's claims for relief are barred because of acquiescence, including identifying with particularity the information forming in whole or part the basis for such contention, each person with knowledge of such information, and all documents and things that support, contradict or relate to your allegation.

**INTERROGATORY NO. 17:**

Explain in detail the complete basis for your contention that delay by Plaintiffs in asserting its rights after notice of the complained of actions has caused prejudice to the Defendants, including, identifying with particularity the information forming in whole or part the basis for such contention, each person with knowledge of such information, and all documents and things that support, contradict or relate to your allegation.

## INTERROGATORY NO. 18:

Explain in detail the complete basis for your contention that the '516 patent fails to comply with the requirements of 35 U.S.C. § 112, including a detailed explanation of each legal theory upon which you base your contention, identifying with particularity each claim element of every claim you contend does not meet the requirements of 35 U.S.C. ¶ 112 and all facts upon which you rely.

## INTERROGATORY NO. 19:

On a year-by-year basis, since June 17, 2003, state how much revenue has been received and how much profit has been earned by BBW and/or LBI for each of the BBW anti-bacterial products developed, manufactured, produced, sold or used by BBW and/or LBI, including but not limited to the Warm Vanilla Sugar™ and Coconut Lime Verbena products.

**INTERROGATORY NO. 20:**

If you contend that any claim or claim term of the '516 patent requires claim

construction, describe your proposed construction of each claim or claim term and the bases for

such construction, and identify the support for your construction of the claims and claim terms,

including an identification of all portions of the specifications and/or prosecution histories and

any extrinsic or other evidence relied upon by you to support the construction.


Dated:  February 28, 2007                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and
Zahra Mansouri*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on February 28, 2007 I caused a copy of

Plaintiffs' First Set of Interrogatories to be served on the following counsel of record in the

manner indicated below:

**BY HAND DELIVERY**
Francis G.X. Pileggi
Leslie B. Spoltore
Citizens Bank Center
Suite 1300
919 North Market Street
Wilmington, DE 19801-2323

**BY E-MAIL**
John F. Ward
David M. Hill
Ward & Olivo
708 Third Avenue
New York, NY 10017

Melanie K. Sharp (No. 2501)

DB02:5805715.1                                                    065666.1001

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI,<br><br>Plaintiff,<br><br>v.<br><br>LIMITED BRANDS, INC., and BATH & BODY WORKS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 06-601 (***)

Jury Trial Demanded

## DEFENDANTS BATH & BODY WORKS, INC.'S AND LIMITED BRANDS, INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively the "Limited Defendants") herein respond to Plaintiffs Zahra Mansouri's and Laboratory Skin Care, Inc.'s (collectively "Plaintiffs") First Set of Interrogatories as follows:

## GENERAL OBJECTIONS AND COMMENTS

A.      The Limited Defendants object to each Interrogatory to the extent that any information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege is sought.  The Limited Defendants will not supply information protected from discovery by virtue of any such privileges.

To the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is disclosed in responding to these Interrogatories, such disclosure shall not be construed as a waiver of the attorney-client or attorney work-product privileges, and discovery shall be limited to that information already disclosed.

B.    The Limited Defendants object to each Interrogatory to the extent that confidential and/or proprietary information is sought and will only disclose such information in accordance with the protective order entered into by the parties, but only after approved by the Court. The Limited Defendants hereby designate their responses to Plaintiffs' Interrogatories as confidential pursuant to Delaware Local Rule 26.2. The Limited Defendants reserve the right to modify this designation if necessary once a Protective Order is agreed to by the parties and entered by the Court.

C.    The Limited Defendants object to these Interrogatories to the extent that they ask for information beyond the permissible scope of discovery allowed by Fed. R. Civ. P. 33 (a).

D.    The Limited Defendants object to each Interrogatory on the ground that each is unlimited in time. The Limited Defendants' Response and production of documents responsive to these Interrogatories are limited to events occurring before the filing date of the Complaint herein and after the date of issuance of Mansouri United States Patent No. 6,579,516 (the "'516 patent" or the "patent-in-suit").

E.    The Limited Defendants object to these Interrogatories to the extent that they relate to products not covered by the patent-in-suit are therefore seek information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

F.    The Limited Defendants do not consider themselves bound by the Instructions and Definitions set forth in *Plaintiff's First Set of Interrogatories* to the extent such instructions

are beyond the scope of Fed. R. Civ. P. 33(a). In particular, the Limited Defendants object to the definitions of "BBW" and "LBI" set forth in Paragraphs 1 and 2 of the Definitions as being overly board and potentially covering parties not named in this lawsuit. The Limited Defendants further object to the definition of "BBW anti-bacterial products" set forth in Paragraph 6 of the Definitions as vague, overly broad, and unduly burdensome in that it attempts to include products not covered by the patent-in-suit, and as not reasonably calculated to lead to the discovery of admissible evidence.

Further, the Limited Defendants incorporate their objections to Plaintiffs' Definitions as set forth in *Defendants' Response to Plaintiffs' First Request for Documents and Tangible Things*. Notwithstanding these objectionable definitions, the Limited Defendants will answer these Interrogatories to the best of their knowledge and to the extent that these Interrogatories are not ambiguous and/or indefinite. Furthermore, unless otherwise indicated, the Limited Defendants shall give the terms of Plaintiffs' Interrogatories their ordinary and plain meanings. The Limited Defendants shall not be held responsible where their reasonable interpretation of Plaintiffs' Interrogatories does not comport with Plaintiffs' intentions.

G.    Nothing in the Limited Defendants' Response shall be construed as waiving rights or objections which otherwise may be available to the Limited Defendants, nor should anything be deemed an admission of relevancy, materiality, or admissibility in evidence of either the Interrogatories themselves or the Responses thereto.

H.    The Limited Defendants object to each Interrogatory to the extent that it seeks information that the burden or expense of discovery outweighs its likely benefit.

I.    To the extent that any of the Limited Defendants' General Objections are cited in a specific Response, those citations are provided because they are believed to be particularly

relevant to the specific Interrogatory and not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the Interrogatory.

J.    The responses set forth below are complete to the extent of the Limited Defendants' knowledge, particularly with respect to first and last names, street addresses, company affiliations, zip codes, and the like.

K.    Each of the foregoing objections and comments is incorporated by reference into the following responses.

**RESPONSES TO INTERROGATORY NOS. 1-20**

**INTERROGATORY NO. 1**

*Identify all persons involved in, and identify the persons who are most knowledgeable of, the development of the BBW anti-bacterial products, including, but not limited to, BBW's Warm Vanilla Sugar™ and Coconut Lime Verbena products, and any other BBW anti-bacterial products and describe in detail the nature, extent and duration of each person's involvement and/or knowledge.*

**RESPONSE TO INTERROGATORY NO. 1**

The Limited Defendants object to this Interrogatory No. 1 as vague, overly broad and unduly burdensome in that it attempts to obtain information outside the permissible scope of discovery, and as not reasonably calculated to lead to the discovery of admissible information. The Limited Defendants object to this interrogatory to the extent that the definition of the term "anti-bacterial products" is overly broad. The patent-in-suit does not cover all anti-bacterial products. The Limited Defendants also object to this interrogatory to the extent that it seeks information not within the control of the Limited Defendants. The Limited Defendants further object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. Further, the Limited Defendants object to this interrogatory to the extent that it is unlimited in time. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 1 as follows:

A person particularly knowledgeable about the development of BBW anti-bacterial products is Michael Regina, Director, Research & Development, Beauty Avenues, Inc.

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 1, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such

produced documents responsive to this Interrogatory No. 1 can be specifically identified, the Limited Defendants will supplement this response.

## INTERROGATORY NO. 2

*Provide a list of all BBW anti-bacterial products developed, manufactured, produced or sold by BBW or LBI since June 17, 2003, and identify all persons responsible for the development, manufacture, production and sale of each product.*

### RESPONSE TO INTERROGATORY NO. 2

The Limited Defendants object to this Interrogatory No. 2 as vague, overly broad and unduly burdensome in that it attempts to obtain information outside the permissible scope of discovery, and as not reasonably calculated to lead to the discovery of admissible information. The Limited Defendants object to this interrogatory to the extent that the definition of the term "anti-bacterial products" is overly broad. The patent-in-suit does not cover all anti-bacterial products. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. The Limited Defendants further object to this interrogatory to the extent that it seeks information not within the control of the Limited Defendants. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 2 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 2, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 2 can be specifically identified, the Limited Defendants will supplement this response.

## INTERROGATORY NO. 3

*On a product-by-product basis, provide a list of all ingredients contained in each BBW anti-bacterial product identified in response to Interrogatory No. 2 and identify the function and/or purpose of each individual ingredient.*

## RESPONSE TO INTERROGATORY NO. 3

The Limited Defendants object to this Interrogatory No. 3 as overly broad and unduly burdensome in that it attempts to obtain information outside the permissible scope of discovery, and as not reasonably calculated to lead to the discovery of admissible information. The Limited Defendants also object to this interrogatory to the extent that the definition of the term "anti-bacterial products" is overly broad. The patent-in-suit does not cover all anti-bacterial products. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. The Limited Defendants further object to this interrogatory to the extent that it seeks information not within the control of the Limited Defendants. Further, the Limited Defendants object to this interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 3 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 3, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such

produced documents responsive to this Interrogatory No. 3 can be specifically identified, the

Limited Defendants will supplement this response.

## INTERROGATORY NO. 4

*Identify all persons employed or retained by or on behalf of BBW or LBI who have reviewed or examined the '516 patent in any capacity.*

### RESPONSE TO INTERROGATORY NO. 4

The Limited Defendants object to this Interrogatory No. 4 insofar as it seeks to discover

information prepared in anticipation of litigation or for trial, or which is otherwise covered by the

attorney work-product privilege or is subject to or falls within the scope of the attorney-client

privilege. The Limited Defendants will not supply information protected from discovery by

virtue of any such privilege. The Limited Defendants further object to this interrogatory to the

extent that the phrase "in any capacity" is vague and indefinite. Subject to the foregoing specific

objections, and the general objections stated above, the Limited Defendants respond to

Interrogatory No. 4 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 4,

to the extent any such documents exist, which are not immune from discovery on the basis of the

attorney-client or attorney work-product privileges will be made available to Plaintiffs upon

entry of an appropriate protective order, and to the extent that the Bates No(s). of any such

produced documents responsive to this Interrogatory No. 4 can be specifically identified, the

Limited Defendants will supplement this response.

## INTERROGATORY NO. 5

*Identify all persons who participated in responding to these interrogatories.*

## RESPONSE TO INTERROGATORY NO. 5

The Limited Defendants object to this Interrogatory No. 5 insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. Subject to the foregoing specific objection, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 5 as follows:

Michael Regina, Amy Bull, Matthew Harsh, and Tony Garrison.

## INTERROGATORY NO. 6

*Explain in detail how BBW and/or LBI first became aware of the '516 patent, including, but not limited to timing, manner, persons involved and response to the awareness.*

## RESPONSE TO INTERROGATORY NO. 6

The Limited Defendants further object to this interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 6 as follows:

The Limited Defendants first learned of the patent-in-suit on or about March 7, 2006 through a letter sent by Zari Mansouri of Laboratory Skin Care, Inc. to Meade H. Rudasill, Jr. of Bath & Body Works, Inc.

-9-

The Limited Defendants also identify at least the following documents:

BBW 001485-001496

Pursuant to Rule 33(d), Fed. R. Civ. P., additional documents responsive to this Interrogatory No. 6, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 6 can be specifically identified, the Limited Defendants will supplement this response.

## INTERROGATORY NO. 7

*Identify the persons involved in, and identify the persons most knowledgeable regarding the marketing, advertising and promotion and sales of each BBW anti-bacterial product identified in response to Interrogatory No. 2.*

## RESPONSE TO INTERROGATORY NO. 7

The Limited Defendants object to this Interrogatory No. 7 as vague, overly broad and unduly burdensome in that it attempts to obtain information outside the permissible scope of discovery, and as not reasonably calculated to lead to the discovery of admissible information. The Limited Defendants also object to this interrogatory to the extent that the definition of the term "anti-bacterial products" is overly broad.  The patent-in-suit does not cover all anti-bacterial products.  Moreover, identification of "all persons involved in…" would include almost all of the Limited Defendants' employees (past and present) during the relevant timeframe.  Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 7 as follows:

-10-

People with knowledge the marketing, advertising, promotion and sales of BBW anti-bacterial products are Matthew Harsh, Tony Garrison, and Amy Bull.

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 7, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 7 can be specifically identified, the Limited Defendants will supplement this response.

## INTERROGATORY NO. 8

*Identify all persons who have knowledge of or who have reviewed any written or oral opinions of legal counsel provided to or received by BBW or LBI concerning the '516 patent.*

### RESPONSE TO INTERROGATORY NO. 8

The Limited Defendants object to this Interrogatory as premature. The Limited Defendants also object to this Interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. Subject to the foregoing specific objection, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 8 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 8, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such

-11-

produced documents responsive to this Interrogatory No. 8 can be specifically identified, the
Limited Defendants will supplement this response.

**INTERROGATORY NO. 9**

    *Identify all opinions of counsel provided to and/or prepared for BBW or LBI concerning
the '516 patent, including the date of such opinion, whether it was written or oral, the provider
and recipient, and state whether BBW or LBI intends to rely on any such opinions of counsel in
defending against the allegation that BBW and LBI have willfully infringed the '516 patent.*

**RESPONSE TO INTERROGATORY NO. 9**

    The Limited Defendants object to this Interrogatory No. 9 as premature.  The Limited
Defendants further object to this interrogatory insofar as it seeks to discover information
prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney
work-product privilege or is subject to or falls within the scope of the attorney-client privilege.
The Limited Defendants will not supply information protected from discovery by virtue of any
such privilege.  Subject to the foregoing specific objections, and the general objections stated
above, the Limited Defendants respond to Interrogatory No. 9 as follows:

    Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 9,
to the extent any such documents exist, which are not immune from discovery on the basis of the
attorney-client or attorney work-product privileges will be made available to Plaintiffs upon
entry of an appropriate protective order, and to the extent that the Bates No(s). of any such
produced documents responsive to this Interrogatory No. 9 can be specifically identified, the
Limited Defendants will supplement this response.

**INTERROGATORY NO. 10**

    *For each claim of the '516 patent, identify all claim limitations, if any, you allege are not*

*met by each of the BBW anti-bacterial products identified in response to Interrogatory No. 2.*
*[SIC] and for each element that you contend is the basis for or supports your non-infringement*
*position, explain in detail your construction of that claim element as used in the claims and*
*provide a detailed explanation of why you contend the claim elements are not present in the*
*BBW anti-bacterial product.*

### RESPONSE TO INTERROGATORY NO. 10

The Limited Defendants object to this Interrogatory No. 10 as overly broad and unduly

burdensome in that it attempts to obtain information outside the permissible scope of discovery,

and as not reasonably calculated to lead to the discovery of admissible information.  The Limited

Defendants object to this interrogatory to the extent that the definition of the term "anti-bacterial

products" is overly broad.  The patent-in-suit does not cover all anti-bacterial products.  The

Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as

comprising more than one separate and distinct question.  The Limited Defendants further object

to this interrogatory as premature.  Discovery in this case has just begun and the Limited

Defendants have not yet received Plaintiffs' infringement contentions.  These objections not

withstanding, the Limited Defendants understand their obligation under Paragraphs 3(d) and 11

of the Scheduling Order in this case, the Federal Rules of Civil Procedure and the Local Rules of

this Court.  Subject to the foregoing specific objections, and the general objections stated above,

the Limited Defendants respond to Interrogatory No. 10 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No.

10, to the extent any such documents exist, which are not immune from discovery on the basis of

the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon

entry of an appropriate protective order, and to the extent that the Bates No(s). of any such

produced documents responsive to this Interrogatory No. 10 can be specifically identified, the

Limited Defendants will supplement this response.

## INTERROGATORY NO. 11

*Explain in detail the complete factual basis for your contention that the '516 patent is invalid, including a detailed explanation of each legal theory upon which you base any invalidity contentions, identifying with particularity each event, disclosure, reference, or publication forming the basis for such contention, including each party or person with knowledge of any such event, disclosure, reference, publication and all documents and things that support, contradict or relate to your contention.*

## RESPONSE TO INTERROGATORY NO. 11

The Limited Defendants object to this Interrogatory No. 11 as overly broad and unduly burdensome in that it attempts to obtain information outside the permissible scope of discovery, and as not reasonably calculated to lead to the discovery of admissible information. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. Further, the Limited Defendants object to this interrogatory as premature. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 11 as follows:

The '516 patent is invalid under 35 U.S.C. §§ 101 et. seq. for at least the following reasons. The '516 patent is invalid under 35 U.S.C. § 102(a) because the claimed composition was patented in this and/or a foreign country before conception and reduction to practice by the applicant. The '516 patent is invalid under 35 U.S.C. § 102(b) because the claimed invention was offered for sale more than one year prior to the filing date of the earliest patent to which the '516 patent can claim priority, by, among others, the inventor herself. The '516 patent is also invalid under 35 U.S.C. §103 and 35 U.S.C. § 112, for at least the reasons mentioned below.

The Limited Defendants also identify at least the following documents:

BBW 001541-004474

Pursuant to Rule 33(d), Fed. R. Civ. P., additional documents responsive to this Interrogatory No. 11, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 11 can be specifically identified, the Limited Defendants will supplement this response.

**INTERROGATORY NO. 12**

*Identify each piece of prior art to the '516 patent of which you are aware or on which you intend to rely to support your assertion that the '516 patent is invalid.*

**RESPONSE TO INTERROGATORY NO. 12**

The Limited Defendants object to this Interrogatory as premature, but recognize their obligation to supplement this response in accordance with the Federal Rules.  Subject to the Subject to the forgoing specific objections and the general objections stated above, the Limited Defendants respond to Interrogatory No. 12 as follows:

The Limited Defendants identify at least the following documents:

BBW 001541-004474

Pursuant to Rule 33(d), Fed. R. Civ. P., additional documents responsive to this Interrogatory No. 12, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 12 can be specifically identified, the Limited Defendants will supplement this response.

## INTERROGATORY NO. 13

*Explain in detail the complete and factual basis for your contention that this case is an exceptional case under 35 U.S.C. 285, including a detailed explanation of each legal theory upon which you base your allegation, identifying with particularity any information forming in whole or part the basis for such contention, each person with knowledge of such information, and all documents and things that support, contradict or relate to your allegation.*

## RESPONSE TO INTERROGATORY NO. 13

The Limited Defendants object to this Interrogatory No. 13 as premature. The Limited Defendants further object to this interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 13 as follows:

This is an exceptional case for at least the following reasons. At the time Plaintiffs filed their Complaint, Plaintiffs knew or should have known that none of the Limited Defendants' products infringed any valid claim of the patent-in-suit. Plaintiffs also knew or should have known that the patent-in-suit was invalid under, *inter alia*, 35 U.S.C. § 102(b) due to plaintiff Zahra Mansouri's own actions which are evidenced, in part, by the Declaration she submitted to the United States Patent & Trademark Office ("USPTO"), dated April 5, 2002. *See Pfaff v. Wells Electronics*, 525 U.S. 119 (1998) (marketing of a product more than a year before filing a patent application is "on sale" pursuant to 35 U.S.C. § 102(b); the invention need not be reduced to practice). Plaintiffs also knew or should have known that the patent-in-suit was unenforceable

-16-

due to inequitable conduct based upon the inventor's and/or assignee's repeated breaches of the duty of candor and good faith owed to the USPTO during the procurement of the patent-in-suit. Furthermore, based on the Plaintiffs' interrogatory responses, it appears that their pre-filing investigation was sanctionably deficient, if not entirely non-existent. As such, they had no reasonable basis for charging the Limited Defendants with infringement.

The Limited Defendants also identify at least the following documents:

BBW 001541-002760

As a result, the Limited Defendants are entitled to recover at least their attorneys' fees and costs, and other expenses they have been forced to incur in defending this litigation, including defending against Plaintiffs' continued prosecution of this lawsuit for alleged infringement of the patent-in-suit while knowing that the patent is not infringed and is invalid.

Pursuant to Rule 33(d), Fed. R. Civ. P., additional documents responsive to this Interrogatory No. 13, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 13 can be specifically identified, the Limited Defendants will supplement this response.

## INTERROGATORY NO. 14

*Explain in detail the complete and factual basis for your contention that Plaintiff is estopped from claiming Defendants' products infringe the claims of the '516 patent, including a detailed explanation of each legal theory upon which you base your allegation, identifying with particularity the information forming in whole or part the basis for such contention, each person with knowledge of such information, and all documents and things that support, contradict or relate to your allegation.*

## RESPONSE TO INTERROGATORY NO. 14

The Limited Defendants object to this Interrogatory No. 14 as vague and premature. The Limited Defendants further object to this interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 14 as follows:

In the time between the date the Limited Defendants received notice of the patent from the Plaintiffs and the time the present action was filed, the Limited Defendants requested that the Plaintiffs identify allegedly-infringing products several times. The Plaintiffs did not do so, and in fact, they indicated that they were not aware that any of the Limited Defendants' products were infringing, and merely wished to discuss a license. As such, it was only when the Complaint was filed that the Limited Defendants had any indication that the Plaintiffs believed them to be selling infringing products. However, in the time between the notice letter and the filing of this lawsuit, the Limited Defendants made good faith sales of what might now quality as allegedly-infringing products under the assumption that their conduct was acceptable to the Plaintiffs; were it unacceptable, it was reasonable for the Limited Defendants to assume that the Plaintiffs would have provided the names of the unacceptable products, as requested. Thus, the Limited Defendants reasonably inferred that their conduct was acceptable to the Plaintiffs.

Pursuant to Rule 33(d), Fed. R. Civ. P., additional documents responsive to this Interrogatory No. 14, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 14 can be specifically identified, the Limited Defendants will supplement this response.

**INTERROGATORY NO. 15**

*Explain in detail the complete and factual basis for your contention that the '516 patent is unenforceable due to inequitable conduct, including identifying with particularity the information forming in whole or part the basis for such contention, each person with knowledge of such information, and all documents and things that support, contradict or relate to your allegation.*

**RESPONSE TO INTERROGATORY NO. 15**

The Limited Defendants object to this Interrogatory No. 15 as premature. The Limited Defendants further object to this interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 15 as follows:

The patent-in-suit is unenforceable for at least the following reasons. There were repeated breaches of the duty of candor and good faith owed to the USPTO by the inventor

-19-

and/or assignee during the procurement of the patent-in-suit. Among other things, the inventor and/or assignee failed to advise the USPTO that compositions substantially similar to those claimed in the patent-in-suit have been well known in the personal care industry since more than a year before filing the application which led to the patent-in-suit. The inventor of the patent-in-suit also falsely swore to the USPTO that she had not offered the claimed composition for sale more than a year before the earliest priority date that could conceivably be claimed by the '516 patent.

The Limited Defendants identify at least the following documents:

BBW 001541-002760

Pursuant to Rule 33(d), Fed. R. Civ. P., additional documents responsive to this Interrogatory No. 15, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 15 can be specifically identified, the Limited Defendants will supplement this response.


**INTERROGATORY NO. 16**

*Explain in detail the complete basis for your contention that Plaintiff's claims for relief are barred because of acquiescence, including identifying with particularity the information forming in whole or part the basis for such contention, each person with knowledge of such information, and all documents and things that support, contradict or relate to your allegation.*

**RESPONSE TO INTERROGATORY NO. 16**

The Limited Defendants object to this Interrogatory No. 16 as premature. The Limited Defendants further object to this interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney

work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 16 as follows:

In the time between the date the Limited Defendants received notice of the patent from the Plaintiffs and the time the present action was filed, the Limited Defendants requested that the Plaintiffs identify allegedly-infringing products several times. The Plaintiffs did not do so, and in fact, they indicated that they were not aware that any of the Limited Defendants' products were infringing, and merely wished to discuss a license. As such, it was only when the Complaint was filed that the Limited Defendants had any indication that the Plaintiffs believed them to be selling infringing products. However, in the time between the notice letter and the filing of this lawsuit, the Limited Defendants made good faith sales of what might now quality as allegedly-infringing products under the assumption that their conduct was acceptable to the Plaintiffs; were it unacceptable, it was reasonable for the Limited Defendants to assume that the Plaintiffs would have provided the names of the unacceptable products, as requested. Thus, the Limited Defendants reasonably inferred that their conduct was acceptable to the Plaintiffs.

Pursuant to Rule 33(d), Fed. R. Civ. P., additional documents responsive to this Interrogatory No. 14, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the

Bates No(s). of any such produced documents responsive to this Interrogatory No. 16 can be specifically identified, the Limited Defendants will supplement this response.

## INTERROGATORY NO. 17

*Explain in detail the complete basis for your contention that delay by Plaintiffs in asserting its rights after notice of the complained of actions has caused prejudice to the Defendants, including, identifying with particularity the information forming in whole or part the basis for such contention, each person with knowledge of such information, and all documents and things that support, contradict or relate to your allegation.*

### RESPONSE TO INTERROGATORY NO. 17

The Limited Defendants object to this Interrogatory No. 17 as premature. The Limited Defendants further object to this interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 17 as follows:

The Plaintiffs' delay in asserting their rights have prejudiced the Limited Defendants because, *inter alia*, the Plaintiffs waited about three years after the patent-in-suit issued to bring this action. Between the date the patent-in-suit issued and the date the Limited Defendants were put on notice of the patent, they made good faith sales of what could now be considered allegedly-infringing products. The Limited Defendants would be materially harmed if the

-22-

Plaintiffs were permitted to assert their claims of infringement now, which are inconsistent with their three years of silence.

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 17, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 17 can be specifically identified, the Limited Defendants will supplement this response.


## INTERROGATORY NO. 18:

*Explain in detail the complete basis for your contention that the '516 patent fails to comply with the requirements of 35 U.S.C. § 112, including a detailed explanation of each legal theory upon which you base your contention, identifying with particularity each claim element of every claim you contend does not meet the requirements of 35 U.S.C. § 112 and all facts upon which you rely.*

### RESPONSE TO INTERROGATORY NO. 18

The Limited Defendants object to this Interrogatory No. 18 as premature. The Limited Defendants further object to this interrogatory insofar as it seeks to discover information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege or is subject to or falls within the scope of the attorney-client privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privilege. The Limited Defendants also object to this interrogatory pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 18 as follows:

The Limited Defendants believe that the '516 patent does not comply with 35 U.S.C. § 112 because, *inter alia*, at least one of its claims is not supported by its specification, it does not set forth the best mode contemplated by the inventor of carrying out the invention, it does not comply with the written description requirement, and it does not set forth the manner and process of making and using the invention in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the invention.

The Limited Defendants also identify at least the following documents:

BBW 001521-1530

Pursuant to Rule 33(d), Fed. R. Civ. P., additional documents responsive to this Interrogatory No. 18, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 18 can be specifically identified, the Limited Defendants will supplement this response.

## INTERROGATORY NO. 19

*On a year-by-year basis, since June 17, 2003, state how much revenue has been received and how much profit has been earned by BBW and/or LBI for each of the BBW anti-bacterial products developed, manufactured, produced, sold or used by BBW and/or LBI, including but not limited to the Warm Vanilla Sugar^TM and Coconut Lime Verbena products.*

## RESPONSE TO INTERROGATORY NO. 19

The Limited Defendants object to this Interrogatory No. 19 as overly broad and unduly burdensome in that it attempts to obtain information outside the permissible scope of discovery, and as not reasonably calculated to lead to the discovery of admissible information. The Limited

-24-

Defendants further object to this interrogatory to the extent that the definition of the term "anti-bacterial products" is overly broad. The patent-in-suit does not cover all anti-bacterial products. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 19 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 19, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 19 can be specifically identified, the Limited Defendants will supplement this response.

## INTERROGATORY NO. 20

*If you contend that any claim or claim term of the '516 patent requires claim construction, describe your proposed construction of each claim or claim term and the bases for such construction, and identify the support for your construction of the claims and claim terms, including an identification of all portions of the specifications and/or prosecution histories and any extrinsic or other evidence relied upon by you to support the construction.*

### RESPONSE TO INTERROGATORY NO. 20

The Limited Defendants object to this Interrogatory No. 20 pursuant to Rule 33(a), Fed. R. Civ. P., as comprising more than one separate and distinct question. The Limited Defendants further object to this interrogatory as premature. The Limited Defendants note their obligation under Paragraph 11 of the Scheduling Order in this case. Subject to the foregoing specific objections, and the general objections stated above, the Limited Defendants respond to Interrogatory No. 20 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 20, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges will be made available to Plaintiffs upon entry of an appropriate protective order, and to the extent that the Bates No(s). of any such produced documents responsive to this Interrogatory No. 20 can be specifically identified, the Limited Defendants will supplement this response.

Respectfully submitted,

FOX ROTHSCHILD LLP

Dated:  March 30, 2007

By:

Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
708 Third Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath & Body Works, Inc.
Limited Brands, Inc.

-26-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 30th day of March, 2007 via U.S. First Class Mail, postage prepaid, upon the counsel of record shown below:

Melanie K. Sharp
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391

E. Anthony Figg
Sharon L. Davis
C. Nicole Gifford
Daniel L. Shores
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005

Michael J. Zinna

# EXHIBIT 3



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

| | |
|---|---|
| G. Franklin Rothwell | Anne M. Sterba |
| E. Anthony Figg | Lisa N. Phillips |
| Barbara G. Ernst | C. Nichole Gifford |
| Harry F. Manbeck, Jr. | Patrick T. Skacel |
| George R. Repper | Monica C. Kitts |
| Steven Lieberman | Brian A. Tollefson |
| Joseph A. Hynds | Joo Mee Kim |
| Richard Wydeven | Hyunkweon Ryu |
| Martin M. Zoltick | R. Elizabeth Brenner-Leifer |
| Minaksi Bhatt | Adam M. Treiber |
| Sharon L. Davis | Daniel L. Shores |
| Robert B. Murray | Joseph E. Green |
| Jeffrey L. Ihnen | John A. Evans, Ph.D. |
| Glenn E. Karta | Thomas D. Lyford* |
| Martha Cassidy, Ph.D. | Oliver L. Edwards* |
| Brian S. Rosenbloom | |
| Jason M. Shapiro* | Of Counsel |
| | John A. McCahill |
| *Not Admitted in D.C. | Brian E. Banner |

April 16, 2007

**BY EMAIL**

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY 10017

Re:    <u>Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.</u>
       Case No. 06-00601-(***) (U.S. District Court for the District of Delaware)
       Our File No. 3233-101

Dear Michael:

I am writing to address the deficiencies in Bath and Body Works, Inc. and Limited Brand Inc.'s (collectively "BBW or Defendants") Interrogatory responses.

In General Objection C, and in Specific Objections to Interrogatory Nos. 1, 2, 3, 7, 10, 11, and 19, Defendants object to Plaintiffs Interrogatories as "overly broad and unduly burdensome in that [they] attempt to obtain information outside the permissible scope of discovery" and to the extent they seek "information outside the scope of discovery permitted by Rule 33." To the contrary, Plaintiffs Interrogatories are narrowly tailored to seek highly relevant information. As you know, under Fed. R. Civ. P. 26, Plaintiffs are entitled to discovery regarding any "relevant" information. Relevancy for the purposes of Rule 26 is broadly construed. *Katz v. Batavia Marine and Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993). "It is a premise of modern litigation that the Federal Rules contemplate liberal discovery, in the interest of just and complete resolution of disputes." *Id.* Please confirm that you are not withholding any information on the basis of General Objection C, and identify with specificity the information you believe to be sought by Interrogatory Nos. 1, 2, 3, 7, 10, 11, and 19 that is outside the scope of discovery. Alternatively, please withdraw these objections.

In General Objection D, Defendants object to Plaintiffs' requests as "unlimited in time." Where appropriate, we included specific limitations on the time frame of the Interrogatories (*see, e.g.,* Interrogatory No. 2). However, not all interrogatories could be limited by Plaintiffs because the relevant timeframe depends on information currently in Defendants' possession. For example, information related to the design and development of the BBW antibacterial products is

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.<br>April 16, 2007<br>Page 2

certainly relevant and responsive to Plaintiffs' discovery requests; however, Plaintiffs have no way of knowing when the development work took place.

Furthermore, Defendants state that they will only respond to interrogatories and produce documents related to events occurring after the date of issuance of the '516 patent and before the filing date of the Complaint. The use of the date the patent issued as a cut-off date is improper. *See In re: Conopco, Inc. v. Warner Lambert Co.*, 2000 U.S. Dist. LEXIS 1605 *17-18 (D. N.J. 2000). Information concerning events which took place prior to issuance of the patent is relevant both to issues of infringement and to issues of patent validity (the existence of prior art) and is also likely lead to the discovery of admissible evidence.

Please withdraw this objection and confirm that Defendants will not withhold relevant information responsive to Plaintiffs' Interrogatories and Document Requests on the basis that they relate to events that occurred prior to the issuance of the '516 patent.

In General Objection E, Defendants object to Plaintiffs Interrogatories "to the extent they relate to products not covered by the patent-in-suit." Similarly, in General Objection F, and in specific objections to Interrogatory Nos. 1, 2, 3, 7, 10 and 19, Defendants objected to the definition of "BBW anti-bacterial products" as overly broad because "the patent in suit does not cover all antibacterial products." These are improper objections for two reasons. First, the Court has not yet construed the claims of the '516 patent, therefore we do not see how you can know for certain what products are covered by the claims. If you are admitting that the BBW products for which you are providing discovery are covered by the '516 patent, then please confirm this is writing. Second, if what you are attempting to do based on these objections is to limit your discovery responses to the particular BBW products that have been accused of infringement thus far, then such a limitation in improper for the same reasons set forth above regarding relevance. Defendants are entitled to discovery regarding all products related to the subject matter of the '516 patent. "Relevant matter includes any matter related to or that reasonably could lead to other matter that is related to any issue that is or may be in the action." *In re Conopco, Inc. v. Warner-Lambert Co.*, 2000 U.S. Dist. LEXIS 1605 *8 (D. N.J. 2000) citing *Hickman v. Taylor*, 329 U.S. 495, 506 (1947). The subject matter of the '516 patent is antimicrobial skin care compositions for cleansing and moisturizing the skin. Accordingly, there can be no question that Plaintiffs are entitled to discovery regarding all of Defendants' antimicrobial (or antibacterial) cleansers and moisturizers. Therefore, please withdraw these objections and confirm that you will include all "BBW antibacterial products" as defined in Plaintiffs' requests in response to Interrogatory Nos. 1, 2, 3, 7, 10 and 19 as well as in responding to Plaintiffs' document requests.

Defendants also objected to Interrogatory No. 1 as "unlimited in time." As explained above with respect to General Objection D, Plaintiffs have no way of knowing when the development of the products at issue took place and therefore can not limit their request to a particular date. Please withdraw this objection and confirm that Defendants will not withhold

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

information responsive to Interrogatory No. 1 on the basis of the time frame.

Additionally, Defendants response to Interrogatory No. 1 only identified one person as "someone particularly knowledgeable" about the development of the BBW products and referred Plaintiffs to Defendants documents pursuant to Rule 33(d). Defendants' response did not provide the rest of the information sought by Interrogatory No. 1 such as the identity of all persons involved in the development or the nature, extent and duration of each person's knowledge. Frankly, we find it hard to believe that Mr. Regina was the only person involved in the development of all BBW antibacterial products.

Furthermore, Defendants' reliance on Rule 33(d) is improper for Interrogatory No. 1, which seeks specific information regarding individuals within the company having knowledge about a particular topic. Rule 33(d) applies to interrogatories in which the response can be ascertained from documents *and the burden of deriving the answer is substantially the same for the serving party as it is for the served party.* This is not the case for Interrogatory No. 1 because the burden on Plaintiffs of ascertaining this information is much greater than on Defendants. Defendants have knowledge of their employees and their positions and duties. Please reconsider your reliance on Rule 33(d) and confirm that you will supplement Plaintiffs' answer to Interrogatory No. 1 with a substantive response.

Defendants also failed to substantively respond in any way to Interrogatory Nos. 2, 3, 4, 8, 9, 10, 19 and 20 and relied solely on Rule 33(d). Defendants' reliance on Rule 33(d) for each of these Interrogatories is also improper. As previously explained, reference to Rule 33(d) is only appropriate where "the burden of deriving or ascertaining the answer [to the interrogatory]" is substantially the same for the party serving the interrogatory as for the party served it. *See* FED. R. CIV. PROC. 33(D) (2007). "If the propounding party would be more burdened, the responding party cannot invoke the rule, and must instead obtain the information itself and answer the interrogatory." *See* MOORE'S FEDERAL PRACTICE §33.105 (2007). Defendants are clearly abusing the ability to rely on Rule 33(d) in responding to Plaintiffs' Interrogatories, and in doing so are obstructing Plaintiffs' effort to obtain legitimate discovery in this matter. The burden of ascertaining the response to Interrogatories 2, 3, 4, 8, 9, 10, 19, and 20 to Defendants is much less than that imposed on Plaintiffs by requiring them to search what we can only assume will be thousands of pages of documents.

More specifically, Interrogatory No. 2 seeks the identity of all BBW antibacterial products developed, manufactured, produced or sold by Defendants since June 17th 2003 as well as the person responsible for the development, manufacture, production and sale of each product. Interrogatory No. 3 requests a list of the ingredients contained in the products identified in response to Interrogatory No. 3 and the function and/or purpose of each ingredient. The information sought by each of these interrogatories is very specific, limited information about the Defendants' products that is necessary for Plaintiffs to prosecute this case. Moreover, providing

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
April 16, 2007
Page 4

a substantive response to Interrogatory Nos. 2 and 3 would not require Defendants to conduct burdensome or expensive research of their own records. Rather, all of this information should be readily available to Defendants in the ordinary course of its day-to-day business activities. Please reconsider your reliance on Rule 33(d) and confirm that you will supplement Plaintiffs' answer to Interrogatory Nos. 2 and 3 with a substantive response.

Interrogatory No. 4 seeks the identity of all persons employed or retained by or on behalf of Defendants who have reviewed or examined the '516 in any capacity and Interrogatory No. 8 seeks the identify of all persons who have knowledge of or who have reviewed any opinions of counsel concerning the '516 patent. Interrogatory No. 9 requests that Defendants identify all legal opinions (written or oral), identify the person providing the opinion, and state whether or Defendants intend to rely on such opinions in defending against the allegation of willful infringement. Unless Defendants intend to produce documents that contains a list of those people who have reviewed the '516 patent, a list of all oral and written legal opinions, a list of the people who have reviewed any legal opinion concerning the '516 patent, and a document indicating whether Plaintiffs intend to rely on such opinions, it is impossible for Plaintiffs to ascertain this information simply by reviewing Defendants' documents. Furthermore, the burden on Plaintiffs of ascertaining this information by reviewing BBW's documents production is much greater than it would be for Defendants to identify this information in an interrogatory response. Again, Defendants' failure to substantively respond to these very narrowly tailored interrogatories is clearly an attempt to hinder Plaintiffs ability to move forward in this case. Please reconsider your reliance on Rule 33(d) and confirm that you will supplement Plaintiffs' answer to Interrogatory Nos. 4, 8 and 9 with a substantive response.

Interrogatory No. 10 requests that Defendants provide their proposed claim construction for each claim element of every claim of the '516 patent which they contend are not present in each of the BBW antibacterial products. Interrogatory No. 20 also seeks Defendants' claim construction of any claim element of the '516 patent that they contend must be construed in this matter. Plaintiffs are entitled to discover Defendants' non-infringement contentions and proposed claim construction, and reference to Rule 33(d) in response to this Interrogatory is entirely inappropriate. Please explain in detail how you could possibly believe that Plaintiffs can or should ascertain this information from Defendants' document production.

Reference to Rule 33(d) in response to these two Interrogatories is an egregious violation of your client's obligation to provide discovery in this case. This response is particularly troubling in light of complaints about Plaintiffs preliminary infringement contentions. Please confirm that you will supplement Plaintiffs response to Interrogatory Nos. 10 and 20 immediately to provide your client's preliminary non-infringement contentions and proposed claim construction without reference to Rule 33(d).

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
April 16, 2007
Page 5

Finally, Interrogatory No. 19 seeks the amount of profit and revenue that Defendants have received for each of their antibacterial products on a yearly basis from June 2003 to present. Although this information may in fact be ascertainable from Defendants' documents, this information should have been provided in Defendants initial disclosures. Furthermore, Defendants reliance on Rule 33(d) is not appropriate in this case because to date Defendants have not produced any documents from which this information could be ascertained. Rule 33(d) requires a party relying on it to "specify the record from which the answer may be derived or ascertained." Defendants' responses fail to specify the records from which the answer may be derived or ascertained, and are therefore insufficient under Rule 33. *See Scripps Clinic and Research Foundation v. Baxter Travenol Labs, Inc.*, 1998 U.S. Dist. Lexis 7495 (D. Del. 1988).

Furthermore, as the Advisory Committee to the Federal Rules has noted "respond[ing] by directing the interrogating party to a mass of business records . . . is an abuse of the option. *Id. citing* Advisory Committee Notes to Fed. Rule 33(d). Providing the profit and revenue for BBW's antibacterial products on a yearly basis for a period of four years is not an undue burden on Defendants. In contrast the burden to Plaintiffs of ascertaining the same information from Defendants' document production would be much greater. Please reconsider your reliance on Rule 33(d) and confirm that you will supplement Plaintiffs' answer to Interrogatory No. 19 with a substantive response.

If Defendants do not agree to supplement their responses to Interrogatory Nos. 2, 3, 4, 8, 9, 10, 19 and 20 to and provide substantive responses without reliance on Rule 33(d), we will not hesitate to raise this issue with the Court.

As to the other specific objections, Defendants objected to Interrogatory Nos. 4, 8, 9, 13, 14, 15, 16, 17 and 18 on the basis that these requests "seek[] to discover information prepare in anticipation of litigation or for trial or which is otherwise covered by the attorney work product or attorney client privilege." The mere fact of the identity of someone employed or retained by BBW who reviewed the '516 patent, as sought by Interrogatory No. 4, cannot in and of itself be privileged. Nor can the fact of the identity of someone who has knowledge or has reviewed legal opinions, as sought by Interrogatory No. 8. Additionally, facts underlying your legal contentions as sought by Interrogatory No. 13-18 are not privileged. We request that you withdraw this objection and confirm that you are not withholding any information in response to Interrogatory Nos. 4, 8, 9, 13, 14, 15, 16, 17 and 18 on the basis of this objection.

In response to Interrogatory No. 7, Defendants identified several people with knowledge regarding the marketing, advertising, promotion and sales of BBW antibacterial products, but Defendants did not indicated which of these three individuals are the most knowledgeable regarding these activities or the particular products about which each of these individuals are knowledgeable. Please confirm that after amending their response to Interrogatory No. 2 to identify the particular products requested, Defendants will also amend their response to

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
April 16, 2007
Page 6

Interrogatory No. 7 accordingly.

Defendants' objection to Interrogatory Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18 and 20 as "premature" should be withdrawn. Although Defendants have the right to supplement their interrogatory responses if necessary, they do not have the right to withhold information on the basis that these Interrogatory responses are premature. If you contend that you are not required to respond to these interrogatories at the present time, please identify the legal basis for your position. Otherwise, please withdraw these objections and confirm that you are not withholding any information responsive to Interrogatory Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18 and 20 on this basis.

Defendants' response to Interrogatory No. 11, which seeks the _detailed_ factual basis for Defendants' invalidity contentions is completely inadequate. Defendants referred plaintiffs to a range of almost three hundred pages of documents and provided absolutely no information whatsoever regarding the specific basis for their invalidity theories. Plaintiffs are entitled to discover the specific factual bases for Defendants' invalidity contentions. Defendants' response contains precious little information not already set forth in the answer. Furthermore, Defendants reliance on Rule 33(d) in response to this Interrogatory is entirely inappropriate for the same reasons set forth above. "The option afforded by Rule 33(d) is not a procedural device for avoiding the duty to give information." _See Scripps Clinic and Research Foundation v. Baxter Travenol Labs, Inc._, 1998 U.S. Dist. Lexis 7495 at * 30 (D. Del. 1988). Although Defendants have the right to supplement their interrogatory responses if necessary, Defendants have an obligation to provide a detailed substantive response to this Interrogatory at present.

Defendants' response to Interrogatory Nos. 12 and 18, which again rely on Rule 33(d) and refer Plaintiffs to a range documents are woefully inadequate for the same reasons stated above for Interrogatory No. 11. If Defendants do not agree to immediately supplement their responses to Interrogatory Nos. 11, 12 and 18 (without relying on Rule 33(d)), we will not hesitate to raise these issues with the Court.

Very truly yours,

C. Nichole Gifford

CNG:djc

# EXHIBIT 4



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro

*Not Admitted in D.C.

Anne M. Sterba
Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Adam M. Treiber
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Thomas D. Lyford
Oliver L. Edwards*
David B. Orange

Of Counsel
John A. McCahill
Brian E. Banner

July 13, 2007

**VIA FACSIMILE**

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY 10017

      Re:   *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
            Case No. 06-00601 (***) (U.S. District Court for the District of Delaware)
            <u>Our Ref. No. 3233-101</u>

Dear Michael:

      I have not received a response to my letter of April 16, 2007 regarding the deficiencies in the Defendants' Responses to Plaintiff's First Set of Interrogatories.  Please let me know when I can expect to receive a response to my letter, and whether Defendants intend to provide supplemental interrogatory responses as requested.

                    Very truly yours,

                    C. Nichole Gifford

CNG:djc

# EXHIBIT 5

## WARD & OLIVO

### ATTORNEYS AT LAW
708 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 697-6262
FAX (212) 972-5866

_____

382 SPRINGFIELD AVENUE
SUMMIT, NEW JERSEY 07901
(908) 277-3333
FAX (908) 277-6373

_____

E-MAIL: mail@wardolivo.com

July 30, 2007

*Via Regular Mail*

C. Nichole Gifford, Esq.
Rothwell, Figg, Ernst, & Manbeck, P.C.
1425 K Street, NW
Suite 800
Washington, DC  20005


Re: <u>Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.</u>
(06-cv-601 (***))

Dear Nicole:

This is in response to your letters dated April 16 and July 13, 2007 regarding your allegations of deficiencies in the Limited Defendants' interrogatory responses.  As a threshold matter, we find your allegations to be without merit.  Nevertheless, our response is set forth below.

Initially, we do not agree that "Plaintiffs Interrogatories are narrowly tailored to seek highly relevant information."  As noted in the Limited Defendants' interrogatory responses, and as you are undoubtedly aware, the patent-in-suit does not cover all anti-bacterial products.  Despite this, you should have now received the Limited Defendants' initial production of confidential documents, which include all BBW products that contain Triclosan or are marketed as an anti-bacterial lotion.

Next, the Limited Defendants' maintain that their objection as "unlimited in time" is appropriate.  *In re: Conopco* is not controlling here.  However, where appropriate, the Limited Defendants have and will produce responsive documents as required by the Federal Rules.

C. Nicole Gifford, Esq.
July 30, 2007
Page 2

**WARD & OLIVO**

Turning now to your comments regarding specific discovery responses, as noted in the Limited Defendants' response, Interrogatory No. 1 is vague, overly broad and unduly burdensome. If Plaintiffs appropriately narrow this request, the Limited Defendants will consider supplementing their response.

Next, the Limited Defendants' reliance on Rule 33(d) is wholly appropriate. First, based on Plaintiffs' broad requests, the Limited Defendants have produced over 11,000 pages of documents to date, and given that the parties have agreed to a rolling production at Plaintiffs' request, several more thousand pages will be produced in due course. Further, as Plaintiffs are well aware, discovery, including document production, is currently ongoing. Indeed, the Limited Defendants have not received all of Plaintiffs' documents yet. Notwithstanding the foregoing, the Limited Defendants will supplement their responses with the Bates No(s). of any responsive documents in accordance with Fed. R. Civ. P. Rule 26(e).

Second, it is unduly burdensome for Plaintiffs to request that the Limited Defendants essentially re-create information that is readily ascertainable from the documents themselves. For example, the Limited Defendants have produced ingredient lists for all BBW products containing Triclosan or marketed as an anti-bacterial lotion, as well as the corresponding financial information for such products. Moreover, as of the date of your April 16 letter, the Limited Defendants find your request to "specify the record" disingenuous as many of the documents are confidential and had not yet been produced since the Protective Order had not been entered.

Finally, the Limited Defendants maintain that Plaintiffs' contention interrogatories are premature. Discovery is ongoing. The initial exchange of confidential documents occurred only recently. Depositions have not yet been taken, and the Limited Defendants are still in the process of reviewing the voluminous prior art. The Limited Defendants will supplement their interrogatory responses appropriately in accordance with Fed. R. Civ.P. Rule 26(e).

Very truly yours,

David M. Hill

# EXHIBIT 6



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro
Anne M. Sterba
Brian A. Tollefson

Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Adam M. Treiber
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Thomas D. Lyford
Oliver L. Edwards
David B. Orange
John H. Curry
Ryan P. Wallace

Of Counsel
John A. McCahill
Brian E. Banner

**BY FACSIMILE AND U.S. MAIL**

January 23, 2008

David Hill, Esq.
Ward & Olivo
382 Springfield Avenue
Summit, NJ 07902-0050

Re: <u>Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.</u>
Case No. 06-00601-(***) (U.S. District Court for the District of Delaware)
Our File No. 3233-101

Dear Mr. Hill:

I am writing to again address the deficiencies in Bath and Body Works, Inc. and Limited Brand Inc.'s (collectively "BBW" or "Defendants") Interrogatory Responses. I first wrote to Mr. Zinna regarding the numerous deficiencies in BBW's Interrogatory Responses on April 16th. After receiving no response for several months, I sent a second letter to Mr. Zinna in mid-July. I received your letter of July 30th, however, this letter does not substantively address many of the issues that were brought to your attention in my original letter. I am writing today in a final attempt to resolve these issues without the need for intervention from the Court.

<u>First</u>, my April 13th letter cited relevant case law regarding the proper scope of time for which you should provide relevant information and requested confirmation that Defendants will not withhold information responsive to Plaintiffs' Interrogatories and Document Requests on the basis that it relates to events that occurred prior to the issuance of the '516 patent. The statement in your July 13th letter that you will produce responsive documents as required by the Federal Rules begs the question. First, your response only related to documents, not to interrogatory responses. Second, your response provided absolutely no clarity regarding the particular time frame that you believe you are entitled to impose on BBW's responses. I would appreciate a direct answer to this question.

<u>Second</u>, my April 13th letter also addressed your objection to the definition of BBW antibacterial products. As previously explained, the subject matter of the '516 patent is antimicrobial skin care compositions for moisturizing the skin. Accordingly, Plaintiffs are

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

David Hill, Esq.
January 23, 2008
Page 2

entitled to discovery (including interrogatory responses and documents) regarding each of Defendants' antimicrobial (or antibacterial) cleansers and moisturizers. Your July 13th letter indicated that you have produced documents relating to all BBW products that contain Triclosan and are marketed as an anti-bacterial lotion. Once again, your letter does not address interrogatory responses. Therefore, please confirm that you will supplement your interrogatory responses where appropriate to include information relating to all products manufactured, distributed or sold by BBW that contain Triclosan.

Third, with respect to Interrogatory No. 1, your letter of July 13th indicated that Defendants would consider supplementing their response to Interrogatory No. 1 if Plaintiffs further limited the request. We believe that this request is sufficiently narrow as written, however, in an effort to resolve any possible objections we will agree to limit this request to the identity of all persons involved in and the persons most knowledgeable concerning the development of BBW products that contain Triclosan and the capacity with which each person was involved. Please confirm that BBW will supplement its response to provide the specific information sought by this interrogatory without reliance on Rule 33(d) without further delay.

Fourth, Defendants failed to substantively respond at all to Interrogatory Nos. 2, 3, 4, 8, 9, 10, 19 and 20 and relied solely on Rule 33(d), and Defendants' reliance on Rule 33(d) for each of these Interrogatories is improper for the reasons set forth in my letter of April 16th. Your July 30th letter does not address each of these interrogatory responses individually, but generally asserts that BBW's reliance on Rule 33(d) is appropriate. While we appreciate your agreement to provide specific Bates numbers for documents that contain some of the information responsive to some of these requests, this is not a complete or satisfactory response in most instances.

More specifically, Interrogatory No. 2 seeks the identity of all BBW antibacterial products developed, manufactured, produced or sold by Defendants since June 17th 2003 as well as the person responsible for the development, manufacture, production and sale of each product. The burden of deriving or ascertaining the "answer" to Interrogatory No. 2 from the 123,594 pages of documents produced by Defendants is not substantially the same for the Plaintiffs as for the Defendants.

Interrogatory No. 3 requests a list of the ingredients contained in the products identified in response to Interrogatory No. 3 and the function and/or purpose of each ingredient. Although you may have produced ingredient lists for each of these products, you have not yet identified the Bates numbers for those documents, nor do you indicate that such lists would include the function and/or purpose of each ingredient as requested by Interrogatory No. 3.

Interrogatory No. 4 seeks the identity of all persons employed or retained by or on behalf of Defendants who have reviewed or examined the '516 patent in any capacity and Interrogatory

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

David Hill, Esq.
January 23, 2008
Page 3

No. 8 seeks the identify of all persons who have knowledge of or who have reviewed any opinions of counsel concerning the '516 patent. Interrogatory No. 9 requests that Defendants identify all legal opinions (written or oral), identify the person providing the opinion, and state whether or not Defendants intend to rely on such opinions in defending against the allegation of willful infringement. Your letter does not address any of these three interrogatories at all and we fail to see how a complete response to these interrogatories could be ascertained from the documents produced by Defendants.

Interrogatory No. 10 requests that Defendants provide their proposed claim construction for each claim element of every claim of the '516 patent which they contend are not present in each of the BBW antibacterial products. Interrogatory No. 20 also seeks Defendants' claim construction of any claim element of the '516 patent that they contend must be construed in this matter. Again, your July 16th letter does not address either of these interrogatories, and there is simply no way that a response could be ascertained from the documents produced by the Defendants.

Finally, Interrogatory No. 19 seeks the amount of profit and revenue that Defendants have received for each of their antibacterial products on a yearly basis from June 2003 to present. We question whether all of this information is succinctly contained in documents produced by Defendants, however, if it is your position that such information has been included in documents produced by Defendants, then please supplement your response to Interrogatory No. 19 to identify the specific documents as required by Rule 33(d) immediately.

Fifth, your letter did not respond to our request for confirmation that you are not withholding any information in response to Interrogatory Nos. 4, 8, 9, 13, 14, 15, 16, 17 and 18 on the basis of the objection that these requests "seek[] to discover information prepared in anticipation of litigation or for trial or which is otherwise covered by the attorney work product or attorney client privilege." We would appreciate a direct response on this point.

Sixth, your letter did not address Defendants' failure to indicate which of the three individuals identified in response to Interrogatory No. 7 are the most knowledgeable regarding the marketing, advertising, promotion and sales of BBW antibacterial products. Therefore, I am unable to ascertain if you are unable or simply unwilling to provide this information. Please state your position on this response.

Seventh, your letter did not respond to my request for confirmation that you are not withholding information responsive to Interrogatory Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18 and 20 on the basis of your objection that these requests are "premature." I would appreciate a direct response to this issue.

Finally, Defendants' responses to Interrogatory Nos. 11, 12 and 18 were incomplete and

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

David Hill, Esq.
January 23, 2008
Page 4

insufficient, and my April 16th letter requested that you supplement these responses. Once again, your July 30th letter did not address these interrogatory responses.

Given the vast amount of time that BBW took to respond to my original letter, I do not understand why you were unable to fully address each of the issues set forth therein. In light of the fact that these issues were first raised more than nine months ago, we request that you provide a complete response addressing each of the issues identified above by close of business on February 6th. Otherwise, please let me know your availability for a meet and confer on February 7th at 2:00pm to discuss each of Defendants' Interrogatory Responses.

Very truly yours,

C. Nichole Gifford

cc: Sharon Davis, Esq.

CNG:djc

# EXHIBIT 7



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

| | |
|---|---|
| G. Franklin Rothwell | Anne M. Sterba |
| E. Anthony Figg | Lisa N. Phillips |
| Barbara G. Ernst | C. Nichole Gifford |
| Harry F. Manbeck, Jr. | Patrick T. Skacel |
| George R. Repper | Monica C. Kitts |
| Steven Lieberman | Brian A. Tollefson |
| Joseph A. Hynds | Joo Mee Kim |
| Richard Wydeven | R. Elizabeth Brenner-Leifer |
| Martin M. Zoltick | Adam M. Treiber |
| Minaksi Bhatt | Daniel L. Shores |
| Sharon L. Davis | Joseph E. Green |
| Robert B. Murray | John A. Evans, Ph.D. |
| Jeffrey L. Ihnen | Thomas D. Lyford |
| Glenn E. Karta | Oliver L. Edwards |
| Martha Cassidy, Ph.D. | David B. Orange |
| Brian S. Rosenbloom | |
| Jason M. Shapiro | Of Counsel |
| | John A. McCahill |
| | Brian E. Banner |

**BY FACSIMILE AND U.S. MAIL**

February 8, 2008

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY 10017

Re:     *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
        Case No. 06-00601-(JJF) (U.S. District Court for the District of Delaware)
        Our File No. 3233-101

Dear Michael:

I have written to both you and your colleague Mr. Hill several times regarding the deficiencies in the Limited Defendants' interrogatory responses. My most recent letter of January 23rd, requested a substantive response by February 6th or alternatively, a meet and confer on February 7th. That schedule provided you more than a sufficient amount of time for you to respond to my letter, particularly since these issues were first brought to your attention months ago. After the close of business on February 6th I received an e-mail from you indicating that you would respond to my letter by February 12th.

We are very concerned with the Defendants' continued delay in providing basic discovery sought by Plaintiffs' interrogatories. In light of this *de facto* extension, we expect your response to substantively address all of the issues we have raised. We will proceed with a meet and confer concerning any unresolved issues on Thursday, February 14th at 3:00 pm.

Very truly yours,

C. Nichole Gifford

C. Nichole Gifford

cc:  Sharon Davis, Esq.

CNG:djc

# EXHIBIT 8

# WARD & OLIVO

ATTORNEYS AT LAW
382 SPRINGFIELD AVENUE
SUMMIT, NEW JERSEY 07901
(908) 277-3333
FAX (908) 277-6373

———

380 MADISON AVENUE
NEW YORK, NEW YORK 10017
(212) 697-6262
FAX (212) 972-5866

———

E-MAIL : mail@wardolivo.com

February 12, 2008

*Via Email*
C. Nichole Gifford, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Re: Laboratory Skin Care, Inc. et al. v. Limited Brands, Inc. et al.
Case No. 06-00601-(JFF); Our File No.: 130-181

Dear Nichole:

This is in response to your recent letters to me and David Hill regarding alleged deficiencies in the defendants' (hereinafter collectively, "BBW") interrogatory responses in the above-referenced case.

As a threshold matter, we note that your clients have repeatedly refused to identify exactly which products are in suit. We have been requesting this information since before this case was filed. Most recently, I requested this information from Sharon Davis on January 31, 2008. That request was again refused. Responding to your clients' discovery requests without any clear indication of what products your clients deem infringing was extremely burdensome. Despite this burden, BBW has supplied you with documents and information for approximately 400 products, including detailed formulas and ingredient lists which you have had since July 16, 2007. See, for example, BBW 006098 – 006497. These products include all of BBW's liquid products that contain Triclosan and/or are antibacterial and/or antimicrobial.

Your letter of January 23, 2008 mentions two letters you received from David Hill, one on July 13, 2007 and one on July 30, 2007. Our records do not contain a letter

# WARD & OLIVO

C. Nichole Gifford, Esq.
February 12, 2008
Page 2

to you of July 30. Your January 23, 2008 letter also mentions your previous letters to us of April 13, 2007 and April 16, 2007. We never received your April 16 letter. Please forward a copy for our review. In the meantime, I will address the issues presented in your January 23, 2008 letter.

1. BBW has not limited its interrogatory responses or its document production based on its objection to the scope of time covered by your clients' requests. We note, however, that despite your assertion to the contrary, you have *not* cited any controlling case law that supports your position on this issue.

2. Our objection to your definition of "antibacterial products" stands, and it underscores our need for a list of accused products. The '516 patent cannot possibly cover the definition proposed in your discovery definitions – "all products that have, or are labeled or advertised as having, antibacterial properties." Furthermore, the broad assertion in your January 23 letter that the '516 patent covers "antimicrobial skin care compositions for moisturizing the skin" conveniently and improperly ignores the plain language of the claims and the specification.

Your January 23 letter is a perfect example of the lack of clarity your proposed definition has created. Within the space of one paragraph, you assert that your clients are entitled to discovery regarding "antimicrobial (or antibacterial) cleansers and moisturizers," but you then assert that BBW's responses should simply cover all products "that contain Triclosan." Which is it?

Your letter of January 23 incorrectly characterizes BBW's production as narrower than it actually is (i.e., it is not limited to products that contain Triclosan *and* that are marketed as anti-bacterial lotions). BBW has produced documents and information concerning all of its liquid products that contain Triclosan and/or are antibacterial and/or antimicrobial. BBW has more than met its discovery obligations by producing documents and information along these lines. In short, BBW's production has been overly broad.

3. We disagree that Interrogatory Request No. 1 is sufficiently narrow. The request asks for the identity of all persons involved in the development of BBW anti-bacterial products and the person most knowledgeable about said development. Among other things, your definition of antibacterial products is overly broad, as we have repeatedly noted. Despite this, BBW's response did include the name and title of Michael Regina, the BBW employee most knowledgeable about this topic. The response will be supplemented to provide the nature and extent of Mr. Regina's involvement, but no further information responsive to Interrogatory No. 1 will be provided until you provide us with a list of accused products. It is likely that most of the information

# WARD & OLIVO

C. Nichole Gifford, Esq.
February 12, 2008
Page 3

responsive to this request would be in the possession or control of BBW vendors, not BBW itself.

4. (a) The identity of BBW's antibacterial products can be easily ascertained from the formula sheets produced by BBW. See BBW 006098 – 006497. The burden of reviewing these documents is the same for both parties. Our reliance on Rule 33(d) is entirely appropriate.

(b) The ingredients contained in BBW's antibacterial products can be ascertained from BBW 006098 - 006497. The burden of reviewing these documents is the same for both parties. Our reliance on Rule 33(d) is entirely appropriate. To the extent documents containing the function and/or purpose of these ingredients exist and are in BBW's possession or control, they have been produced. Beyond this, you will need to pursue discovery from the third parties that actually make these products for BBW.

(c) Interrogatory No. 4 seeks the identity of all persons employed by or retained by BBW who have reviewed or examined the '516 patent. BBW's response will be supplemented. Interrogatory Nos. 8 and 9 request the identity of all persons with knowledge of any opinion of counsel and the identity of any such opinions. Responses to these interrogatories necessarily involve privileged documents and information and will be supplemented when and if the defendants wish to rely on any such opinions, if they exist.

(d) Interrogatory No. 10 requests BBW's proposed claim construction. Interrogatory No. 20 requests a list of claim elements that BBW contends must be construed. Without a list of accused products, providing any further response to either of these interrogatories would be unduly burdensome for BBW. In addition, both interrogatories are premature. The information requested will be provided pursuant to the Court-ordered claim construction deadlines. Finally, Interrogatory No. 10 is overly broad. It requests information regarding "each claim" of the '516 patent, but there are only a select number of claims-in-suit. Please narrow this Interrogatory.

(e) Documents supporting our response to Interrogatory No. 19 are marked as BBW 005969 - 006077. Our reliance on these documents is appropriate under Rule 33(d).

5. We are not aware of any obligation to respond to your request for confirmation that we are not withholding information on the basis of any applicable privilege. If you have legal precedent for our review, please provide it and we will take the matter under advisement. An appropriate privilege log will be provided at the appropriate time.

# WARD & OLIVO

C. Nichole Gifford, Esq.
February 12, 2008
Page 4


6. With regard to Interrogatory No. 7, since you have refused to provide a list of allegedly infringing products, it is impossible for us to designate the individual most knowledgeable regarding marketing, advertising and promotion.  We cannot provide the name of someone most knowledgeable about unidentified products.

7. Other than as noted above, we are not withholding any information responsive to Interrogatory Nos. 10 – 18 and 20 on the basis that they are premature.

8. We disagree that we are required to provide you with a more detailed answer to Interrogatory Nos. 11 and 12 at this time, and you have proffered no legal authority to the contrary.  The defendants are not avoiding their duty to give information, as you assert without any substantiation.

The defendants will of course supplement their responses in accordance with the Federal Rules.

This will confirm that I am available for a meet and confer on February 14, 2008 at 3:00 p.m.  Please forward call-in information at your convenience.


Very truly yours,

Michael J. Zinna

c: David M. Hill, Esq.

# EXHIBIT 9



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

| | |
|---|---|
| G. Franklin Rothwell | Anne M. Sterba |
| E. Anthony Figg | Lisa N. Phillips |
| Barbara G. Ernst | C. Nichole Gifford |
| Harry F. Manbeck, Jr. | Patrick T. Skacel |
| George R. Repper | Monica C. Kitts |
| Steven Lieberman | Brian A. Tollefson |
| Joseph A. Hynds | Joo Mee Kim |
| Richard Wydeven | R. Elizabeth Brenner-Leifer |
| Martin M. Zoltick | Adam M. Treiber |
| Minaksi Bhatt | Daniel L. Shores |
| Sharon L. Davis | Joseph E. Green |
| Robert B. Murray | John A. Evans, Ph.D. |
| Jeffrey L. Ihnen | Thomas D. Lyford |
| Glenn E. Karta | Oliver L. Edwards* |
| Martha Cassidy, Ph.D. | David B. Orange |
| Brian S. Rosenbloom | |
| Jason M. Shapiro | Of Counsel |
| | John A. McCahill |
| *Not Admitted in D.C. | Brian E. Banner |

February 14, 2007

**VIA FACSIMILE**

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY  10017

Re:    *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
       Case No. 06-00601 (***) (U.S. District Court for the District of Delaware)
       <u>Our Ref. No. 3233-101</u>

Dear Michael:

This letter will confirm our discussion and the agreements reached this afternoon during the meet and confer.

As an initial matter, your letter of February 12th identified a set of documents, BBW 006098-006497, which you have represented contains formula sheets for all non-solid BBW products that either contain triclosan or are marketed as antibacterial.  BBW is relying on that set of documents in response to Interrogatory Nos. 2 for the identity of all BBW Antibacterial Products and in response to Interrogatory No. 3 for the ingredients contained therein.

Plaintiffs will review these formula sheets in detail and will identify which specific products (or product lines) identified in these formula sheets are being accused of infringement (and which are not) no later than March 3rd.  To the extent the formula sheets do not contain enough information about a specific product for Plaintiffs to make such a determination, Plaintiffs will request additional information from BBW for those products.  Of course, Plaintiffs reserve their right to assert infringement claims against any product that is not identified in the formula sheets. Plaintiffs will also supplement their response to Interrogatory No. 6 to provide more detailed infringement contentions with respect to the BBW Antibacterial Moisturizing Hand Lotion by March 3rd.  Plaintiffs will provide infringement contentions with respect to any additional products identified in the list discussed above by March 17th. Finally, Plaintiffs are not

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
February 14, 2008
Page 2

seeking additional discovery regarding any BBW products that do not contain triclosan and will not be accusing any non-triclosan containing products of infringement.

With respect to Interrogatory No. 1, Defendants have agreed to supplement their response to identify all persons (including third party vendors) involved in the development, the person most knowledgeable about the development, and the nature, extent and duration of the involvement for the Antibacterial Moisturizing Hand Lotion already accused of infringement by March 3rd. Defendants have agreed to supplement their response to Interrogatory No. 1 for any additional products accused of infringement (as identified in the list discussed above) by March 17th.

With respect to Interrogatory No. 2, Defendants have agreed to supplement their response to identify all persons (including third party vendors) responsible for the development, manufacture, production and sale of the Antibacterial Moisturizing Hand Lotion already accused of infringement by March 3rd. Defendants have agreed to supplement their response to Interrogatory No. 2 for any additional products accused of infringement (as identified in the list discussed above) by March 17th.

With respect to Interrogatory No. 3, Defendants have agreed to supplement their response to identify the function and/or purpose of each individual ingredient of the Antibacterial Moisturizing Hand Lotion already accused of infringement by March 3rd. Defendants have agreed to supplement their response to Interrogatory No. 3 for any additional products accused of infringement (as identified in the list discussed above) by March 17th.

Defendants have agreed to supplement Interrogatory No. 4, as stated in your Feb. 4th letter.

With respect to Interrogatory Nos. 8 & 9, the parties agreed that there should be a date certain by which BBW will indicate whether it intends to rely on an advice of counsel defense. If Defendants intend to assert such a defense, Plaintiffs need time to conduct discovery on this issue. Therefore, we propose that Defendants provide this information by March 11th. Please let me know if that date is acceptable.

With respect to Interrogatory Nos. 10 and 20, the parties have agreed that lists of claim terms that require construction and proposed claim constructions will be exchanged in accordance with the Court's scheduling order and Markman proceedings. However, Defendants have agreed to supplement their response to Interrogatory No. 10 to identify its non-infringement contentions for each of the accused products by March 17th.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
February 14, 2008
Page 3


     Defendants have agreed to supplement their response to Interrogatory Nos. 11, 12 and 18 to identify their invalidity contentions by March 3rd.

     If your understanding differs from mine, please let me know.


                      Very truly yours,



                      C. Nichole Gifford

# EXHIBIT 10

## C. Nichole Gifford

**From:**          Zinna, Michael [zinnam@wardolivo.com]
**Sent:**          Friday, February 15, 2008 10:36 AM
**To:**            C. Nichole Gifford
**Cc:**            Nardone, Melissa; Colsher, Patrick
**Subject:**       RE: LSC v. BBW

Nikki:


This is in response to your letter of February 14, 2007.


With regard to Interrogatory No. 3, I specifically stated during our call that I am not
certain anyone at BBW has the requested information.  I agreed to confirm whether this
information is within BBW's possession and control, and to provide it to you only if it
is.  If it is not, but BBW knows the identity of an entity who would have the requested
information, that will be provided.


Thank you,

Mike


--------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------
-------------------------------------------------------

This electronic mail message (including any attachments) is confidential and may be
protected by attorney-client privilege, other privileges, and/or may constitute non-public
information.  This message is intended only for the use of the designated recipient(s).
Use, dissemination, distribution, or reproduction of this message by unintended recipients
is not authorized and may be unlawful.  If you have received this message in error, please
delete this original message and remove all copies from your computer memory or storage.
Thank you.


Ward & Olivo


382 Springfield Ave.
Summit, New Jersey  07901
Telephone: (908) 277-3333
Facsimile: (908) 277-6373


---------------------------------


380 Madison Avenue
New York, New York  10017

Telephone: (212) 697-6262
Facsimile: (212) 972-5866

---

From: C. Nichole Gifford [mailto:ngifford@rothwellfigg.com]
Sent: Thursday, February 14, 2008 7:20 PM
To: Zinna, Michael
Subject: LSC v. BBW

Mike,

 The letter summarizing our call today is attached.

Thanks,

Nikki

------------------------------------------------------------------------------------
------------------------------------------------
This electronic mail message (including any attachments) is confidential and may be
protected by attorney-client privilege, other privileges, and/or may constitute non-public
information.  This message is intended only for the use of the designated recipient(s).
Use, dissemination, distribution, or reproduction of this message by unintended recipients
is not authorized and may be unlawful.  If you have received this message in error, please
delete this original message and remove all copies from your computer memory or storage.
Thank you.

Ward & Olivo
382 Springfield Ave.
Summit, New Jersey  07901
Telephone: (908) 277-3333
Facsimile: (908) 277-6373
------------------------------
380 Madison Ave.
New York, New York  10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866

# EXHIBIT 11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI, | ) ) ) | Civil Action No. 06-601 (JFF) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| LIMITED BRANDS, INC., and BATH & BODY WORKS, INC., | ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |

### DEFENDANTS BATH & BODY WORKS, INC.'S AND LIMITED BRANDS, INC.'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively the "Limited Defendants") supplement herein their response to Plaintiffs Zahra Mansouri's and Laboratory Skin Care, Inc.'s (collectively "Plaintiffs") First Set of Interrogatories. The Limited Defendants incorporate by reference the "General Objections and Comments" and specific objections and responses set forth in Defendants Bath & Body Work, Inc.'s and Limited Brands, Inc.'s Response to Plaintiffs' First Set of Interrogatories ("Original Response").

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 1-4, 11-12, 18

### INTERROGATORY NO. 1

*Identify all persons involved in, and identify the persons who are most knowledgeable of, the development of the BBW anti-bacterial products, including, but not limited to, BBW's Warm Vanilla Sugar™ and Coconut Lime Verbena products, and any other BBW anti-bacterial products and describe in detail the nature, extent and duration of each person's involvement and/or knowledge.*

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1

The Limited Defendants incorporate herein the specific objections identified in the Limited Defendants' Original Response. Subject to the foregoing and the general objections referenced above, the Limited Defendants supplement their response to Interrogatory No. 1 as follows:

The person most knowledgeable about the development of BBW's Anti-Bacterial Moisturizing Lotion is Michael Regina, Director, Research & Development, Beauty Avenues, Inc. Mr. Regina oversees the research and development of many BBW anti-bacterial products. The Limited Defendants further identify Tri Tech Laboratories and Thibiant International Inc. as third parties likely to have knowledge of the development of BBW's Anti-Bacterial Moisturizing Lotion. Pursuant to the agreement reached with Plaintiffs, the Limited Defendants will supplement their response to this Interrogatory No. 1 after Plaintiffs provide a complete list of accused products, if necessary.

-2-

## INTERROGATORY NO. 2

*Provide a list of all BBW anti-bacterial products developed, manufactured, produced or sold by BBW or LBI since June 17,2003, and identify all persons responsible for the development, manufacture, production and sale of each product.*

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2

The Limited Defendants incorporate herein the specific objections identified in the Limited Defendants' Original Response. Subject to the foregoing and the general objections referenced above, the Limited Defendants supplement their response to Interrogatory No. 2 as follows:

To the extent that this Interrogatory No. 2 is not duplicative of Interrogatory No. 1, the Limited Defendants identify Tri Tech Laboratories and Thibiant International Inc. as third parties likely to have knowledge of the manufacture and production of BBW's Anti-Bacterial Moisturizing Lotion.

Pursuant to the agreement reached with Plaintiffs, the Limited Defendants will supplement their response to this Interrogatory No. 2 after Plaintiffs provide a complete list of accused products, if necessary.

Moreover, pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 2, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges have been produced to Plaintiffs. The Limited Defendants identify at least the following documents: BBW 006098-006497.

## INTERROGATORY NO. 3

*On a product-by-product basis, provide a list of all ingredients contained in each BBW anti-bacterial product identified in response to Interrogatory No. 2 and identify the function and/or purpose of each individual ingredient.*

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3

The Limited Defendants incorporate herein the specific objections identified in the Limited Defendants' Original Response.  Subject to the foregoing and the general objections referenced above, the Limited Defendants supplement their response to Interrogatory No. 3 as follows:

The Limited Defendants are not aware of the function and/or purpose of each individual ingredient of any of their anti-bacterial products.  The Limited Defendants do not manufacture any of the anti-bacterial products.

Pursuant to the agreement reached with Plaintiffs, the Limited Defendants will supplement their response to this Interrogatory No. 3 after Plaintiffs provide a complete list of accused products, if necessary.

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 3, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges have been produced to Plaintiffs. The Limited Defendants identify at least the following documents, which include the ingredients for BBW anti-bacterial products: BBW 006098-006497.

**INTERROGATORY NO. 4**

Identify all persons employed or retained by or on behalf of BBW or LBI who have reviewed or examined the '516 patent in any capacity.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

The Limited Defendants incorporate herein the specific objections identified in the Limited Defendants' Original Response. Subject to the foregoing and the general objections referenced above, the Limited Defendants supplement their response to Interrogatory No. 4 as follows:

There has been no non-privileged review of the '516 patent by any person employed by or retained by the Limited Defendants.

**INTERROGATORY NO. 11**

Explain in detail the complete factual basis for your contention that the '516 patent is invalid, including a detailed explanation of each legal theory upon which you base any invalidity contentions, identifying with particularity each event, disclosure, reference, or publication forming the basis for such contention, including each party or person with knowledge of any such event, disclosure, reference, publication and all documents and things that support, contradict or relate to your contention.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

The Limited Defendants incorporate herein the specific objections identified in the Limited Defendants' Original Response. Subject to the foregoing and the general objections referenced above, the Limited Defendants supplement their response to Interrogatory No. 11 as follows:

The '516 patent is invalid under 35 U.S.C. §§ 101 et. seq. for at least the following reasons.

The '516 patent is invalid under 35 U.S.C. § 102(a) because the claimed composition was patented in this and/or a foreign country before conception and reduction to practice by the applicant. Independent Claim 1 claims "[a] moisturizing composition for applying to and leaving on human skin, the composition in the form of an antimicrobial lotion composition," the composition requiring:

"(a) an amount of triclosan effective to kill microorganisms present on the skin;

(b) an emollient present in an amount effective to moisturize the skin; and

(c) a lotion base comprised of a physiologically and cosmeceutically acceptable vehicle
wherein said components of said lotion are present in amounts sufficient to provide an effective antimicrobial lotion."

Independent Claim 12 claims "[a] method for moisturizing the skin and killing microorganisms thereon, said method comprising:

applying to and leaving on the skin a moisturizing composition in the form of an antimicrobial lotion comprising:

(a) an amount of triclosan effective to kill microorganisms present on the skin;

(b) an emollient present in an amount effective to moisturize the skin; and

(c) a lotion base comprised of a physiologically and cosmeceutically acceptable vehicle

wherein said components of said lotion are present in amounts sufficient to provide an effective antimicrobial lotion."

Dependent Claims 3-7 and 14-18 provide further restrictions on Claims 1 and 12, respectively.

At least the following references disclose each of the above-elements of Claims 1, 3-7, 12 and 14-18, either literally or under the doctrine of equivalents, and therefore anticipate the accused claims of the '516 patent:

U.S. Patent Nos. 4,197,318, 4,512,987, 4,606,913, 4,764,365, 4,954,532, and 5,112,613.

The '516 patent is also invalid under 35 U.S.C. § 102(b) because the claimed invention was offered for sale more than one year prior to the filing date of the earliest patent to which the '516 patent can claim priority, by, among others, the inventor herself.

The '516 patent is also invalid under 35 U.S.C. § 103. At least the following references, in one or more combinations, render Claims 1, 3-7, 12 and 14-18 of the '516 patent obvious:

U.S. Patent Nos. 3,761,417, 3,860,705, 3,944,506, 3,982,022, 4,010,252, 4,048,123, 4,057,648, 4,098,877, 4,197,318, 4,252,826, 4,263,284. 4,293,544, 4,294,852, 4,294,855, 4,301,145, 4,321,257, 4,322,545, 4,323,694, 4,324,785, 4,326,977, 4,331,655, 4,350,605, 4,390,442, 4,431,837, 4,440,741, 4,440,742, 4,440,745, 4,467,117, 4,490,280, 4,512,987, 4,568,697, 4,569,839, 4,569,944, 4,578,405, 4,587,262, 4,606,913, 4,608,392, 4,609,677, 4,623,663, 4,626,529, 4,673,526, 4,737,360, 4,743,440, 4,762,642, 4,764,365, 4,767,618, 4,808,415, 4,822,596, 4,822,602, 4,839,080, 4,839,166, 4,847,078, 4,883,659, 4,906,454, 4,939,179, 4,950,475, 4,954,532, 4,975,218, 5,039,516, 5,078,991, 5,085,856, 5,100,918, 5,112,613, 5,114,717, 5,126,136, 5,128,123, 5,128,139, 5,137,875, 5,139,781, 5,147,574, 5,156,835, 5,158,699, 5,160,494, 5,162,378, 5,169,631, 5,180,579, 5,185,377, 5,194,250, 5,211,961, 5,215,757, 5,244,666, 5,254,334, 5,256,396, 5,279,824, 5,296,157, 5,296,158, 5,298,242, 5,312,559, 5,326,557, 5,356,803, 5,362,494, 5,370,876, 5,380,528, 5,399,343, 5,403,864, 5,407,668, 5,409,705, 5,416,075, 5,417,875, 5,420,118, 5,424,070, 5,433,943, 5,435,996, 5,437,867, 5,441,671, 5,442,053, 5,443,760, 5,449,512, 5,449,763, 5,458,880, 5,462,736, 5,476,660, 5,482,710, 5,484,597, 5,494,533, 5,496,488, 5,510,120, 5,512,199, 5,523,324, 5,525,331, 5,540,853, 5,569,663, 5,576,006, 5,599,555, 5,605,681, 5,629,081, 5,641,475, 5,646,100, 5,650,145, 5,653,970, 5,679,374, 5,681,802, 5,686,065, 5,723,110, 5,747,022, 5,756,857, 5,762,950, 5,914,300, 6,017,546, 6,120,782, 6,165,480;

EP 0331489, EP 0356196, EP 0496434, EP 0590192;

PCT/AU92/00539, PCT/US93/11317, PCT/US94/10911;

WO 93/07250, WO 94/12115, WO 95/09605; and

GB 2048670, GB 2262534, GB 2274588.

The '516 patent is also invalid under 35 U.S.C. § 112 for lack of written description.

Please see the Limited Defendants' response to Interrogatory No. 18 below.

5,437,867, 5,441,671, 5,442,053, 5,443,760, 5,449,512, 5,449,763, 5,458,880,
5,462,736, 5,476,660, 5,482,710, 5,484,597, 5,494,533, 5,496,488, 5,510,120,
5,512,199, 5,523,324, 5,525,331, 5,540,853, 5,569,663, 5,576,006, 5,599,555,
5,605,681, 5,629,081, 5,641,475, 5,646,100, 5,650,145, 5,653,970, 5,679,374,
5,681,802, 5,686,065, 5,723,110, 5,747,022, 5,756,857, 5,762,950, 5,914,300,
6,017,546, 6,120,782, 6,165,480;

EP 0331489, EP 0356196, EP 0496434, EP 0590192;

PCT/AU92/00539, PCT/US93/11317, PCT/US94/10911;

WO 93/07250, WO 94/12115, WO 95/09605; and

GB 2048670, GB 2262534, GB 2274588.

Moreover, pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this
Interrogatory No. 12, to the extent any such documents exist, which are not immune from
discovery on the basis of the attorney-client or attorney work-product privileges have been
produced to Plaintiffs, and the relevant bates ranges have previously been identified. The
Limited Defendants also identify at least the additional following documents: LSCI 00001-
03385. To the extent that any additional responsive documents are uncovered, the Limited
Defendants will supplement this response.


**INTERROGATORY NO. 18:**

*Explain in detail the complete basis for your contention that the '516 patent fails to comply with the requirements of 35 U.S.C. § 112, including a detailed explanation of each legal theory upon which you base your contention, identifying with particularity each claim element of every claim you contend does not meet the requirements of 35 U.S.C. § 112 and all facts upon which you rely.*

**RESPONSE TO INTERROGATORY NO. 18**

The Limited Defendants herein incorporate the specific objections identified in the
Limited Defendants' Original Response. Subject to the foregoing and the general objections

referenced above, the Limited Defendants supplement their response to Interrogatory No. 18 as follows:

The Limited Defendants believe that the '516 patent does not comply with 35 U.S.C. § 112 because, *inter alia*, at least one of its claims is not supported by its specification, it does not set forth the best mode contemplated by the inventor of carrying out the invention, it does not comply with the written description requirement, and it does not set forth the manner and process of making and using the invention in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the invention.

Independent Claim 1 claims "[a] moisturizing composition for applying to and leaving on human skin, the composition in the form of an antimicrobial lotion composition," the composition requiring:

"(a) an amount of triclosan effective to kill microorganisms present on the skin;

(b) an emollient present in an amount effective to moisturize the skin; and

(c) a lotion base comprised of a physiologically and cosmeceutically acceptable vehicle
wherein said components of said lotion are present in amounts sufficient to provide an effective antimicrobial lotion."

Similarly, independent Claim 12 claims "[a] method for moisturizing the skin and killing microorganisms thereon, said method comprising:

applying to and leaving on the skin a moisturizing composition in the form of an antimicrobial lotion comprising:

(a) an amount of triclosan effective to kill microorganisms present on the skin;

(b) an emollient present in an amount effective to moisturize the skin; and

(c) a lotion base comprised of a physiologically and cosmeceutically acceptable vehicle

-10-

wherein said components of said lotion are present in amounts sufficient to provide an effective antimicrobial lotion."

However, the specification of the '516 patent makes clear that, among other things, the "[c]ompositions for cleansing and moisturizing the skin according to the present invention comprise an antimicrobial agent, an emollient and an absorption enhancer." ('516 patent, col. 4, lns. 19-21). The '516 patent consistently states that "[c]ompositions under the invention [] comprise one or more absorption carriers." ('516 patent, col. 4, lns. 66-67). The "absorption carrier" is "[s]ometimes [r]eferred to as [a]bsorption [e]nhancer." ('516 patent, col. 4, lns. 60-65).

Moreover, pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 18, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges have been produced to Plaintiffs, and the relevant bates ranges have previously been identified. The Limited Defendants also identify at least the additional following documents: BBW 001541-002324 and LSCI 00001-03385. To the extent that any additional responsive documents are uncovered, the Limited Defendants will supplement this response.

Respectfully submitted,

Dated: March 3, 2008                   By:

Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware 19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

-11-

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath & Body Works, Inc.
Limited Brands, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 3rd day of March, 2008 via E-mail and U.S. First Class Mail, postage prepaid, upon the counsel of record shown below:

Melanie K. Sharp
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391

E. Anthony Figg
Sharon L. Davis
C. Nicole Gifford
Daniel L. Shores
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005

# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI, | ) ) ) | Civil Action No. 06-601 (JFF) |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| LIMITED BRANDS, INC., and BATH & BODY WORKS, INC., | ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) ) | |

## DEFENDANTS BATH & BODY WORKS, INC.'S AND LIMITED BRANDS, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),

Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively the "Limited

Defendants") supplement herein their response to Plaintiffs Zahra Mansouri's and Laboratory

Skin Care, Inc.'s (collectively "Plaintiffs") First Set of Interrogatories. The Limited Defendants

incorporate by reference the "General Objections and Comments" and specific objections and

responses set forth in Defendants Bath & Body Work, Inc.'s and Limited Brands, Inc.'s

Response to Plaintiffs' First Set of Interrogatories ("Original Response") and First Supplemental

Response to Plaintiff's First Set of Interrogatories ("First Supplemental Response").

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2-3

### INTERROGATORY NO. 2

*Provide a list of all BBW anti-bacterial products developed, manufactured, produced or sold by BBW or LBI since June 17,2003, and identify all persons responsible for the development, manufacture, production and sale of each product.*

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2

The Limited Defendants incorporate herein the specific objections and responses

identified in the Limited Defendants' Original Response and First Supplemental Response.

Subject to the foregoing and the general objections referenced above, the Limited Defendants

supplement their response to Interrogatory No. 2 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 2,

to the extent any such documents exist, which are not immune from discovery on the basis of the

attorney-client or attorney work-product privileges have been produced to Plaintiffs. The

Limited Defendants identify at least the following additional documents:

BBW 006579-006580, 006611-006612, 006868, 006876, 006886, 006894, 006902-006903, 006914-006915, 006930-006931, 006943-006944, 006953, 006961-006962, 006974, 006981-006982, 006991-006992, 007002, 007011-007012, 007017, 007025, 007027-007035, 008267-008270, 008754, 008756, 008758, 009375, 008760, 0090069, 0099277-0099278, 0099283-0099284.

### INTERROGATORY NO. 3

*On a product-by-product basis, provide a list of all ingredients contained in each BBW anti-bacterial product identified in response to Interrogatory No. 2 and identify the function and/or purpose of each individual ingredient.*

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3

The Limited Defendants incorporate herein the specific objections and responses

identified in the Limited Defendants' Original Response and First Supplemental Response.

Subject to the foregoing and the general objections referenced above, the Limited Defendants

supplement their response to Interrogatory No. 3 as follows:

Pursuant to Rule 33(d), Fed. R. Civ. P., documents responsive to this Interrogatory No. 3, to the extent any such documents exist, which are not immune from discovery on the basis of the attorney-client or attorney work-product privileges have been produced to Plaintiffs. The Limited Defendants identify at least the following additional documents:

> BBW 006579-006580, 006611-006612, 006868, 006876, 006886, 006894, 006902-006903, 006914-006915, 006930-006931, 006943-006944, 006953, 006961-006962, 006974, 006981-006982, 006991-006992, 007002, 007011-007012, 007017, 007025, 007027-007035, 008267-008270, 008754, 008756, 008758, 009375, 008760, 0090069, 0099277-0099278, 0099283-0099284.

Respectfully submitted,

Dated: March 11, 2008

By: _____
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath & Body Works, Inc.
Limited Brands, Inc.

-3-

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 11th day of March, 2008 via E-mail and U.S. First Class Mail, postage prepaid, upon the counsel of record shown below:

Melanie K. Sharp
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391

E. Anthony Figg
Sharon L. Davis
C. Nicole Gifford
Daniel L. Shores
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005

*Melissa Nardone*

# EXHIBIT 13

# REDACTED

# EXHIBIT 14



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

G. Franklin Rothwell          Lisa N. Phillips
E. Anthony Figg               C. Nichole Gifford
Barbara G. Ernst              Patrick T. Skacel
Harry F. Manbeck, Jr.         Monica C. Kitts
George R. Repper              Joo Mee Kim
Steven Lieberman              R. Elizabeth Brenner-Leifer
Joseph A. Hynds               Daniel L. Shores
Richard Wydeven               Joseph E. Green
Martin M. Zoltick             John A. Evans, Ph.D.
Minaksi Bhatt                 Thomas D. Lyford
Sharon L. Davis               Oliver L. Edwards
Robert B. Murray              David B. Orange
Jeffrey L. Ihnen              John H. Curry
Glenn E. Karta                Ryan P. Wallace
Martha Cassidy, Ph.D.         Carolyn L. Greene
Brian S. Rosenbloom           Julia A. Kim
Jason M. Shapiro
Anne M. Sterba                Of Counsel
Brian A. Tollefson            John A. McCahill
                              Brian E. Banner

## VIA FACSIMILE

February 15, 2007

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY 10017

      Re:   *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
          Case No. 06-00601 (JJF) (U.S. District Court for the District of Delaware)
          <u>Our Ref. No. 3233-101</u>

Dear Michael:

      Following up on your letter of February 12th and our discussion yesterday, BBW has identified a set of documents, BBW 006098-006497, which you have represented contains formula sheets for all non-solid BBW products that either contain triclosan or are marketed as antibacterial. However, there are several non-solid triclosan-containing products mentioned in other BBW documents or offered for sale on BBW's website, for which no formula sheets were provided. More specifically, the Bates range identified by BBW does not contain formula sheets for all of the non-solid triclosan-containing products offered in the following product lines: Murad, Ahava, CO Bigelow, and Patricia Wexler.

      Please let me know as soon as possible whether formula sheets for these products have been produced elsewhere (and the corresponding Bates Numbers) or when we can expect to receive them. If BBW does not have formula sheets for these product lines, then please provide us with a supplemental interrogatory response identifying the formula for each of the non-solid triclosan-containing products in above product lines.

      Additionally, based on my initial review of the formula sheets, I need additional information for several products in order to provide you with a list of accused products as we discussed. First, several of the formula sheets for various scents of the "AB Hand Lotion" (found in the range BBW 006110-006198) do not include a complete list of individual ingredients, but instead refer to "Anti-Bacterial Hand Lotion Base" as one of the ingredients. Please provide me

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
February 15, 2008
Page 2

with a formula sheet for the "Anti-Bacterial Hand Lotion Base" or provide complete formula sheet for each of the individual products that refer to "Anti-Bacterial Hand Lotion Base" as an ingredient. Similarly, all of the formula sheets for the various scents of the "AB Foot Lotion, (BBW 006357-006365) refer to "Anti Bac Foot Lotion Base" as one of the ingredients. Please provide me with a formula sheet for the "Anti Bac Foot Lotion Base" or provide complete formula sheet for each of these individual products.

Finally, as I mentioned yesterday, the sales documents produced by BBW identify several different categories of Antibacterial Lotion. For example, BBW 006025-006026 identifies various scents of "AB ANTIBAC LOTION," "AB HOL LBL LOTION," "AB 2OZMOISTLOTION," "AB LOTION WATERS," and "AB LOTION W/BEADS." Please clarify whether formula sheets for each of these lotions have been produced by BBW, and if so, which formula sheets apply to which categories of lotion. If there are separate formula sheets for the different categories of Antibacterial Lotion listed in the sales sheets that have not been produced, please produce them immediately.

Very truly yours,

C. Nichole Gifford

# EXHIBIT 15

 ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

G. Franklin Rothwell        Lisa N. Phillips
E. Anthony Figg             C. Nichole Gifford
Barbara G. Ernst            Patrick T. Skacel
Harry F. Manbeck, Jr.       Monica C. Kitts
George R. Repper            Joo Mee Kim
Steven Lieberman            R. Elizabeth Brenner-Leifer
Joseph A. Hynds             Daniel L. Shores
Richard Wydeven             Joseph E. Green
Martin M. Zoltick           John A. Evans, Ph.D.
Minaksi Bhatt               Oliver L. Edwards
Sharon L. Davis             David B. Orange
Robert B. Murray            John H. Curry
Jeffrey L. Ihnen            Ryan P. Wallace
Glenn E. Karta              Carolyn L. Greene
Martha Cassidy, Ph.D.       Julia A. Kim
Brian S. Rosenbloom
Jason M. Shapiro            Of Counsel
Anne M. Sterba              John A. McCahill
Brian A. Tollefson          Brian E. Banner
                            Nancy J. Linck, Ph.D.

*Via Email*

March 3, 2008

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY  10017

Re:  *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
     Case No. 06-00601-(JJF) (U.S. District Court for the District of Delaware)
     Our File No. 3233-101

Dear Michael:

As we discussed on February 14th, Plaintiffs agreed to review those formula sheets produced by Defendants at BBW 006098-006497 and identify which products (or product lines) identified therein are being accused of infringement and which are not. Accordingly, I am writing to confirm that, based on the information provided in BBW's documents, Plaintiffs are not accusing the following products of infringement:

| Product Line | Formula Sheets |
| --- | --- |
| AB Foot Sprays | BBW 006098-006107 |
| AB Deep Cleansing Hand Gels | BBW 006199-006262 |
| AB Deep Cleansing Hand Soap | BBW 006263-006356 |
| AB Foaming Hand Soap | BBW 006366-006371 |
| AB Moisturizing Hand Gel | BBW 006372-006379 |
| AB Moisturizing Hand Soap | BBW 006380-006471 |
| AB AG Moisturizing Hand Soap | BBW 006472-006478 |
| AG Deodorant | BBW 006479 |
| AT Liquid Hand Soap | BBW 006480-006485 |
| DBR Liquid Hand Soap | BBW 006486-006492 |
| DD Acne Overnight Treatment | BBW 006493-00494 |
| DD Face Repair Skin Cleanser | BBW 006495 |
| Dr. Wexler Acne Repair Serum | BBW 006496 |
| Dr. Wexler Acne Serum Lotion | BBW 006497 |

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
March 3, 2008
Page 2

Plaintiffs reaffirm their position that the BBW Antibacterial Moisturizing Hand Lotion identified in response to Interrogatory No. 6 (and for which at least some of the formula sheets found in the range BBW 006110-006198 correspond) infringes the '516 patent.

The remainder of the products identified in the formula sheets produced by BBW, namely the AB Hand Cream (BBW 006108-006109), AB Hand Lotion (BBW 006110-006198), and AB Foot Lotion (BBW 006357-006365), as well as any other non-solid triclosan-containing products for which formula sheets have not yet been produced, remain at issue in the litigation. Plaintiffs are entitled to and require additional discovery regarding each of these products.

I wrote to you on February 15th requesting additional information about BBW antibacterial hand lotion and antibacterial foot lotion products, but have not yet received a response. At this time, Plaintiffs also request that you provide a copy of the product label for each of the individual products identified at BBW 006108-09, BBW 006110-198, BBW 006357-65 and for any other non-solid triclosan-containing products for which a formula sheet has not yet been produced, including but not limited to, such products in the Murad, Ahava, CO Bigelow, and Patricia Wexler product lines. Please also confirm whether the Antibacterial Hand Cream(s) identified at BBW 006108-09 were ever made or sold by BBW.

Please provide the information requested herein as well as the information requested in my February 15th letter no later than COB on Thursday, March 6th or state your refusal to do so in writing by that date.

Very truly yours,

/s/ C. Nichole Gifford

C. Nichole Gifford

CNG:djc

# EXHIBIT 16

# WARD & OLIVO

### ATTORNEYS AT LAW
### 380 MADISON AVENUE
### NEW YORK, NEW YORK 10017
### (212) 697-6262
### FAX (212) 972-5866

---

### 382 SPRINGFIELD AVENUE
### SUMMIT, NEW JERSEY 07901
### (908) 277-3333
### FAX (908) 277-6373

---

### E-MAIL: mail@wardolivo.com

March 4, 2008

**_Via E-mail_**
Sharon Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1424 K Street, N.W.
Suite 800
Washington, D.C. 20005

Re: Laboratory Skin Care et al. v. Limited Brands, Inc. et al.
Case No. 06-00601-(JJF); Our file no: 130-181

Dear Sharon:

Pursuant to my agreement with Nichole Gifford during our meet and confer on February 14, 2008, the parties agreed to exchange certain information by yesterday, March 3, 2008. Our agreement was memorialized in Ms. Gifford's letter to me of later that day (although she dated it Feb. 14, 2007). The Limited Defendants agreed to update their responses to Interrogatory Nos. 1, 2, 3, 4, 11, 12, and 18. Those responses were sent to you via First Class Mail and e-mail yesterday.

Regrettably, your clients have not lived up to their end of the agreement.

First, Ms. Gifford agreed to review the formula sheets provided by the Limited Defendants, and to "identify which specific products (or product lines) identified in these formula sheets are being accused of infringement (and which are not) no later than March 3rd." Your letter of March 3, 2008 named 14 products and product lines that are *not in suit*, but did not specifically indicate which products *are* in suit. Certainly by this point in the litigation, the defendants are entitled to an explicit recitation of which products and/or product lines your clients are accusing of infringement.

Your continued questions about the location of formula sheets within our clients' document production (most recently in Ms. Gifford's letter of February 15, 2008, again

# WARD & OLIVO

Sharon Davis, Esq.
March 4, 2008
Page 2

dated as 2007) are a feeble attempt at casting doubt on your ability to articulate a list of accused products. Between the 400-plus pages of formula sheets in the Limited Defendants' document production (which you have had for over a year), a review of BBW's website (which Ms. Gifford says she has undertaken), and your ability to walk into any BBW store in the country to review the ingredient lists on the back of our clients' products, you should be able to create a definitive list of products-in-suit. There is simply no excuse for your continued refusal to provide us with such a list.

We have previously identified the bates ranges of the formula sheets within our clients' production. In response to Ms. Gifford's letter of February 15, we have gone through our clients' production again and noticed that about 10 percent of the formula sheets produced were located throughout the production, rather than within the bates range we specified. This was the result of documents being provided by numerous sources. Of course, you could have and should have found and reviewed these documents yourselves. However, we now direct you to the following additional documents that may help you determine which additional products should be in suit, if any: BBW 6579 – 80, 6611 – 12, 6868, 6876, 6886, 6894, 6902 – 03, 6914 - 15, 6930 – 31, 6943 - 44, 6953, 6961 – 62, 6974, 6981 – 82, 6991 – 92, 7002, 7011 – 12, 7017, 7025, 7027 – 35, 8267 - 70, 8754, 8756, 8758, 9375, 8760, 90069, 99277-78, 99283-84.

We do not believe you need any further information from the Limited Defendants to determine which products are in suit.

Second, Ms. Gifford agreed that, "Plaintiffs will also supplement their response to Interrogatory No. 6 to provide more detailed infringement contentions with respect to the BBW Antibacterial Moisturizing Hand Lotion by March 3[rd]." Instead, your e-mail to me of March 3, 2008 indicated that "the supplemental claim chart would be sent later this week." This unilateral open-ended extension is not acceptable, particularly since this claim chart should have been provided when your clients first responded to the Limited Defendants' Interrogatory No. 6 many months ago.

Please confirm that by the close of business on March 7, 2008, we will receive via e-mail: (1) a supplemental claim chart in response to Interrogatory No. 6 for at least the antibacterial moisturizing lotion, and (2) a list of (a) products in suit, (b) products not in suit, and (c) products for which you contend you need more information, as well as what information you need, and why you believe that information is not readily ascertainable through publicly available means or our clients' document collection and/or interrogatory responses. If you do not provide this information, we will take it as an indication that you are attempting to impermissibly thwart our clients' ability to defend this case.

# WARD & OLIVO

Sharon Davis, Esq.
March 4, 2008
Page 3

Finally, much of the information we agreed to provide you by March 17, 2008 was contingent on our receipt of a list of accused products from you by March 3, 2008. We will do our best to honor our agreement, but due to your clients' delay it may not be possible.

If you would like to meet and confer about any of the above, I am available from 10:30 am – 12:00 p.m. or 12:30 p.m. – 5:00 p.m. tomorrow, March 6, 2008.

Very truly yours,

Michael J. Zinna

c:     David M. Hill, Esq.
       C. Nichole Gifford, Esq.

# EXHIBIT 17



**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

G. Franklin Rothwell       Lisa N. Phillips
E. Anthony Figg             C. Nichole Gifford
Barbara G. Ernst            Patrick T. Skacel
Harry F. Manbeck, Jr.       Monica C. Kitts
George R. Repper            Joo Mee Kim
Steven Lieberman            R. Elizabeth Brenner-Leifer
Joseph A. Hynds             Daniel L. Shores
Richard Wydeven             Joseph E. Green
Martin M. Zoltick           John A. Evans, Ph.D.
Minaksi Bhatt               Oliver L. Edwards
Sharon L. Davis             David B. Orange
Robert B. Murray            John H. Curry
Jeffrey L. Ihnen            Ryan P. Wallace
Glenn E. Karta              Carolyn L. Greene
Martha Cassidy, Ph.D.       Julia A. Kim
Brian S. Rosenbloom
Jason M. Shapiro            Of Counsel
Anne M. Sterba              John A. McCahill
Brian A. Tollefson          Brian E. Banner
                            Nancy J. Linck, Ph.D.

*Via Email*

March 6, 2008

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY 10017

    Re:    *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
           Case No. 06-00601-(JJF) (U.S. District Court for the District of Delaware)
           <u>Our File No. 3233-101</u>

Dear Mike:

    I write in response to your letter of March 4th.

    With respect to Interrogatory No. 6, we did agree to provide a supplemental claim chart on March 3rd, however, when we unexpectedly were not able to do so on that date, I sent you an e-mail explaining the reason for the delay and indicating that the chart would be sent later this week. I could not provide you with the exact day of the week when the supplemental response would be provided because I did not know when Ms. Gifford would recover from her illness and be back in the office. Your letter reads as if we just ignored the date, which we did not. In any event, this will confirm that we will provide a supplemental claim chart for the antibacterial moisturizing lotion by COB on March 7th.

    With respect to the identity of the specific products that are being accused of infringement, the identity of the products which are not, and the products for which Plaintiffs require further information, our agreement to provide such a list was expressly limited to the products identified in the formula sheets that BBW is relying on in response to Interrogatory No. 2, namely BBW 006098-006497. Ms. Gifford's letter of March 3rd, which I sent to you in her absence, provided that information with respect to all of the products listed in the formula sheets identified by BBW.

    Plaintiffs served Interrogatories seeking a list of all antibacterial products sold by BBW as well as a list of the ingredients contained in those products and the function and purpose of those ingredients. Rather than provide that information in an interrogatory response as requested, BBW chose to rely on documents produced during the litigation. Therefore, it is

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
March 6, 2008
Page 2

BBW's obligation, not ours, to identify which documents it is relying on to provide such information. We are not under an obligation to guess which of the more than 100,000 pages of documents produced by BBW provide the complete universe of potentially infringing antibacterial products sold by BBW. Nor are we required to conduct research online, or in BBW's stores to obtain responses to our interrogatories. Furthermore, although BBW produced some documents more than a year ago, it was not until February 12th, 2008, less than one month ago, that BBW identified the specific documents they are relying on in response to Interrogatory Nos. 2 and 3. If BBW had complied with their discovery obligation and identified these documents sooner, then this issue could have been resolved sooner.

Your letter of March 4th also identifies several additional documents which you indicate may contain helfpul information, and we have reviewed those documents. However, those documents do not provide the information we had previously requested.

At this point in time, you have already been advised for each of the antibacterial products identified by BBW in response to Interrogatory Nos. 2 and 3 (BBW 006098-006497), which products are being accused of infringement, which are not and for which Plaintiffs require additional information. Ms. Gifford's March 3rd letter, in conjunction with her letters of February 15th and February 29th identify what additional information we need about those products. Those same letters also identify several other potentially infringing products that have not been identified by BBW in response to Interrogatory Nos. 2 and 3 for which we have requested additional information.

The additional information sought by Plaintiffs is not readily ascertainable through publicly available means because not all of the products at issue are currently sold on the BBW website or in BBW stores. Nor are we required under the Federal Rule of Civil Procedure to go to every BBW store in the country to collect products or product labels. Moreover, for those products that are currently sold in stores or on the BBW website, the product labels do not identify the specific amounts of all of the individual ingredients. This information should be provided in BBW's interrogatory responses. Your client made the decision to rely on documents rather than to provide a substantive response to our interrogatories, so the burden of identifying the specific documents where this information can be found falls to you.

Please let me know when we can expect to receive the information requested in Ms. Gifford's letters of February 15th, February 29th and March 3rd. We can not provide any further information about which products are or are not accused of infringement until we have this information. If you are not going to provide this information then we will need to have a meet and confer so that we may proceed with filing a motion to compel. I am not available for a meet

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
March 6, 2008
Page 2

and confer today, but please let me know your availability for a meet and confer on Monday,
March 10th.

Very truly yours,

*Sharon L. Davis*

Sharon L. Davis

SLD:djc

# EXHIBIT 18

# WARD & OLIVO

**ATTORNEYS AT LAW**

380 MADISON AVENUE

NEW YORK, NEW YORK 10017

(212) 697-6262

FAX (212) 972-5866

———

382 SPRINGFIELD AVENUE

SUMMIT, NEW JERSEY 07901

(908) 277-3333

FAX (908) 277-6373

———

E-MAIL: mail@wardolivo.com

March 11, 2008

*Via E-mail*
Sharon Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1424 K Street, N.W.
Suite 800
Washington, D.C. 20005

Re: Laboratory Skin Care et al. v. Limited Brands, Inc. et al.
Case No. 06-00601-(JJF); Our file no: 130-181

Dear Sharon:

We have not received your clients' supplemental claim chart in response to our clients' (hereinafter "BBW") Interrogatory No. 6. Nichole Gifford first agreed to provide that chart by March 3, 2008, on which day you informed me via e-mail that we would have the chart by the end of the week. Your letter of March 6, 2008 subsequently confirmed that we would receive your clients' updated response by close of business on March 7, 2008. As of today, we still have not received your clients' response. Please let me know when we can expect to receive that supplementation or we will be forced to file a motion to compel.

I believe we have previously addressed all of the concerns in your firm's letters of February 29, March 3, and March 15 to the best of our clients' ability. However, in light of your letter of March 6, we will try to clarify what you appear to believe are outstanding issues.

As far as we are aware, formula sheets and ingredient lists for all non-solid triclosan-containing products in BBW's possession or control have been produced. As we have previously mentioned, BBW does not formulate or manufacture any of the

# WARD & OLIVO

Sharon Davis, Esq.
March 11, 2008
Page 2

products you have inquired about.  The names of its vendors have previously been provided to you.  Nonetheless, you have again requested formula sheets for the Murad, Ahava, C.O. Bigelow and Patricia Wexler product lines.  BBW has produced relevant formula sheets for C.O. Bigelow and Wexler products within the bates ranges previously identified.  If you believe you are missing relevant Bigelow or Wexler formula sheets, please identify which sheets you think are missing, by product name, and why you believe those products could be relevant to this lawsuit.  Murad and Ahava are third party product lines.  BBW has very little documentation or information about these lines, if any.  Anything it has has been produced.

The ingredient list for the AB hand lotion base is contained within the bates range I provided to you in my letter of March 3, 2008.  We will ask BBW again whether it has a formula sheet or ingredient list for the AB foot lotion base, and whether the product identified at BBW 6108-09 was ever made or sold.

We reiterate that it is untenable for you to assert that your ability to formulate a list of accused products is somehow dependent on BBW's discovery responses and your review of the formula sheets of potentially accused products.  Ms. Gifford's letter of February 29, 2008 indicates that your clients relied on a publicly available product label to accuse the antibacterial moisturizing hand lotion of infringement.

Very truly yours,

Michael J. Zinna

# EXHIBIT 19



**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

*Via Email*

March 11, 2008

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY 10017

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro
Anne M. Sterba
Brian A. Tollefson

Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Oliver L. Edwards
David B. Orange
John H. Curry
Ryan P. Wallace
Carolyn L. Greene
Julia A. Kim

Of Counsel
John A. McCahill
Brian E. Banner
Nancy J. Linck, Ph.D.

Re:    *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
       Case No. 06-00601-(JJF) (U.S. District Court for the District of Delaware)
       <u>Our File No. 3233-101</u>

Dear Mike:

I write in response to your letter of March 11th. I do not understand the first paragraph of your letter. Our supplemental response to Interrogatory No. 6 was served last Friday. A courtesy copy of the supplemental response was sent to you via e-mail Friday evening from Alexis Rae Axsom, a paralegal in our local counsel's office. David Hill, Francis Pilleggi, and Sheldon Renni were also copied on the e-mail, so even if you did not receive it for some reason, one of the other attorneys in your office or you local counsel's office should have received a copy. Nevertheless, I attach a copy of our supplemental response as filed.

With respect to the remainder of the letter, we do not believe that you have supplied the information requested by our letters of February 29, March 3, and March 15, but we appreciate your willingness to clarify the outstanding issues. That being said, you cannot rely on documents in response to an interrogatory, and then state that no responsive documents exist. If your clients have not produced documents that contain the information sought by our interrogatory, then you must provide a written response to the interrogatory. More specifically, we have not located a document in the Bates range identified for the ingredient contained in the "AB hand lotion base," the "AB foot lotion base," or for several products in the third party lines identified. We would specifically request information about the Murad Redness Therapy Correcting Moisturizer, the Ahava Dermud Intensive Nourishing Body Cream and the Ahava Dermud Enriched Intensive Foot Cream. Nor have we received copies of product labels for the products identified in the specific Bates range cited in our prior letter. Those labels should have been produced long ago in response to our original document requests.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
March 11, 2008
Page 2

As I am sure you can understand, these issues have been outstanding for several weeks, and opening expert reports are due one month from today.  The lack of information regarding the specific products identified in our letters is severely limiting our ability to prepare our expert reports.  If we do not receive the requested information immediately, we will need to extend the date for opening expert reports.

As always, I am available to discuss these issues via telephone if that would be helpful.

Very truly yours,

Sharon L. Davis

Attachment

SLD:djc

# EXHIBIT 20

# WARD & OLIVO

### ATTORNEYS AT LAW
### 380 MADISON AVENUE
### NEW YORK, NEW YORK 10017
### (212) 697-6262
### FAX (212) 972-5866

---

### 382 SPRINGFIELD AVENUE
### SUMMIT, NEW JERSEY 07901
### (908) 277-3333
### FAX (908) 277-6373

---

### E-MAIL: mail@wardolivo.com

March 12, 2008

***Via E-mail***
Sharon Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1424 K Street, N.W.
Suite 800
Washington, D.C.  20005

> Re: Laboratory Skin Care et al. v. Limited Brands, Inc. et al.
> <u>Case No. 06-00601-(JJF); Our file no: 130-181</u>

Dear Sharon:

This is in response to your letter of March 11, 2008.  I did not receive your clients' supplemental response to Interrogatory No. 6 on Friday because Ms. Axsom apparently emailed it to <u>zinnnam@wardolivo.com</u>, which is not my email address.

Your statement that our clients' (hereinafter "BBW") have relied on documents in response to an interrogatory but then stated that no documents exist is false.  In any event, BBW is only required under the Federal Rules to produce documents and information in its possession or control.  It has done that.  You appear to be presuming without any foundation that if BBW did not produce documents about a certain product, it must instead have some other information which would warrant a written response to an interrogatory.  With regard to some products, BBW does not have any documents or information responsive to your requests.

The ingredients of the AB hand lotion can be found in BBW's production, as I mentioned in my letter of March 11, 2008, at BBW 8267.  Also as I mentioned in that letter, I have asked BBW again whether it has a formula sheet for the AB foot lotion base.  However, it is our understanding that all relevant formula sheets in BBW's

# WARD & OLIVO

Sharon Davis, Esq.
March 12, 2008
Page 2

possession or control have been produced.  We have also provided you with the name of the vendors who manufacture these products for BBW.

I reiterate that Murad and Ahava are third party product lines.  BBW has very little (if any) documentation or information about the products in these lines.  Everything in BBW's possession or control regarding these products has been produced.

We have asked BBW for the product labels you requested, but note that this request is duplicative of other requests you have made.  You are already in possession of formula sheets and other documents and information concerning each of the products for which you have requested labels.  The formula sheets have much more detailed information than you will find on any label.

BBW has overproduced documents and information, has provided you with the names of its vendors, and has responded to each of your letters expeditiously.  If you lack information sufficient to prepare your expert reports, that is due to no fault of BBW's.  However, as an accommodation, BBW would be amenable to extending the date for opening expert reports if you deem that necessary.

Please feel free to call me if you would like to discuss any of these matters further.

Very truly yours,

Michael J. Zinna

# Exhibit 21

# REDACTED

# EXHIBIT 22



ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

G. Franklin Rothwell          Lisa N. Phillips
E. Anthony Figg               C. Nichole Gifford
Barbara G. Ernst              Patrick T. Skacel
Harry F. Manbeck, Jr.         Monica C. Kitts
George R. Repper              Joo Mee Kim
Steven Lieberman              R. Elizabeth Brenner-Leifer
Joseph A. Hynds              Daniel L. Shores
Richard Wydeven              Joseph E. Green
Martin M. Zoltick            John A. Evans, Ph.D.
Minaksi Bhatt                Oliver L. Edwards
Sharon L. Davis              David B. Orange
Robert B. Murray             John H. Curry
Jeffrey L. Ihnen             Ryan P. Wallace
Glenn E. Karta               Carolyn L. Greene
Martha Cassidy, Ph.D.        Julia A. Kim
Brian S. Rosenbloom
Jason M. Shapiro             Of Counsel
Anne M. Sterba               John A. McCahill
Brian A. Tollefson           Brian E. Banner
                             Nancy J. Linck, Ph.D.

**BY FACSIMILE AND U.S. MAIL**

March 24, 2008

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY 10017

Re:     *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
        Case No. 06-00601-(JJF) (U.S. District Court for the District of Delaware)
        <u>Our File No. 3233-101</u>

Dear Michael:

We have not received a response to multiple letters we have written to you regarding outstanding discovery issues.

First, we have not received a response to our letter of February 21st regarding deficiencies in BBW's document production.

Second, I have not received a response to my letter of March 12th regarding missing sales and revenue information in response to Interrogatory No. 19.

Third, during our meet and confer on February 14th, the parties agreed that there should be a date certain by which BBW will indicate whether it intends to rely on an advice of counsel defense (with respect to Interrogatory Nos. 8 & 9). We requested that you provide this information by March 11th. You apparently ignored this request because you did not provide the information as requested, nor did you propose an alternative date when the information would be provided.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
March 24, 2008
Page 2

Fourth, during the February 14th meet and confer, Defendants agreed to supplement their response to Interrogatory No. 10 to identify their non-infringement contentions for each of the accused products by March 17th. Defendants have failed to provide a supplemental response to Interrogatory No. 10. Although Plaintiffs were unexpectedly delayed in providing a supplemental response to Interrogatory No. 6, that was only four days. Assuming Defendants needed a four day extension to accommodate the change in schedule, Defendants' supplemental response should have been provided last Friday, March 21st, for at least the BBW Antibacterial Moisturizing Hand Lotion. We have not yet received your supplemental response to Interrogatory No. 10.

Finally, we have not yet received the additional information regarding BBW's antibacterial hand lotion "base", BBW's antibacterial foot lotion, BBW's antibacterial hand cream or several other third party products previously identified which we have written to you about a number of times, beginning on February 15th.

Please confirm that you will provide the additional documents, information, and supplemental interrogatory responses identified herein by close of business on Thursday, March 27th. If you choose to ignore this request as you have our previous requests, we reserve the right to proceed with a motion to compel without further discussion.

Very truly yours,

C. Nichole Gifford

CNG:djc

cc: Sharon Davis, Esq.

# EXHIBIT 23

 ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

G. Franklin Rothwell          Lisa N. Phillips
E. Anthony Figg               C. Nichole Gifford
Barbara G. Ernst              Patrick T. Skacel
Harry F. Manbeck, Jr.         Monica C. Kitts
George R. Repper              Joo Mee Kim
Steven Lieberman              R. Elizabeth Brenner-Leifer
Joseph A. Hynds               Daniel L. Shores
Richard Wydeven               Joseph E. Green
Martin M. Zoltick             John A. Evans, Ph.D.
Minaksi Bhatt                 Oliver L. Edwards
Sharon L. Davis               David B. Orange
Robert B. Murray              John H. Curry
Jeffrey L. Ihnen              Ryan P. Wallace
Glenn E. Karta                Carolyn L. Greene
Martha Cassidy, Ph.D.         Julia A. Kim
Brian S. Rosenbloom
Jason M. Shapiro              Of Counsel
Anne M. Sterba                John A. McCahill
Brian A. Tollefson            Brian E. Banner
                              Nancy J. Linck, Ph.D.

*Via Email*

March 12, 2008

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY 10017

Re:   *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
      Case No. 06-00601-(JJF) (U.S. District Court for the District of Delaware)
      <u>Our File No. 3233-101</u>

Dear Mike:

I am writing to follow up regarding BBW's response to Plaintiffs' Interrogatory No. 19, which seeks information regarding the amount of revenue received and the amount of profit earned by BBW on antibacterial products since June 2003. BBW chose not to provide a substantive response to Interrogatory No. 19, but rather, indicated its intent to rely on documents pursuant to Rule 33(d). BBW also agreed to provide the specific Bates numbers for the documents on which it is relying. BBW has not formally supplemented its response to Interrogatory No. 19 to identify any such documents, however, your letter of February 12th identified BBW 005969-6077 as documents supporting BBW's response to Interrogatory No. 19.

Upon further review, it appears that the documents at BBW 005969-6077 do not include any information about the sales revenue or profits for the years 2007 and 2008 (with the exception of two individual Patricia Wexler products). Please provide us with the sales revenue and profit information responsive to Interrogatory No. 19 for 2007 to the present for BBW's Antibacterial Hand Lotion, Antibacterial Hand Cream (if any) and Antibacterial Foot Lotion as soon as possible.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
March 12, 2008
Page 2

     If this information has already been provided in documents produced by BBW, then please identify the Bates number of the specific documents.  In light of the upcoming deadline for expert reports, it is imperative that we receive this information by the end of this week.

Very truly yours,

C. Nichole Gifford

CNG:djc

# EXHIBIT 24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LABORATORY SKIN CARE, INC. and )
ZAHRA MANSOURI )
                  )
                  )    Case No. 06-601 (***)
         Plaintiffs, )
                  )
    v.                )
                  )
                  )
LIMITED BRANDS, INC., and BATH & )
BODY WORKS, INC. )
                  )
         Defendants )
                  )

## PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS AND TANGIBLE THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Zahra Mansouri and Laboratory Skin Care®, Inc. ("LSC"), hereby request that defendants Limited Brands, Inc. and Bath and Body Works, Inc. produce each of the documents and tangible things specified in the "Documents and Tangible Things Requested" identified below for inspection and copying at the offices of Rothwell, Figg, Ernst & Manbeck, P.C., 1425 K. Street, N.W., Washington, DC 20005, within thirty (30) days, or other time and place as counsel for the parties agree.

## INSTRUCTIONS

1.      You are requested to produce for inspection and/or photocopying all documents specified in the "Documents and Tangible Things Requested" below, in your possession or custody or subject to your control or otherwise known or available to you, or by your agents,

employees, representatives or investigators, or by your attorneys or their agents, employees, representatives or investigators at the time and place indicated.

2.    The requests are of continuing effect, and to the extent that at any time after the production of documents called for by this request you become aware of or acquire additional documents responsive to this request, such documents shall be productive promptly.

3.    References to natural persons shall be deemed to include, in addition to the persons named, his or her agents, representatives, and attorneys, members of his or her immediate family, any partnerships of which such person is a member or general partner, and any other business entity in which such person has a controlling direct or indirect interest.

4.    References to entities other than natural persons, including Limited Brands, Inc. and Bath and Body Works, Inc., shall be deemed to include, in addition to the entity named, its predecessors, officers, directors, employees, agents, representatives, accountants, and attorneys.

5.    In the event that any documents or tangible thing called for herein has been discarded or destroyed, other than in the ordinary course of business, you shall identify such document or tangible thing and, in addition, specify (i) the date of its destruction; (ii) the reason for its destruction; (iii) the person authorizing its destruction; and (iv) the custodian of the document immediately preceding its destruction.

6.    Each request for documents seeks production of all documents described, along with any attachments, drafts and non-identical copies as the documents are found or located in either your business or personal files together with a copy of the descriptive file folder or database category in its entirety, without abbreviation, redaction or expurgation.

7.    Each request for a document calls for and requires production of the document in its entirety, without abbreviation, redaction or expurgation.

8.      The request for a specific document or a communication with a specific person shall not be read to narrow the scope of any other document request.

9.      If any document request cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

10.     In the event that any document responsive to this request is not produced for any reason, including any claim of privilege (including work product), you shall furnish a list identifying each such document by:

      (a)    identifying the person who prepared or authored the document and, if applicable, the persons to whom the document was sent and the date on which the document was prepared or transmitted;

      (6)    describing the nature of the document (e.g., letter, inter-office memorandum, telegram, notes, etc.) and, to the extent possible, the subject matter thereof; and

      (c)    stating briefly the nature of the privilege asserted.

## DEFINITIONS

1.      The term "BBW" means defendant Bath and Body Works, Inc. and any of its divisions, departments, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of BBW, its divisions, departments, subsidiaries, affiliates, or predecessors.

2.      The term "LBI" means defendant Limited Brands, Inc. and any of its divisions, departments, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of LBI, its divisions, departments, subsidiaries, affiliates, or predecessors.

3.    "Ms. Mansouri" shall mean plaintiff Zahra Mansouri.

4.    "LSC" shall mean Laboratory Skin Care®, Inc. ("LSC"), including LSC's subsidiaries, affiliates, divisions and corporate predecessors.

5.    The "'516 patent" shall mean United States Patent No. 6,579,516 issued on June 30, 1998.

6.    "BBW anti-bacterial products" shall mean any products manufactured or sold by BBW that have, or are labeled or advertised as having, anti-bacterial properties.

## DOCUMENTS AND TANGIBLE THINGS REQUESTED

1.    All documents that describe, reflect, or relate to the composition, development, ingredients, or characteristics of BBW anti-bacterial products, including but not limited to BBW's Warm Vanilla Sugar™ and Coconut Lime Verbena products.

2.    Ten samples of each BBW anti-bacterial product, including but not limited to BBW's Warm Vanilla Sugar™ and Coconut Lime Verbena products.

3.    All documents that mention, describe or relate to the '516 patent, U.S. Pat. No. 6,096,324, U.S. Pat. No. 6,120,782, and/or U.S. Pat. No. 6,099,849.

4.    All documents that mention, or relate to LSC or Ms. Mansouri.

5.    All documents reflecting, describing or concerning any revenues, profits, or costs associated with all BBW anti-bacterial products.

6.    All documents relating to any communications between BBW and LSC or Ms. Mansouri.

7.    All documents relating to any communications between LBI and LSC or Ms. Mansouri.

8.      All documents relating to communications between BBW or LSC and any company or individual concerning the '516 patent, LSC or Ms. Mansouri.

9.      All documents concerning LSC or Ms. Mansouri.

10.     All documents discussing, disclosing, referring to, or relating to any BBW anti-bacterial products.

11.     All documents referring to or relating to testing of BBW anti-bacterial products, including any product specifications or manufacturing specifications.

12.     Any contracts or agreements relating to the manufacture of BBW anti-bacterial products, including manufacturing process sheets.

13.     All documents and tangible things referring to or relating to prior art to the '516 patent.

14.     All opinions, studies, analyses, reports, or other examinations of the '516 patent, including any opinions of counsel, whether formal or informal.

15.     All marketing plans or studies relating to BBW anti-bacterial products, including all draft plans or studies, all supporting documents for such plans or studies, all documents concerning marketing practices and implementation of such plans, studies, reports or other documents concerning the actual or potential existence or size of the market for such products, all studies, reports, or other documents concerning the market share planned or anticipated by BBW for the Anti-Bacterial Moisturizing Hand Soap products, and all documents discussing, disclosing, referring to, or relating to the actual or proposed development or implementation of such marketing plans or studies by BBW.

16.     All documents constituting, disclosing, referring to, or relating to the promotion or advertising of BBW anti-bacterial products.

17.    All documents that refer to, relate to, or support defendants' contention that the '516 patent is invalid for any reason.

18.    All documents that refer to, relate to, or support defendants' contention that they do not infringe the '516 patent.

19.    All documents relating to the development of any products containing Triclosan by BBW.

20.    Reports of all searches for prior art to the '516 patent conducted by or on behalf of defendants, its attorneys, or representatives, or any third party.

21.    The most current organizational chart of BBW and LBI.

22.    All documents comprising, relating to and/or referring to strategic planning reports related to BBW anti-bacterial products.

23.    All documents relating to any patent application by defendants concerning anti-bacterial products containing Triclosan.

24.    All documents provided to or received by any expert retained by defendants in this action.

25.    Documents sufficient to show revenues and profits earned by defendants since June 2003 and documents showing which divisions or subsidiaries are responsible for such revenues and profits.

26.    Copies of all defendant's document retention policies or procedures from 2003 to the present.

27.   Any submissions to any regulatory authorities relating to BBW anti-bacterial products.

Dated: January 30, 2007                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on January 30, 2007,  I caused a copy of

Plaintiffs' First Request for Documents and Tangible Things to be served on the following

counsel of record in the manner indicated below:

**BY HAND DELIVERY**
Francis G.X. Pileggi
Leslie B. Spoltore
Sheldon K. Rennie
Citizens Bank Center
Suite 1300
919 North Market Street
Wilmington, DE 19801-2323

**BY E-MAIL**
John F. Ward
David M. Hill
Michael J. Zinna
Ward & Olivo
708 Third Avenue
New York, NY 10017

Melanie K. Sharp (No. 2501)

065666.1001

# EXHIBIT 25

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI, <br><br> Plaintiff, <br><br> v. <br><br> LIMITED BRANDS, INC. and BATH & BODY WORKS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )      Civil Action No. 06-601 (***) <br><br><br><br><br> Jury Trial Demanded |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS AND TANGIBLE THINGS

Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively the "Limited Defendants") hereby respond to Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri's ("Plaintiffs") First Request for Documents and Tangible Things as follows:

## GENERAL OBJECTION TO DISCOVERY REQUESTS

A.      The Limited Defendants object to the Requests to the extent that they request information prepared in anticipation of litigation or for trial, or which is otherwise covered by the attorney work-product privilege, or is subject to or falls within the scope of the attorney-client or other applicable privilege. The Limited Defendants will not supply information protected from discovery by virtue of any such privileges. Any document withheld from production on the basis of any privilege or immunity will be identified as required by the Rules of this Court.

To the extent that any information falling within the scope of the attorney-client or

attorney work-product privileges is disclosed in responding to the Requests, such disclosure is inadvertent and shall not be construed as a waiver of the attorney-client, attorney work-product or other applicable privilege.

B.    The Limited Defendants object to the Requests to the extent that confidential and/or proprietary information is sought. The Limited Defendants will not disclose any such information until an appropriate protective order has been entered into by the parties and approved by the Court.

C.    The Limited Defendants object to the Requests to the extent that they ask for information beyond the permissible scope of discovery allowed by Rules 26 and 34(a), Fed.R.Civ.P.

D.    The Limited Defendants object to the Requests to the extent that they are unlimited in time. The Limited Defendants' responses and production of documents responsive to these Requests are limited to events occurring before the filing date of the Complaint herein and after the date of issuance of Mansouri United States Patent No. 6,579,516. The Limited Defendants further object to each Request pursuant to 35 U.S.C. § 287.

E.    The Limited Defendants do not consider themselves bound by the Instructions and Definitions set forth in Plaintiffs' First Request for Documents and Tangible Things to the extent such instructions are beyond the scope of Rule 34, Fed.R.Civ.P. In particular, the Limited Defendants object to the definitions of "BBW" and "LBI" set forth in Paragraph 1 and 2 of the Definitions as being overly broad and potentially covering parties not in the suit. The Limited Defendants further object to the definition of "'516 patent" set forth in Paragraph 5 of the Definitions as inaccurate – the '516 patent was not "issued on June 30, 1998." The Limited Defendants further object to the definition of "BBW anti-bacterial products" set forth in

Paragraph 6 of the Definitions as vague, overly broad and unduly burdensome in that it attempts to include products not covered by the patent-in-suit and as not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding these objectionable definitions, the Limited Defendants will answer these Requests to the best of their knowledge.

F.    The Limited Defendants object to these Requests to the extent that they request that responsive documents and things be produced at the offices of Plaintiffs' attorneys in Washington, D.C.  The Limited Defendants will produce documents and things in response to these Requests at a mutually agreeable place.

G.    Nothing in the Limited Defendants' Responses shall be construed as waiving rights or objections that otherwise may be available to the Limited Defendants, nor should anything be deemed an admission of relevancy, materiality or admissibility in evidence of either the Requests themselves or the Responses thereto.

H.    The Limited Defendants object to the Requests to the extent that they request subject matter beyond the scope of this suit  Such Requests are overly broad, indefinite and consequently unduly burdensome and oppressive since they could encompass a vast number of documents that are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and/or confidential.  In response to such Requests, the Limited Defendants will produce documents otherwise producible which are relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

I.    Each of the foregoing objections and comments is incorporated by reference into each of the following responses.

## RESPONSES TO REQUEST NOS. 1-27

### RESPONSE TO REQUEST NO. 1

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants further object to this Request to the extent that it seeks the production of documents from an entity not within the control of the Limited Defendants. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

### RESPONSE TO REQUEST NO. 2

The Limited Defendants object to this Request as overly burdensome and oppressive. It is unclear why the Plaintiffs need ten (10) samples of each product, and in any event, it is easier for the Plaintiffs to obtain the requested samples than it is for the Limited Defendants to ship them to the Plaintiffs. Moreover, Plaintiffs should already have most, if not all, of the requested samples based on the pre-filing investigation they were required to conduct in accordance with Rule 11 of the Federal Rules of Civil Procedure prior to filing their Complaint in this action.

**RESPONSE TO REQUEST NO. 3**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. To the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested herein, the Limited Defendants also object to this document request. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 4**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. To the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested herein, the Limited Defendants also object to this document request. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 5**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the

foregoing specific objection, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 6

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants also object to this Request to the extent it is duplicative of Request No. 9. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 7

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants also object to this Request to the extent it is duplicative of Request No. 9. Subject to the foregoing specific objections, and the general objections stated above, and specifically

subject to the entry of an appropriate protective order as agreed to by the parties, the Limited

Defendants will produce documents responsive to this Request showing only such information as

may be relevant to the subject matter of the present action, and then, only to the extent that any

of such documents or any portion of said documents may pertain to any issue relevant to this

suit, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 8**

 The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly

burdensome and not calculated to lead to the discovery of admissible evidence.  The Limited

Defendants further object to this Request to the extent that it seeks the production of documents

from an entity not within the control of the Limited Defendants.  The Limited Defendants further

object to this Request to the extent that any information falling within the scope of the attorney-

client or attorney work-product privileges is requested.  Subject to the foregoing specific

objections, and the general objections stated above, and specifically subject to the entry of an

appropriate protective order as agreed to by the parties, the Limited Defendants will produce

relevant, non-privileged, non-work product documents responsive to this Request, to the extent

that any such documents may exist.

**RESPONSE TO REQUEST NO. 9**

 The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly

burdensome and not calculated to lead to the discovery of admissible evidence.  The Limited

Defendants further object to this Request to the extent that any information falling within the

scope of the attorney-client or attorney work-product privileges is requested.  Subject to the

foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 10

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.  The Limited Defendants further object to this Request to the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested.  Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 11

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.  The Limited Defendants also object to this Request to the extent that it seeks the production of documents from an entity not within the control of the Limited Defendants.  The Limited Defendants further object to this Request to the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested.  Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an

appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 12

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific objection, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 13

To the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested herein, the Limited Defendants object to this document request. Subject to the foregoing specific objection, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 14**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants further object to this Request to the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested. The Limited Defendants also object to this Request as premature. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 15**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific objection, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 16**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific objection, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 17**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants further object to this Request to the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested. The Limited Defendants further object to this Request as premature. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 18

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants further object to this Request to the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested. The Limited Defendants also object to this Request as premature. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 19

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants further object to this Request to the extent it is duplicative of Request No. 1. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 20**

The Limited Defendants object to this Request to the extent that any information falling within the scope of the attorney-client or attorney work-product privileges is requested.. Subject to the foregoing specific objection, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 21**

Subject to the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 22**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such

documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 23

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence The Limited Defendants also object to this Request to the extent that information falling within the scope of the attorney-client or attorney work-product privileges is requested. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 24

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants also object to this Request to the extent that information falling within the scope of the attorney-client or attorney work-product privileges is requested. The Limited Defendants further object to this Request as premature. Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce relevant, non-privileged, non-work product documents responsive to this Request, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 25**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.  The Limited Defendants also object to this Request to the extent that it seeks the production of documents prior to the issue date of the patent-in-suit.  Subject to the foregoing specific objections, and the general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 26**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.  Subject to the foregoing specific objection, and general objections stated above, and specifically subject to the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

**RESPONSE TO REQUEST NO. 27**

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly

burdensome and not calculated to lead to the discovery of admissible evidence.   Subject to the

foregoing specific objection, and the general objections stated above, and specifically subject to

the entry of an appropriate protective order as agreed to by the parties, the Limited Defendants

will produce documents responsive to this Request showing only such information as may be

relevant to the subject matter of the present action, and then, only to the extent that any of such

documents or any portion of said documents may pertain to any issue relevant to this suit, to the

extent that any such documents may exist.


Respectfully submitted,

FOX ROTHSCHILD LLP

Dated:  March 1, 2007          By: _____
                               Francis G. X. Pileggi (Del. Bar No. 2624)
                               Sheldon K. Rennie (Del. Bar No. 3772)
                               FOX ROTHSCHILD LLP
                               Suite 1300
                               919 North Market Street
                               Wilmington, Delaware  19801
                               Phone: (302) 655-3667
                               Fax: (302) 656-8920
                               E-mail: fpileggi@foxrothschild.com
                               E-mail: srennie@foxrothschild.com

                               OF COUNSEL:

                               John F. Ward
                               David M. Hill
                               Michael J. Zinna
                               WARD & OLIVO
                               708 Third Avenue
                               New York, New York  10017
                               Phone: (212) 697-6262

-16-

Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath & Body Works, Inc.
Limited Brands, Inc.

## CERTIFICATE OF SERVICE

I, Sheldon K. Rennie, Esquire, hereby certify that a true and correct copy of the foregoing was served on this 1st day of March, 2007 via U.S. First Class Mail, postage prepaid, upon the counsel of record shown below:

Melanie K. Sharp
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391

E. Anthony Figg
Sharon L. Davis
C. Nicole Gifford
Daniel L. Shores
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005

_/s/ Sheldon K. Rennie, Esquire (#3772)_
Sheldon K. Rennie, Esquire

# EXHIBIT 26

# WARD & OLIVO

### ATTORNEYS AT LAW
380 MADISON AVENUE
NEW YORK, NEW YORK 10017
(212) 697-6262
FAX (212) 972-5866

382 SPRINGFIELD AVENUE
SUMMIT, NEW JERSEY 07901
(908) 277-3333
FAX (908) 277-6373

E-MAIL: mail@wardolivo.com

December 31, 2007

*Via Federal Express*

Sharon L. Davis, Esq.
Rothwell, Figg, Ernst, & Manbeck, P.C.
1425 K Street, NW
Suite 800
Washington, DC  20005

Re: <u>Laboratory Skin Care, Inc. v. Limited Brands, Inc.</u>
(06-cv-601 (***))

Dear Ms. Davis:

Enclosed please find twelve (12) boxes containing confidential documents numbered BBW 0085549-0123594.  This letter will also confirm the completion of the Limited Defendants' document production.

Very truly yours,

Patrick R. Colsher

Enclosures

c: Michael J. Zinna, Esq.

# EXHIBIT 27



**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro
Anne M. Sterba
Brian A. Tollefson

Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Oliver L. Edwards
David B. Orange
John H. Curry
Ryan P. Wallace
Carolyn L. Greene
Julia A. Kim

Of Counsel
John A. McCahill
Brian E. Banner
Nancy J. Linck, Ph.D.

**BY FACSIMILE AND U.S. MAIL**

February 21, 2008

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY  10017

Re:    *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
       Case No. 06-00601-(JJF) (U.S. District Court for the District of Delaware)
       <u>Our File No. 3233-101</u>

Dear Michael:

I write in regard to BBW's responses to LSC's First Request for Documents and Tangible Things as well as BBW's document production to date.

BBW objected to several of LSC's document requests on the basis that such requests were "premature." For example, BBW asserted such an objection in response to LSC Request Nos. 17 and 18, which call for the production of documents that refer or relate to BBW's invalidity and non-infringement contentions. Please confirm that BBW has not withheld any documents based upon its "premature" objection.

Furthermore, upon reviewing BBW's document production, it does not appear that BBW produced documents relating to communications between BBW/LBI and LSC and/or Zari Mansouri (other than communications related to this lawsuit). *See, e.g.,* Request Nos. 6, 7, 8, and 9. Also, it does not appear that BBW produced any documents concerning patent applications submitted by BBW concerning antibacterial products containing triclosan. *See, e.g.,* Request No. 23. Moreover, it does not appear that BBW produced any organizational charts

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Michael Zinna, Esq.
February 21, 2008
Page 2

pursuant to Request No. 21.  Please confirm that BBW intends to produce these documents.  In the event BBW claims it has produced such documents, please provide the appropriate Bates ranges.

Very truly yours,

C. Nichole Gifford

CNG:DLS:ks

cc:  Sharon Davis, Esq.

# EXHIBIT 28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORATORY SKIN CARE, INC. and ZAHRA MANSOURI, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 06-601 (JJF) |
| | ) | |
| LIMITED BRANDS, INC. and | ) | Jury Trial Demanded |
| BATH AND BODY WORKS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' SECOND REQUEST FOR DOCUMENTS AND TANGIBLE THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Zahra Mansouri and Laboratory Skin Care®, Inc. ("LSC"), hereby request that defendants Limited Brands, Inc. and Bath and Body Works, Inc. produce each of the documents and tangible things specified in the "Documents and Tangible Things Requested" identified below for inspection and copying at the offices of Rothwell, Figg, Ernst & Manbeck, P.C., 1425 K. Street, N.W., Washington, DC 20005, within thirty (30) days, or at such other time and place as counsel for the parties agree.

## INSTRUCTIONS

1.    You are requested to produce for inspection and/or photocopying all documents specified in the "Documents and Tangible Things Requested" below, in your possession or custody or subject to your control or otherwise known or available to you, or by your agents, employees, representatives or investigators, or by your attorneys or their agents, employees, representatives or investigators at the time and place indicated.

2.    The requests are of continuing effect, and to the extent that at any time after the production of documents called for by this request you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

3.    References to natural persons shall be deemed to include, in addition to the persons named, his or her agents, representatives, and attorneys, members of his or her immediate family, any partnerships of which such person is a member or general partner, and any other business entity in which such person has a controlling direct or indirect interest.

4.    References to entities other than natural persons, including Limited Brands, Inc. and Bath and Body Works, Inc., shall be deemed to include, in addition to the entity named, its predecessors, officers, directors, employees, agents, representatives, accountants, and attorneys.

5.    In the event that any documents or tangible thing called for herein has been discarded or destroyed, other than in the ordinary course of business, you shall identify such document or tangible thing and, in addition, specify (i) the date of its destruction; (ii) the reason for its destruction; (iii) the person authorizing its destruction; and (iv) the custodian of the document immediately preceding its destruction.

6.    Each request for documents seeks production of all documents described, along with any attachments, drafts and non-identical copies as the documents are found or located in either your business or personal files together with a copy of the descriptive file folder or database category in its entirety, without abbreviation, redaction or expurgation.

7.    Each request for a document calls for and requires production of the document in its entirety, without abbreviation, redaction or expurgation.

8.    The request for a specific document or a communication with a specific person shall not be read to narrow the scope of any other document request.

9.    If any document request cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

10.    In the event that any document responsive to this request is not produced for any reason, including any claim of privilege (including work product), you shall furnish a list identifying each such document by:

(a)    identifying the person who prepared or authored the document and, if applicable, the persons to whom the document was sent and the date on which the document was prepared or transmitted;

(6)    describing the nature of the document (e.g., letter, inter-office memorandum, telegram, notes, etc.) and, to the extent possible, the subject matter thereof; and

(c)    stating briefly the nature of the privilege asserted.

## DEFINITIONS

1.    The term "BBW" means defendant Bath and Body Works, Inc. and any of its divisions, departments, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of BBW, its divisions, departments, subsidiaries, affiliates, or predecessors.

2.    The term "LBI" means defendant Limited Brands, Inc. and any of its divisions, departments, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of LBI, its divisions, departments, subsidiaries, affiliates, or predecessors.

3.    "LSC" shall mean Laboratory Skin Care®, Inc. ("LSC"), including LSC's subsidiaries, affiliates, divisions and corporate predecessors.

## <u>DOCUMENTS AND TANGIBLE THINGS REQUESTED</u>

1.     All contracts or agreements with any third party related to the development, manufacture, supply, distribution or sale of each product accused of infringement.

2.     All documents constituting, referring or relating to any communication to, from or regarding any third party involved in the development, manufacture, supply, distribution or sale of each product accused of infringement.

3.     All documents constituting, referring or relating to the labeling, product packaging or product containers for each product accused of infringement.

4.     A copy of the actual product label for each individual product identified in documents produced at BBW 006108-198 and BBW 006357-65.

5.     A copy of the actual product label for any non-solid triclosan containing products in the Murad, Ahava, CO Bigelo and Patricia Wexler product lines sold by BBW.

Dated: March 11, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*[signature]*

Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302) 571-6681
msharp@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on March 11, 2008, I caused a copy of

Plaintiffs' Second Request for Documents and Tangible Things, to be served on the following

counsel of record in the manner indicated below:

**BY HAND DELIVERY**
Francis G.X. Pileggi
Leslie B. Spoltore
Citizens Bank Center
Suite 1300
919 North Market Street
Wilmington, DE 19801-2323

**BY E-MAIL**
John F. Ward
David M. Hill
Ward & Olivo
708 Third Avenue
New York, NY 10017

Karen E. Keller (No. 4489)

DB02:6651335.1

065666.1001

# EXHIBIT 29

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI, | ) ) | Civil Action No. 06-601 (JJF) |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| LIMITED BRANDS, INC. and BATH & BODY WORKS, INC., | ) ) | Jury Trial Demanded |
|  | ) |  |
| Defendants. | ) |  |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND
## REQUEST FOR DOCUMENTS AND TANGIBLE THINGS

Defendants Bath & Body Works, Inc. and Limited Brands, Inc. (collectively the "Limited Defendants") hereby respond to Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri's ("Plaintiffs") Second Request for Documents and Tangible Things. The Limited Defendants incorporate by reference their "General Objections to Discovery Requests" set forth in Defendants' Response to Plaintiffs' First Request for Documents and Tangible Things.

### RESPONSES TO REQUEST NOS. 1-5

### RESPONSE TO REQUEST NO. 1

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants' response is limited to the accused products identified in the claim charts of Plaintiff's Second Supplemental Responses to Defendants' Interrogatories (No. 6). The Limited Defendants further object to this Request to the extent that it seeks the production of documents

from an entity not within the control of the Limited Defendants. Subject to the foregoing specific objections, and the general objections referenced above, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 2

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants' response is limited to the accused products identified in the claim charts of Plaintiff's Second Supplemental Responses to Defendants' Interrogatories (No. 6). The Limited Defendants further object to this Request to the extent that it seeks the production of documents from an entity not within the control of the Limited Defendants. Subject to the foregoing specific objections, and the general objections referenced above, the Limited Defendants will produce documents responsive to this Request showing only such information as may be relevant to the subject matter of the present action, and then, only to the extent that any of such documents or any portion of said documents may pertain to any issue relevant to this suit, to the extent that any such documents may exist.

## RESPONSE TO REQUEST NO. 3

The Limited Defendants object to this Request as vague, indefinite, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. The Limited Defendants' response is limited to the accused products identified in the claim charts of Plaintiff's Second Supplemental Responses to Defendants' Interrogatories (No. 6). The Limited

conduct in accordance with Rule 11 of the Federal Rules of Civil Procedure prior to filing their

Complaint in this action.  Subject to the foregoing specific objections, and the general objections

referenced above, the Limited Defendants will produce documents responsive to this Request

showing only such information as may be relevant to the subject matter of the present action, and

then, only to the extent that any of such documents or any portion of said documents may pertain

to any issue relevant to this suit, to the extent that any such documents may exist.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated:  April 10, 2008

By:_____
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath & Body Works, Inc.
Limited Brands, Inc.

# EXHIBIT 30



**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com
info@rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro
Anne M. Sterba
Brian A. Tolleson

Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Oliver L. Edwards
David B. Orange
John H. Curry
Ryan P. Wallace
Carolyn L. Greene
Julia A. Kim
Raquel E. Ronisky*

*Not admitted in D.C.
Practice limited to trademark
and copyright matters and
cases in federal courts.

Of Counsel
John A. McCahill
Brian E. Banner
Nancy J. Linck, Ph.D.

**BY FACSIMILE AND U.S. MAIL**

May 9, 2008

Michael Zinna, Esq.
Ward & Olivo
708 Third Avenue
New York, NY 10017

Re:  *Laboratory Skin Care, Inc., et al. v. Limited Brands, Inc., et al.*
     Case No. 06-00601-(JJF) (U.S. District Court for the District of Delaware)
     Our File No. 3233-101

Dear Michael:

I am writing to address outstanding issues with respect to BBW's document production. We first wrote to you regarding deficiencies in BBW's document production on Feburary 21st, 2008. We did not receive a response to that letter, so, I wrote to you again on March 24th. Once again, you did not respond. Please let me know if you are available for a meet and confer to address outstanding issues with BBW's document production on Monday, May 12th or Tuesday, May 13th.

Additionally, LSC served a second set of document requests on BBW on March 11th, 2008. We received BBW's formal responses to those requests on April 10th, but we have not yet received <u>any documents</u> in response to those requests. We request that you provide documents responsive to LSC's second set of document requests no later than next Friday May 16th. If you are unable or unwilling to do so, please let me know prior to the meet and confer, so that we can also discuss that issue during the call.

Very truly yours,

C. Nichole Gifford

CNG:djc
cc: Sharon Davis, Esq.

# EXHIBIT 31

**C. Nichole Gifford**

_____

**From:** Zinna, Michael [zinnam@wardolivo.com]
**Sent:** Monday, May 12, 2008 10:39 AM
**To:** C. Nichole Gifford
**Cc:** Nardone, Melissa

Nikki,

I am out of the office today in client meetings and will be travelling on business for the rest of the week. I will address the issues in your letters of May 9 upon my return.  I am not available for a meet and confer today, or to provide a supplemental response to LSC's second set of document requests by your requested May 16 deadline.  I note that discovery is ongoing; May 16 appears to have been an arbitrarily chosen deadline on your part.

Thanks,
Mike


--------------------------------------------------------------------------------------------------------------------
---------------------
This electronic mail message (including any attachments) is confidential and may be protected by attorney-client privilege, other privileges, and/or may constitute non-public information.  This message is intended only for the use of the designated recipient(s).  Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.  If you have received this message in error, please delete this original message and remove all copies from your computer memory or storage. Thank you.


Ward & Olivo
382 Springfield Ave.
Summit, New Jersey  07901
Telephone: (908) 277-3333
Facsimile: (908) 277-6373
--------------------------------
380 Madison Ave.
New York, New York  10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866