IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> LIMITED BRANDS, INC., and BATH & BODY WORKS, INC., <br><br> Defendants. | Civil Action No. 06-601 (JFF) <br><br><br> Jury Trial Demanded |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

**INTRODUCTION**

The patent-in-suit, U.S. Pat. No. 6,579,516 (hereinafter the "'516 patent") claims an antibacterial moisturizing lotion which contains certain ingredients. It also claims a method of using this antibacterial lotion. To date, Plaintiffs Laboratory Skin Care, Inc., and Zahra Mansouri (hereinafter collectively, "LSC") have accused only one of the Defendants' (hereinafter collectively, "Defendants" or "BBW") products, the Anti-Bacterial Moisturizing Lotion (hereinafter, "AB Hand Lotion"), of infringing the '516 patent.

Despite this, LSC's discovery requests have amounted to nothing short of an abusive, overly broad fishing expedition. LSC has asked for just about every conceivable type of document for every one of the Defendants' non-solid antibacterial products – even products that are not lotions. Given the incongruity between LSC's discovery requests and the scope of the patent, the Defendants have repeatedly asked LSC for a list of accused products. To this day,

LSC has refused to provide one. Forced to undergo extensive discovery, and understanding that relevance is often construed broadly, BBW took a liberal approach to production and produced documents and information concerning approximately 400 individual products. Finally, on March 3, 2008 – 18 months after this case was filed and after the Defendants had undergone significant discovery – LSC provided a list of products *not* in suit. Many of these products could have easily been ruled in or out of the case before the Defendants produced documents, using the same analysis LSC used to name the AB Hand Lotion as an accused product.

Despite this abusive behavior, the Defendants have complied with LSC's discovery requests as best they could. Indeed, LSC admits that the Defendants have supplemented their discovery responses several times to further address LSC's concerns. Days after this motion was filed, both parties made additional supplementations to their discovery responses, to coincide with the close of written and document discovery.

All of LSC's concerns are either mooted by the Defendants' recent supplementation or misplaced. LSC's motion should be denied.

## I.    BBW'S INTERROGATORY RESPONSES ARE NOT DEFICIENT

LSC's motion claims that BBW's responses to Interrogatory Nos. 2, 3, 8, 9, 10, and 19 are deficient. They are not.

### A. Interrogatories Related to the Defendants' Opinions of Counsel, if Any

Interrogatory Nos. 8 and 9 seek information about whether BBW intends to rely on an advice-of counsel defense. It does not, and its interrogatory responses have been supplemented to state this. (See Defs Third Supp. Resp. to Pltfs' First Set of Interrogatories, attached as Exhibit 1, pg 4-5). LSC's motion is moot with regard to these interrogatories.

B. <u>Interrogatories Related to Non-Infringement Contentions</u>

Interrogatory No. 10 seeks information about the Defendants' non-infringement contentions. The Defendants have provided non-infringement contentions for the AB Hand Lotion, the only product currently named as an accused product. (See Defs Third Supp. Resp. to Pltfs' First Set of Interrogatories, pg 5-6). This is also the only product for which LSC has provided infringement contentions. LSC has the burden of proof on infringement – certainly the Defendants need not provide non-infringement contentions for the hundreds of products that LSC does not contend infringe. Therefore, LSC's motion is moot with regard to this interrogatory.

C. <u>Interrogatories Related to Sales Data</u>

Interrogatory No. 19 requests revenue and profit information for the Defendants' anti-bacterial products. The Defendants have provided documents showing sales information through June 7, 2008. (See BBW 5964-6077, 125250-125265, attached as Exhibit 2). To the extent LSC was having difficulty with the abbreviations in BBW 5964-6077, that problem is remedied by BBW 125250-125265, which correlate the abbreviations in the earlier set of documents to product sku numbers. The Defendants' reliance on documents here is completely appropriate; it will take the same amount of effort for LSC to review the documents and obtain the sales data as it would for the Defendants to do the same. As such, LSC's assertion that the Defendants' reliance on Rule 33(d) is inappropriate has no merit. LSC's other issues with the Defendants' response to Interrogatory No. 19 have been remedied. Thus, the current motion is moot with regard to this interrogatory.

D. Interrogatories Related to the Identity of Anti-Bacterial Products, Product Ingredients and Persons with Relevant Knowledge

Interrogatory Nos. 2 and 3 request, respectively, that BBW:

*2. Provide a list of all BBW anti-bacterial products developed, manufactured, produced or sold by [Defendants] since June 17, 2003, and identify all persons responsible for the development, manufacture, production and sale of each product.*

*3. On a product-by-product basis, provide a list of all ingredients contained in each BBW anti-bacterial product identified in response to Interrogatory No. 2 and identify the function and purpose of each individual ingredient.*

LSC's request to compel a response to Interrogatory No. 2 is moot. Although BBW's reliance on Rule 33(d) was entirely appropriate, BBW has supplemented its response to include a list of anti-bacterial products.[1] (See Defs Third Supp. Resp. to Pltfs' First Set of Interrogatories, pg 2-3). This list includes all non-solid triclosan containing products developed, manufactured, produced or sold by or on behalf of the Defendants.[2]

BBW has also provided LSC with a list of 20 individuals and entities who are most likely to have information related to the development, manufacture, production and sale of these products.[3]

---

[1] LSC's definition of "anti bacterial products" has changed over the course of the case. First, LSC defined them as "any products manufactured or sold by BBW that have, or are labeled or advertised as having, anti-bacterial properties." (See Plaintiffs' Exhibit 1, Plaintiffs' First Request for Documents and Tangible Things, Definition 4). In its present motion, LSC states first that "triclosan-containing, moisturizing skin care products" may infringe the '516 patent, but then goes on to assert that that a proper response to Interrogatory No. 2 should include information about "non-solid triclosan containing products" without any regard to moisturizing. The Defendants' inability to ascertain exactly what LSC wants, and LSC's continued revision of the singular definition that affects the scope of most of its discovery requests, has been challenging for the Defendants.

[2] LSC has provided BBW with a list of products that LSC is not accusing of infringement. This list does not include those products.

[3] BBW has objected to Interrogatory No. 2 as overly broad and unduly burdensome, particularly with regard to its request for "all persons responsible for the ... sale of each product." This

4

LSC's request to compel a response to Interrogatory No. 3 is also moot. BBW has provided LSC with all of the documents and information in its possession or control regarding Interrogatory No. 3. LSC has been informed several times that BBW does not develop, manufacture or produce its anti-bacterial products, and that much of the information requested by Interrogatory No. 3 rests with BBW's suppliers.

Interrogatory No. 3 requests two things: (1) lists of ingredients and (2) the function and purpose of each ingredient. LSC wrongfully claims that is has only been provided with abbreviated formula information, and that it has not been provided with "all ingredients contained in" the AB Lotion base. All of the ingredients of the AB Lotion base can be found in a single document – BBW 8267. (See BBW 8267, Plaintiffs' Exhibit 21). BBW has pointed LSC to this document numerous times, in response to LSC's requests to know where the ingredients of the base could be found. (See, e.g., M. Zinna letter of 3/12/08, Plaintiffs' Exhibit 20). BBW 125125-125126 also contains this information. (See BBW 125125-125126, attached as Exhibit 3). BBW's reliance on Rule 33(d) is appropriate here, because it is just as easy for LSC to read the ingredient list from either of these documents as it would be for BBW to specifically enumerate the ingredients in a written response.

BBW does not know the function and purpose of each ingredient in its formulas, so it cannot provide this information. BBW has conveyed this fact to LSC several times. BBW has also repeatedly identified its suppliers, so that LSC can obtain this information from the most knowledgeable.

---

could include every sales associate in every BBW store. BBW has provided LSC with the names of individuals and entities most likely to have information related to development, manufacturing, production, and sale.

## II. BBW'S DOCUMENT PRODUCTION IS NOT DEFICIENT

LSC's motion also claims that BBW's document production in response to Request Nos. 6, 7, 8, 9, 21 and 23 of LSC's first set of document requests and Request Nos. 1-5 of LSC's second set of document requests are deficient. Again, they are not. In large part, LSC asserts that additional documents "must" exist, but it provides no basis for that assertion.

### A. Documents Concerning Communications Between the Parties

Document Request Nos. 6-9 ask for documents related to communications between the parties. The Defendants have conducted a diligent search for documents responsive to this request, and have produced all responsive documents (See BBW 1479-1496, 10863-11087, attached as Exhibit 4).[4] LSC has no basis to suggest that additional documents should be in the Defendants' possession, and indeed, its motion does not provide one. The Defendants have provided LSC with all documents in its possession and control that are responsive to these requests, so the present motion is moot with regard to Request Nos. 6 – 9.

### B. Document Concerning Patent Applications Filed by BBW for Antibacterial Products

Document Request No. 23 asks for documents concerning patent applications filed by BBW for antibacterial products containing Triclosan. Only one such application exists, and its complete file history has been produced. (See BBW 125034-125109, attached as Exhibit 5). As such, Ball's motion is moot with regard to this request.

---

[4] Most of the correspondence between the parties apparently took place in 2001-2002, and LSC has no reasonable basis for asserting that BBW would still be in possession of documents relating to that correspondence.

6

C. Documents Concerning Contracts and Communications with
Third Parties Regarding BBW's antibacterial products

Request No. 1-2 of LSC's second set of document requests agreements and communications regarding the development, manufacture, supply, distribution and sale of each product accused of infringement, i.e., the AB Hand Lotion. To the extent these documents exist and are within the Defendants' custody or control, they have been produced. (See e.g., BBW 125127 -125248, 50833 – 50840, 99799 – 99802, 104839 – 104862, attached as Exhibit 6). Ball provides no foundation for its assertion that additional responsive documents exist. Ball's motion is moot with regard to this request.

D. Product Labels and Documents Related to Labeling for the AB Hand Lotion

Request Nos. 3-4 of LSC's second set of documents requests documents related to labeling of the AB Hand Lotion, and for product labels. A representative label was produced on November 30, 2007. (See BBW 82413, attached as Exhibit 7). Aside from changes in graphics and color to reflect the various scents the product comes in, every label for every scent will be substantially identical. As such, it would be duplicative and unduly burdensome for BBW to produce each and every label. Communications discussing labeling were also produced. (See, e.g. BBW 73963-73966, 74661-74663, 74949 – 74952, attached as Exhibit 8).

E. Product Labels for Non-Triclosan Containing Products by
Murad, Ahava, CO Bigelow and Patricia Wexler product lines

Request No. 5 of LSC's second set of document requests asks for the product labels of several publicly available unaccused products, including products that are produced by other personal care companies and resold by BBW (Ahava, Murad). This request exemplifies what a fishing expedition LSC's discovery strategy has been. There are no labels responsive to this request in either the C.O. Bigelow or Patricia Wexler lines. LSC has provided no evidence to

suggest otherwise. The Ahava and Murad products whose labels would be responsive to this request are widely available for sale at many retail outlets aside from BBW. Short of giving LSC a sample of these products – which are not accused of infringement here – BBW would have no way of providing labels. BBW should not be expected to do LSC's work for it. LSC can easily obtain these labels from their producers, and there is no basis upon which LSC can assert that the cost of providing these labels should be borne by BBW.

### III.  CONCLUSION

For the forgoing reasons, LSC's motion to compel should be denied in its entirety.

Respectfully submitted,

Dated: June 16, 2008

By: /s/ Francis G.X. Pileggi
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware  19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, New York  10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com


E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com


*Attorneys for Defendants*
Bath & Body Works, Inc.
Limited Brands, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on this 16th day of June, 2008 via email and U.S. First Class Mail, postage prepaid, upon the counsel of record shown below:

Melanie K. Sharp
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391

E. Anthony Figg
Sharon L. Davis
C. Nicole Gifford
Daniel L. Shores
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005

*Melissa Nardone*
Melissa Nardone

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI,<br><br>Plaintiffs,<br><br>v.<br><br>LIMITED BRANDS, INC., and BATH & BODY WORKS, INC.,<br><br>Defendants. | Civil Action No. 06-601 (JFF)<br><br><br><br>Jury Trial Demanded |

TABLE OF CONTENTS TO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

**Description**                                                                                                   **Page No.**

INTRODUCTION ............................................................................................................. 1

I.    BBW'S INTERROGATORY RESPONSES ARE NOT DEFICIENT .............. 2

      A. Interrogatories Related to the Defendants' Opinions of Counsel, if Any ....... 2

      B. Interrogatories Related to Non-Infringement Contentions ...................... 3

      C. Interrogatories Related to Sales Data ................................................3

      D. Interrogatories Related to the Identity of Anti-Bacterial Products,
         Product Ingredients and Persons with Relevant Knowledge ..................... 4

II.   BBW'S DOCUMENT PRODUCTION IS NOT DEFICIENT ...................... 6

      A. Documents Concerning Communications Between the Parties ..................6

      B. Document Concerning Patent Applications Filed by BBW for
         Antibacterial Products ........................................................................6

      C. Documents Concerning Contracts and Communications with
         Third Parties Regarding BBW's antibacterial products ...........................7

    D. Product Labels and Documents Related to Labeling for the AB Hand Lotion ..................................................................................7

    E. Product Labels for Non-Triclosan Containing Products by Murad, Ahava, CO Bigelow and Patricia Wexler product lines ................. 7

III. CONCLUSION ........................................................................ 8

Respectfully submitted,

Dated: June 16, 2008

By: /s/ Francis G.X. Pileggi
Francis G.X. Pileggi (Del. Bar No. 2624)
Sheldon K. Rennie (Del. Bar No. 3772)
FOX ROTHSCHILD LLP
Suite 1300
919 North Market Street
Wilmington, Delaware 19801
Phone: (302) 655-3667
Fax: (302) 656-8920
E-mail: fpileggi@foxrothschild.com
E-mail: srennie@foxrothschild.com

OF COUNSEL:

John F. Ward
David M. Hill
Michael J. Zinna
WARD & OLIVO
380 Madison Avenue
New York, New York 10017
Phone: (212) 697-6262
Fax: (212) 972-5866
E-mail: wardj@wardolivo.com
E-mail: hilld@wardolivo.com
E-mail: zinnam@wardolivo.com

*Attorneys for Defendants*
Bath & Body Works, Inc.
Limited Brands, Inc.