IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY SKIN CARE, INC. and<br>ZAHRA MANSOURI,<br><br>      Plaintiffs,<br><br>   v.<br><br>LIMITED BRANDS, INC. and<br>BATH AND BODY WORKS, LLC<br><br>      Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 06-601 (JJF)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SERVICE OF SUBPOENA

TO: Francis G.X. Pileggi
   Leslie B. Spoltore
   Citizens Bank Center, Suite 1300
   919 North Market Street
   Wilmington, DE 19801-2323

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri ("LSC") served a Subpoena directed to Cosmetic Essence, Inc., a copy of which is attached hereto as Exhibit A.

<table>
<tr><td></td><td>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ Karen E. Keller<br>_____<br>Josy W. Ingersoll (No. 1088)<br>Melanie K. Sharp (No. 2501)<br>Karen E. Keller (No. 4489)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br><br>P.O. Box 391<br>Wilmington, DE 19899<br>(302)571-6681<br>msharp@ycst.com<br><br>ROTHWELL, FIGG, ERNST & MANBECK, P.C.<br>E. Anthony Figg<br>Sharon L. Davis<br>C. Nichole Gifford<br>Daniel Shores<br>1425 K Street, NW<br>Suite 800<br>Washington, DC 20005<br>(202) 783-6040</td></tr>
<tr><td>Dated: June 19, 2008</td><td>*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*</td></tr>
</table>

2

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on June 19, 2008, I caused to be electronically filed a true and correct copy of the foregoing document, Notice of Service of Subpoena with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis G.X. Pileggi
> Leslie B. Spoltore
> Citizens Bank Center
> Suite 1300
> 919 North Market Street
> Wilmington, DE 19801-2323

I further certify that on June 19, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
> John F. Ward
> David M. Hill
> Ward & Olivo
> 708 Third Avenue
> New York, NY 10017

> */s/ Karen E. Keller*
> Karen E. Keller (No. 4489)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-6600
> kkeller@ycst.com

DB02:6908536.1                                                                                                                     065666.1001

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
IN THE NEWARK DIVISION**

| | |
|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI<br><br>Plaintiffs,<br>v.<br><br>LIMITED BRANDS, INC., and BATH & BODY WORKS, INC.<br><br>Defendants. | SUBPOENA<br>IN A CIVIL CASE<br><br>CASE NO.: 06-00601 (JJF)<br>(U.S.D.C. for the District of Delaware) |

TO:  Cosmetic Essence, Inc.
President or General Counsel
2182 Rt 35
South Holmdel, NJ 07733

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A, attached

| PLACE<br>Rothwell Figg Ernst & Manbeck, P.C.<br>1425 K. Street, N.W., Suite 800<br>Washington DC 20005<br>(202)-783-6040 | DATE AND TIME<br><br>June 25, 2008<br>9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br>C. Nichole Gifford, Counsel for Plaintiffs | DATE<br><br>June 18, 2008 |
|---|---|

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

C. Nichole Gifford, Esq.
Rothwell Figg Ernst & Manbeck, P.C.
1425 K. Street, N.W., Suite 800
Washington DC 20005
(202) 783-6040

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

### Instructions

1. **Subpoenaed Items.** YOU ARE COMMANDED to produce for inspection, copying, testing or sampling all items specified in the "Documents, ESI and Tangible Things Subpoenaed" below in your possession, custody, or control or otherwise known or available to you or to your agents, employees, and representatives at the place, date and time specified in the accompanying subpoena.

2. **Completeness.** Each subpoenaed item calls for and requires production of the complete document, electronically stored information ("ESI"), or tangible thing in its entirety, including attachments, without abbreviation, redaction or expurgation.

3. **Breadth.** The subpoena for a specific item or for a communication with a specific person shall not be read to narrow the scope of any other subpoena category.

4. **Compliance.** If any subpoenaed category cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

5. **Organization of Items.** You shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the subpoena.

6. **ESI.** You shall produce ESI in the electronic form in which it was created (native format). You shall produce an e-mail attachment together with the message to which it was attached. You shall provide reasonable technical support, information on application software, or other reasonable assistance to enable Plaintiffs to use the information. You shall not convert ESI from the form in which it was created to another form unless Plaintiffs cannot use the ESI in

the form in which it was created and request you to convert the form to a form usable by Plaintiffs.

Draft language, editorial comments, and other deleted matter (embedded data or embedded edits) shall not be removed unless it contains privileged information, in which case a claim of privilege shall be made in accordance with Instruction 10, below. Information describing the history, tracking, or management of an electronic file (metadata) shall not be removed unless it contains privileged information, in which case a claim of privilege shall be made in accordance with Instruction 10, below.

You are required to ensure that ESI is preserved in its original native format from the date that the subpoena is served through the end of the present litigation, whether terminated by settlement, dismissal (with or without prejudice) or actual court decision.

7. **Natural Persons.** References to natural persons include, in addition to the person named, his or her agents, representatives, attorneys, members of his or her immediate family, any partnership of which such person is a member or partner, and any other business entity in which such person has a controlling direct or indirect interest.

8. **Businesses, legal or governmental entities or associations.** References to businesses, legal or governmental entities or associations, include, in addition to the business, entity or association named, its predecessors, officers, directors, employees, agents, partners, accountants, attorneys, corporate parent, subsidiaries or affiliates.

9. **Privilege.** Where a claim of privilege is asserted as a basis for not producing a document, ESI, or portion thereof, and such document, ESI, or portion thereof is not provided on the basis of such assertion, (1) you shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's

privilege rule being invoked; and (2) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

    (i) the type of document or ESI, e.g., letter, e-mail, interoffice memorandum, or notes;

    (ii) the general subject matter of the document or ESI;

    (iii) the date of the document or ESI; and

    (iv) such other information as is sufficient to identify the document or ESI for a subpoena duces tecum, including

        (a) the author of the document or ESI,

        (b) the addressees of the document or ESI, and any other recipients shown therein, and,

        (c) where not apparent, the relationship of the author, addressees, and recipients to each other.

This information shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise agreed upon by the Parties or ordered by the Court.

10. **Discarded or Destroyed Items.** In the event that any item subpoenaed has been discarded or destroyed, other than in the ordinary course of business, you shall identify such item and specify (i) the date of its destruction; (ii) the reason for its destruction; (iii) the person authorizing its destruction; and (iv) the custodian of the document immediately preceding its destruction.

11. **Continuing Effect.** This subpoena is of continuing effect. If after such production you become aware of or acquire additional documents, ESI, or tangible things that are

responsive to this subpoena, you shall promptly produce them.

12. **Confidential Information.** Documents shall not be withheld on the grounds that they contain highly sensitive or confidential information, but instead shall be designated in accordance with the terms of the protective order to be entered in the action identified in the caption of the subpoena to which this Schedule A is attached.

### Definitions

The following definitions apply to this subpoena:

1. **You.** The terms "you" and "your" mean Cosmetic Essence, Inc., its employees, officers, directors, agents, representatives, partners, joint ventures, parents, subsidiaries, divisions or affiliates.

2. **Patent in suit.** The term "patent in suit" means U.S. Patent No. 6,579,516 and the application leading to the allowance of that patent.

3. **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. **Document and ESI.** The terms "document" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any computer data compilations. The terms "document" and "ESI" include any book, bill, calendar, chart, check, compilation, computation, computer or network activity log, correspondence, data, data compilation, database, diagram, diary, document, draft, drawing, e-mail, electronic message, file, folder, film, graph, graphic presentation, image, index, inventory, invoice, jotting, journal, ledger, machine readable material, map, memoranda, metadata, minutes, note, order, paper, photograph, printout, recording, report, software, spreadsheet, statement, sound recording, summary, telephone

message record or log, transcript, video, voicemail, voucher, webpage, work paper, writing, or worksheet, or any other item or group of documentary material or information, regardless of physical or electronic format or characteristic, and any information therein, and copies, notes, and recordings thereof. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. A draft or non-identical copy is a separate item within the meaning of these terms.

5. **Parties.** The terms "Plaintiffs" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

6. **Defendants.** The term "Defendants" means Limited Brands, Inc., including its officers, directors, employees, partners, corporate parents, predecessors, subsidiaries and affiliates and Bath & Body Works, Inc., including its officers, directors, employees, partners, corporate parents, predecessors, subsidiaries and affiliates.

7. **Plaintiffs.** The term "Plaintiffs" means Laboratory Skin Care Inc. and Zahra Mansouri.

8. **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

### Rules of Construction

The following rules of construction apply to this subpoena:

1. **All/Each.** The terms "all" and "each" shall be construed as all and each.

2. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively

or conjunctively as necessary to bring within the scope of the subpoena all responses that might otherwise be construed to be outside of its scope.

### Documents, ESI, and Tangible Things Subpoenaed

1. All documents, ESI, and tangible things concerning any communications or meetings with Defendants, including e-mail communications related to any antibacterial lotions or creams that contain triclosan, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

2. All documents, ESI, and tangible things concerning any contract, agreements or licenses with Defendants related to any antibacterial lotions or creams that contain triclosan, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

3. All documents, ESI, and tangible things concerning any research, study, or other work you performed, or that was performed at your direction, on behalf of Defendants related to any antibacterial lotions or creams that contain triclosan, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

4. All documents, ESI, and tangible things concerning the composition, development, ingredients or characteristics of any antibacterial lotions or creams that contain triclosan, that were formulated, developed, manufactured, supplied, or sold on behalf of Defendants, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

5. All documents, ESI, and tangible things concerning the marketing, advertising or promotion of any antibacterial lotions or creams that contain triclosan on behalf of Defendants, including but not limited to the products that are sold as Bath & Body Works Brand®

Antibacterial Moisturizing Hand Lotion.

6. All documents, ESI, and tangible things concerning the packaging or labeling of any antibacterial lotions or creams that contain triclosan on behalf of Defendants, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

7. All documents, ESI, and tangible things concerning the development, manufacture and production of any antibacterial lotions or creams that contain triclosan on behalf of Defendants, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

Any submissions to any regulatory authorities relating to BBW anti-bacterial products.

8. All documents, ESI and tangible things constituting, concerning or related to any communications or submissions to FDA or any other regulatory authority or agency regarding any antibacterial lotions or creams developed, manufactured or produced for or on behalf of Defendants that contain triclosan, including but not limited to the products that are sold as Bath & Body Works Brand® Antibacterial Moisturizing Hand Lotion.

9. All documents, ESI, and tangible things concerning the patent in suit.

10. All documents, ESI, and tangible things that mention, discuss or relate to Laboratory Skin Care or Zahra Mansouri.

11. All documents, ESI, and tangible things reflecting, concerning or discussing any communication with Laboratory Skin Care or Zahra Mansouri.