IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY SKIN CARE, INC. and ZAHRA MANSOURI, <br><br> Plaintiffs, <br> v. <br><br> LIMITED BRANDS, INC. and BATH AND BODY WORKS, LLC <br><br> Defendants. | ) ) ) ) ) ) Civil Action No. 06-601 (JJF) ) ) ) ) ) |

**PLAINTIFFS' REPLY MEMORANDUM
IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL
DEFENDANTS TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 37.1, Plaintiffs, Laboratory Skin Care, Inc. and Zahra Mansouri (collectively "LSC" or "Plaintiffs") submit this Reply Memorandum in Further Support of their Motion to Compel.

BBW's opposition brief presents a view of the facts that is completely unsupported by the record in this case.[1] LSC need not respond to BBW's rhetoric because the correspondence between the parties attached to LSC's opening brief presents a clear picture of BBW's efforts to avoid and/or delay discovery.

After forcing LSC to file this motion, BBW supplemented its interrogatory responses and produced additional documents on June 11th – the very last day allowed under the discovery schedule. These responses included much of the information sought by LSC's motion to compel and, therefore, rendered certain portions of LSC's motion moot. BBW could have provided this

---

[1] Perhaps this is because the brief appears to have been originally written for another unrelated case. (See repeated reference to "Ball" on page 7).

information sooner, but simply chose not to until forced to do so. However, the supplemental discovery provided by BBW after LSC filed its motion to compel did not address all of the deficiencies raised by LSC's motion. BBW still has not fully responded to Interrogatory Nos. 2, 3 and 10 or Document Request No. 21 of Plaintiffs' First Set of Requests or Document Request No. 2 of Plaintiffs' Second Set of Document Requests.

I.      **Defendants' Interrogatory Responses are Insufficient**

    A.      <u>Interrogatory Nos. 2 and 3</u>

As explained in LSC's opening brief, to ensure that all infringing products are included in this lawsuit, LSC served interrogatories seeking the identity, function and purpose of the ingredients contained in the anti-bacterial products sold by BBW. *See* Ex. 1 to Plaintiffs' Memorandum in Support of its Motion to Compel (hereinafter "LSC's Opening Br.") There are two issues that still remain unresolved with respect to Interrogatory Nos. 2 and 3.

<u>First</u>, BBW's supplemental response to Interrogatory No. 2 admits that BBW has developed, manufactured, produced, or sold both the Anti-bacterial Moisturizing Hand Lotion (already accused of infringement) as well as an Anti-bacterial Foot Lotion (which is no longer being sold). The fact that BBW's Anti-bacterial Foot Lotion is not currently being sold, however, does not relieve BBW of liability for any past damages for infringement based on that product. Therefore, LSC is entitled to discovery regarding BBW's Anti-bacterial Foot Lotion.

As explained in LSC's Opening Brief, none of the formula sheets provided for the Anti-bacterial Foot Lotion (and several of the sheets provided for the Anti-bacterial Hand Lotion) provide a complete list of ingredients. *See* LSC Opening Br. Ex. 13. BBW's opposition brief simply ignores the fact that it has not identified the complete formula for the Anti-bacterial Foot Lotion at any time during this litigation. If the formula for the BBW Anti-bacterial Foot Lotion

is the same as the hand lotion, BBW should have provided that information, but LSC cannot simply assume that is the case. BBW's opposition brief also repeats its assertion that Exh. 21 to LSC's Opening Brief is a formula sheet for the "antibacterial lotion base," but as previously explained, it is not. *See* LSC Opening Br. at p.4. LSC requests that BBW be required to provide a formula sheet or otherwise identify the ingredients contained in BBW's Anti-bacterial Foot Lotion and also be required to produce a formula sheet for the "antibacterial hand lotion base."

Second, BBW's opposition brief states that it does not know the function and purpose of each ingredient in its anti-bacterial hand lotion as requested by Interrogatory No. 3, and asserts that LSC must obtain this information from BBW's third-party manufacturers. BBW does not assert that it is unable to obtain this information and provide a response to LSC's interrogatory. Rather, BBW asserts that because this information is known to BBW's contract manufacturers, LSC should serve those third parties with subpoenas to obtain the information. However, the burden of obtaining such information from third parties is much greater on LSC than it is to BBW. LSC has served subpoenas on the third party manufacturers identified by BBW, but to date, no responsive documents have been produced by BBW's manufacturers, and LSC should not have to bear the expense of a deposition to gain information that BBW could easily provide. There is no doubt that BBW ultimately will take a position regarding the function and purpose of the ingredients contained in its anti-bacterial moisturizing lotion, and LSC should not be forced to wait until expert discovery to learn what BBW's position will be.

Moreover, BBW's opposition does not address the inherent conflict between the position it takes with respect to Interrogatory No. 3, and the statements in its own Rule 26(a) statement regarding witnesses with knowledge about the research and development of the products at issue. LSC is only allowed to take 10 depositions in this case, and it should not have to waste a

deposition trying to find out the identity of individuals having basic knowledge about Defendants' products. LSC requests that BBW be required to provide its position with regard to the information sought by Interrogatory Nos. 2 and 3, including the ingredients contained in the Anti-bacterial Foot Lotion, the ingredients contained in the "antibacterial hand lotion base" and the function and purpose of each ingredient.

    B.    <u>Interrogatory No. 10</u>

BBW provided a supplemental response to Interrogatory No. 10, but that response was incomplete. More specifically, Interrogatory No. 10 requests that:

> *For each claim of the '516 patent, explain in detail which claim limitations, if any, you allege are not met by each of the BBW anti-bacterial products identified in response to Interrogatory No. 2. For each element that you contend is the basis for or supports your non-infringement position, explain in detail your construction of that claim element as used in the claim and provide a detailed explanation of why you believe the claim elements are not present in the BBW anti-bacterial product.*

BBW's supplemental response alleges that the claims of the '516 patent require the presence of an "adsorption enhancer," which BBW alleges is not present in its anti-bacterial lotion. However, BBW's response fails to identify the claim limitation that requires an "adsorption enhancer" or otherwise is not met by its anti-bacterial products, as expressly requested by Interrogatory No. 10.

**II.    Defendants Document Production is Incomplete**

    A.    <u>Document Request No. 21</u>

Document Request No. 21 seeks the most current organizational chart of BBW and LBI. BBW has not produced an organizational chart in any form for either company. Furthermore, the absence of these documents from BBW's production is not addressed anywhere in BBW's opposition brief.

Counsel for BBW contacted counsel for LSC about this request via telephone on June 11th, and indicated that many companies owned by Limited Brands were not related to this litigation. LSC agreed that the scope of this request could be limited to the named defendants and the relationship between the two. However, despite this narrowed scope, no organizational charts have been provided.

B.  <u>Document Request No. 4</u> (of LSC's Second Set of Requests)

Document Request No. 4 seeks "a copy of the actual product label for each individual product identified in documents produced at BBW 006108-198 and BBW 006357-65" (The documents identified by Bates Number in this request are formula sheets for the Anti-bacterial Hand Lotion accused of infringement and the Anti-bacterial Foot Lotion discussed above.) In its opposition brief, BBW admits that it has only produced one exemplary product label.

BBW asserts that the production of additional labels would be duplicative and unduly burdensome, but fails to explain how the production of approximately 100 pages (that would logically be kept in the same location) would be unduly burdensome to BBW. These labels are highly relevant because they are clear evidence of infringement. LSC believes that these documents are critical to this case, and BBW has not provided any valid reason why they are being withheld. Moreover, much of this information cannot be obtain elsewhere by LSC because, as BBW admits, the Anti-bacterial Foot Lotion is no longer being sold. Additionally, many variations of the Anti-bacterial Hand Lotion have been discontinued and are no longer publicly available.

LSC has demonstrated how these products labels are both relevant and responsive to its document requests. LSC requests that BBW be ordered to produce legible copies of the labels for the specific products identified in this document request.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request this Court to grant its motion to compel Defendants to fully respond to Interrogatory Nos. 2, 3 and 10 and to Produce Documents in Response to Document Request No. 21 of Plaintiffs First Set of Document Requests and Request No. 2 of Plaintiffs Second Set of Document Requests.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6600
msharp@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

Dated: June 25, 2008

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on June 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document, Plaintiffs' Reply Memorandum in Further Support of Their Motion to Compel Defendants to Answer Interrogatories and Produce Documents with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis G.X. Pileggi
> Leslie B. Spoltore
> Citizens Bank Center
> Suite 1300
> 919 North Market Street
> Wilmington, DE 19801-2323

I further certify that on June 25, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
> John F. Ward
> David M. Hill
> Ward & Olivo
> 708 Third Avenue
> New York, NY 10017

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
kkeller@ycst.com