IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY SKIN CARE, INC. and ZAHRA MANSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> LIMITED BRANDS, INC. and BATH AND BODY WORKS, LLC <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 06-601 (JJF) |

### PLAINTIFFS' SECOND NOTICE OF 30(b)(6) DEPOSITION

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, commencing at 9:00 a.m. on July 8, 2008, or at such other date and time as shall be agreed upon by the parties or ordered by the Court, and continuing day-to-day thereafter, Plaintiffs Laboratory Skin Care, Inc. and Zhara Mansouri will take the deposition upon oral examination of a representative or representatives of Limited Brands, Inc. ("LBI") and Bath and Body Works, Inc. ("BBW") (collectively "Defendants") concerning the subjects identified in the attached Schedule A. Please designate a representative or representatives to testify at least ten (10) business days prior to the deposition. The deposition shall take place at the offices of Rothwell, Figg, Ernst & Manbeck, 1425 K Street, N.W., Suite 800, Washington, D.C. 20005 or at such location as agreed to by the parties or as ordered by the Court. The deposition will be taken before an officer authorized by law to administer oaths, and will be recorded by stenographic and/or audiovisual means. You are invited to attend and cross-examine.

## SCHEDULE A

## DEFINITIONS

1.  The term "Bath and Body Works, Inc." ("BBW") means defendant Bath and Body Works, Inc. and any of its divisions, departments, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of BBW, its divisions, departments, subsidiaries, affiliates, or predecessors.

2.  The term "Limited Brands, Inc." ("LBI") means defendant Limited Brands, Inc. and any of its divisions, departments, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of LBI, its divisions, departments, subsidiaries, affiliates, or predecessors.

3.  "Defendants" shall mean defendant Limited Brands, Inc. and Bath and Body Work, Inc. as defined above.

4.  "LSC" shall mean Laboratory Skin Care, Inc. ("LSC"), including LSC's subsidiaries, affiliates, divisions and corporate predecessors.

5.  The "'516 patent" shall mean United States Patent No. 6,579,516 issued on June 17, 2003.

6.  As used herein, the term "BBW anti-bacterial products" shall include each fragrance and/or scent of Bath & Body Works Anti-bacterial Moisturizing Hand Lotion, each of the individual products identified as AB Hand Cream at BBW 006108-006109, each of the products identified as AB Hand Lotion at BBW 006110-006198, each of the products identified as AB Foot Lotion at BBW 006357-006365, and any other non-solid triclosan-containing

moisturizing lotion products sold by Defendants for which formula sheets have not been produced..

## TOPICS FOR TESTIMONY

13. The organizational structure of Bath and Body Works, Inc, including its officers, directors, employees, departments, divisions, business activities and relationship to any parent, sister, subsidiary or other related entity.

14. The organizational structure of Limited Brands, Inc., including its officers, directors, employees, departments, divisions, business activities and relationship to any parent, sister, subsidiary or other related entity.

15. The relationship Defendants have with any third party involved in the development, manufacture, supply, distribution, packaging, labeling, marketing, advertising, promotion or sale of BBW's Anti-bacterial Moisturizing Hand Lotion.

16. Communications or submission to FDA or any other regulatory authority or agency concerning or related to BBW's Anti-bacterial Moisturizing Hand Lotion.

17. The market for anti-bacterial products, including but not limited to potential and actual market share analysis.

18. The market for anti-bacterial lotion products, including but not limited to potential and actual market share analysis.

19. Business, financial and marketing plans, forecasts, strategies and projections concerning or relating to antimicrobial moisturizing lotion products.

20. Pricing policies for BBW's anti-bacterial moisturizing lotion products.

21. Defendants' decision to develop an anti-bacterial lotion product.

22. Defendants' decision to develop an anti-bacterial moisturizing lotion product

containing triclosan.

23. Defendants' efforts to develop and/or reformulate BBW's Anti-bacterial Moisturizing Hand Lotion without using triclosan.

24. Defendants' knowledge and awareness moisturizing lotion products containing triclosan.

25. Defendants' efforts to design around the patent in suit.

26. Manufacturing, production, packaging, labeling, filling, supply and distribution facilities for BBW's anti-bacterial products.

27. Formula sheets, manufacturing procedures, or other documents referring or relating to BBW's anti-bacterial products.

28. Any testing, analysis, study or evaluation of LSC's antimicrobial moisturizing lotion by Defendants.

29. All contacts, communications, or discussions with any person or entity concerning this lawsuit.

30. Defendants' efforts to respond to the Plaintiffs' interrogatories and document requests in this action, including but not limited to, (1) instructions, directive or guidance of any kind given by Defendants or their agents regarding persons contacted or to be contacted in order to obtain responsive documents; (2) the process by which the individual(s) who searched for document were chosen; (3) the identity of documents, files, offices or other location searched, or to be searched, for document responsive to Plaintiffs' discovery requests; (4) the steps taken to identify, locate, and search for document responsive to Plaintiffs' discovery requests; (5) the procedures and practices for determining which documents were responsive to Plaintiffs' discovery requests; (6) the procedures and practices for determining which documents were

privileged or otherwise withheld from production to Plaintiffs; and (7) the procedures and practices for producing documents in response to Plaintiffs' discovery requests.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6600
msharp@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

Dated:  June 25, 2008

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

## **CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire, hereby certify that on June 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document, Plaintiffs' Second Notice of 30(b)(6) Deposition with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis G.X. Pileggi
> Leslie B. Spoltore
> Citizens Bank Center
> Suite 1300
> 919 North Market Street
> Wilmington, DE 19801-2323

I further certify that on June 25, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
> John F. Ward
> David M. Hill
> Ward & Olivo
> 708 Third Avenue
> New York, NY 10017

_____
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
kkeller@ycst.com