IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LABORATORY SKIN CARE, INC. and ZAHRA MANSOURI,

Plaintiffs,

v.

LIMITED BRANDS, INC. and BATH AND BODY WORKS, LLC

Defendants.

Civil Action No. 06-601 (JJF)

**NOTICE OF SERVICE OF SUBPOENA**

TO: Francis G.X. Pileggi
Sheldon K. Rennie
Fox Rothschild LLP
Citizens Bank Center, Suite 1300
919 North Market Street
Wilmington, DE 19801-2323

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri ("LSC") are serving a Subpoena directed to Notaro & Michalos, a copy of which is attached hereto as Exhibit A.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller

Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6554
kkeller@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

Dated: July 23, 2008

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

**CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire, hereby certify that on July 23, 2008, I caused to be electronically filed a true and correct copy of the foregoing document, Notice of Service of Subpoena with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Francis G.X. Pileggi
Sheldon K. Rennie
Fox Rothschild LLP
Citizens Bank Center, Suite 1300
919 North Market Street
Wilmington, DE 19801-2323

I further certify that on July 23, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**
John F. Ward
David M. Hill
Michael J. Zinna
Ward & Olivo
380 Madison Avenue
New York, NY 10017

Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6554
kkeller@ycst.com

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**LABORATORY SKIN CARE, INC., and ZHARA MANSOURI**

**Plaintiffs,**

**v.**

**LIMITED BRANDS, INC., and BATH & BODY WORKS, INC.**

**Defendants.**

**SUBPOENA IN A CIVIL CASE**

**CASE PENDING IN THE DISTRICT OF DELAWARE**
**CASE NO.: 06-00601 (JJF)**

TO: **Notaro & Michalos**
**100 Dutch Hill Rd, Suite 110**
**Orangeburg, NY 10962**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Schedule A, attached**

| | DATE AND TIME |
|---|---|
| **Sandy Saunders Reporting**<br>**254 South Main Street Street**<br>**New City, New York 10962**<br>**(845)634-7561** | **August 1, 2008**<br>**9:00 am** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below:

| PREMISES | DATE |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| C. Nichole Gifford, Counsel for Plaintiffs | July 22, 2008 |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
C. Nichole Gifford, Esq.
Rothwell Figg Ernst & Manbeck, P.C.
1425 K. Street, N.W., Suite 800
Washington DC 20005
(202) 783-6040

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Schedule A**

**Instructions**

1. **Subpoenaed Items.** You are commanded to produce for inspection, copying, testing or sampling all items specified in the "Documents, ESI and Tangible Things Subpoenaed" below in your possession, custody, or control or otherwise known or available to you or to your agents, employees, and representatives at the place, date and time specified in the accompanying subpoena.

2. **Completeness.** Each subpoenaed item calls for and requires production of the complete document, electronically stored information ("ESI"), or tangible thing in its entirety, including attachments, without abbreviation, redaction or expurgation.

3. **Breadth.** The subpoena for a specific item or for a communication with a specific person shall not be read to narrow the scope of any other subpoena category.

4. **Compliance.** If any subpoenaed category cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

5. **Organization of Items.** You shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the subpoena.

6. **ESI.** You shall produce ESI in the electronic form in which it was created (native format). You shall produce an e-mail attachment together with the message to which it was attached. You shall provide reasonable technical support, information on application software, or other reasonable assistance to enable Plaintiffs to use the information. You shall not convert ESI from the form in which it was created to another form unless Plaintiffs cannot use the ESI in

the form in which it was created and request you to convert the form to a form usable by Plaintiffs.

Draft language, editorial comments, and other deleted matter (embedded data or embedded edits) shall not be removed unless it contains privileged information, in which case a claim of privilege shall be made in accordance with Instruction 9, below. Information describing the history, tracking, or management of an electronic file (metadata) shall not be removed unless it contains privileged information, in which case a claim of privilege shall be made in accordance with Instruction 9, below.

You are required to ensure that ESI is preserved in its original native format from the date that the subpoena is served through the end of the present litigation, whether terminated by settlement, dismissal (with or without prejudice) or actual court decision.

7. **Natural Persons.** References to natural persons include, in addition to the person named, his or her agents, representatives, attorneys, members of his or her immediate family, any partnership of which such person is a member or partner, and any other business entity in which such person has a controlling direct or indirect interest.

8. **Businesses, legal or governmental entities or associations.** References to businesses, legal or governmental entities or associations, include, in addition to the business, entity or association named, its predecessors, officers, directors, employees, agents, partners, accountants, attorneys, corporate parent, subsidiaries or affiliates.

9. **Privilege.** Where a claim of privilege is asserted as a basis for not producing a document, ESI, or portion thereof, and such document, ESI, or portion thereof is not provided on the basis of such assertion, (1) you shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's

privilege rule being invoked; and (2) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(i) the type of document or ESI, e.g., letter, e-mail, interoffice memorandum, or notes;

(ii) the general subject matter of the document or ESI;

(iii) the date of the document or ESI; and

(iv) such other information as is sufficient to identify the document or ESI for a subpoena duces tecum, including

(a) the author of the document or ESI,

(b) the addressees of the document or ESI, and any other recipients shown therein, and,

(c) where not apparent, the relationship of the author, addressees, and recipients to each other.

This information shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise agreed upon by the Parties or ordered by the Court.

10. **Discarded or Destroyed Items.** In the event that any item subpoenaed has been discarded or destroyed, other than in the ordinary course of business, you shall identify such item and specify (i) the date of its destruction; (ii) the reason for its destruction; (iii) the person authorizing its destruction; and (iv) the custodian of the document immediately preceding its destruction.

11. **Continuing Effect.** This subpoena is of continuing effect. If after such production you become aware of or acquire additional documents, ESI, or tangible things that are

responsive to this subpoena, you shall promptly produce them.

12. **Confidential Information.** Documents shall not be withheld on the grounds that they contain highly sensitive or confidential information, but instead shall be designated in accordance with the terms of the protective order to be entered in the action identified in the caption of the subpoena to which this Schedule A is attached.

## Definitions

The following definitions apply to this subpoena:

1. **You.** The terms "you" and "your" mean Notaro & Michalos, its employees, officers, directors, agents, representatives, partners, joint ventures, parents, subsidiaries, divisions or affiliates, including but not limited to Peter C. Michalos.

2. **Patent in suit.** The term "patent in suit" means U.S. Patent No. 6,579,516 and the application leading to the allowance of that patent.

3. **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. **Document and ESI.** The terms "document" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any computer data compilations. The terms "document" and "ESI" include any book, bill, calendar, chart, check, compilation, computation, computer or network activity log, correspondence, data, data compilation, database, diagram, diary, document, draft, drawing, e-mail, electronic message, file, folder, film, graph, graphic presentation, image, index, inventory, invoice, jotting, journal, ledger, machine readable material, map, memoranda, metadata, minutes, note, order, paper, photograph, printout, recording, report, software, spreadsheet, statement, sound recording, summary, telephone

message record or log, transcript, video, voicemail, voucher, webpage, work paper, writing, or worksheet, or any other item or group of documentary material or information, regardless of physical or electronic format or characteristic, and any information therein, and copies, notes, and recordings thereof. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. A draft or non-identical copy is a separate item within the meaning of these terms.

5. **Limited Brands, Inc.** The term "Limited Brands, Inc." means defendant Limited Brands, Inc. and any of its divisions, departments, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of Limited Brands, Inc., its divisions, departments, subsidiaries, affiliates, or predecessors.

6. **Bath & Body Works, Inc.** The term "Bath & Body Works, Inc., means defendant Bath and Body Works, Inc. and any of its divisions, departments, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent thereof, and all other persons acting or purporting to act on behalf of Bath & Body Works, its divisions, departments, subsidiaries, affiliates, or predecessors.

7. **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

8. **Related patents and/or patent applications.** The term "related patents and/or patent applications" means U.S. Patent Application Nos. 09/540,415, 09/026,016, and 08/487,242 and U.S. Patent Nos. 6,099,849, 6,120,782 and 6,096,324, and any parents, children, grandchildren, continuations, divisionals, continuations-in-part or foreign equivalents to U.S. Patent Application Nos. 09/540,415, 09/026,016, or 08/487,242 and/or U.S. Patent Nos.

6,099,849, 6,120,782, or 6,096,324.

9. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10. **Laboratory Skin Care.** The term "Laboratory Skin Care" means Laboratory Skin Care, Inc., and any present or former officer, director, employee, consultant, attorney, expert or agent thereof, and all other persons acting or purporting to act on behalf of Laboratory Skin Care, Inc.

11. **Zahra Mansouri.** "Zahra Mansouri" means Zahra Mansouri individually, and any consultant, attorney, expert or agent thereof, and all other persons acting or purporting to act on behalf of Laboratory Skin Care, Inc.

**Rules of Construction**

The following rules of construction apply to this subpoena:

1. **All/Each.** The terms "all" and "each" shall be construed as all and each.

2. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the subpoena all responses that might otherwise be construed to be outside of its scope.

**Documents, ESI, and Tangible Things Subpoenaed**

1. Documents, ESI and tangible things that refer to, relate to, or constitute any contract, agreement or license between Laboratory Skin Care, Inc and Bath & Body Works, Inc. or Limited Brands, Inc.

2. Documents, ESI and tangible things that refer to, relate to, or constitute any draft contract, agreement or license between Laboratory Skin Care, Inc and Bath & Body Works, Inc. or Limited Brands, Inc.

3. Documents, ESI and tangible things that refer to, relate to, or constitute any contract, agreement or license between Zahra Mansouri and Bath & Body Works, Inc. or Limited Brands, Inc.

4. Documents, ESI and tangible things that refer to, relate to, or constitute any draft contract, agreement or license between Zahra Mansouri and Bath & Body Works, Inc. or Limited Brands, Inc.

5. All documents, ESI, and tangible things concerning or relating to any contract, agreement or licenses between Laboratory Skin Care, Inc and Bath & Body Works, Inc. or Limited Brands, Inc.

6. All documents, ESI, and tangible things concerning or relating to any contract, agreement or license between Zahra Mansouri and Bath & Body Works, Inc. or Limited Brands, Inc.

7. All documents, ESI, and tangible things constituting, reflecting, concerning or discussing any communication with Laboratory Skin Care.

8. All documents, ESI, and tangible things constituting, reflecting, concerning or discussing any communication with Zahra Mansouri.

9. All documents, ESI, and tangible things received by you from Laboratory Skin Care, Inc or Zahra Mansouri.

10. All documents, ESI, and tangible things sent by you to Laboratory Skin Care, Inc or Zahra Mansouri.

11. All documents, ESI, and tangible things received by Bath & Body Works, Inc. or Limited Brands, Inc. from Laboratory Skin Care, Inc or from Zahra Mansouri.

12. All documents, ESI, and tangible things sent by Bath & Body Works, Inc. or Limited Brands, Inc. to Laboratory Skin Care, Inc or Zahra Mansouri.

13. All documents, ESI and tangible things that refer to, relate to, concern or mention the patent-in-suit or any related patents and/or patent applications.

14. All documents, ESI, and tangible things concerning any analysis or evaluation of the patent-in-suit or any related patents and/or patent applications.

15. All documents, ESI, and tangible things that constitute, concern, refer to or relate to any communications with any third party regarding the patent-in-suit or any related patents and/or patent applications.

16. Timesheets or other billing records that mention, concern, refer to, or relate to the patent-in suit or any related patents and/or patent application.

17. Timesheets or other billing records that mention, concern, refer to, or relate to Laboratory Skin Care or Zahra Mansouri.