IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORATORY SKIN CARE, INC. and ZAHRA MANSOURI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-601 (JJF) |
| LIMITED BRANDS, INC. and BATH AND BODY WORKS, LLC, | ) ) ) | **REDACTED** **PUBLIC VERSION** |
| Defendants. | ) ) | |

### PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OR OTHER EVIDENCE THAT THE HYPOTHETICAL NEGOTIATION FOR PURPOSES OF DETERMINING A REASONABLE ROYALTY IS ASSUMED TO HAVE OCCURRED OR BEEN COMPLETED PRIOR TO INFRINGEMENT

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899
(302)571-6681
kkeller@ycst.com

ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K. Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

Dated: January 8, 2010

Plaintiffs, Laboratory Skin Care, Inc. and Zahra Mansouri (collectively "LSC" or "Plaintiffs"), respectfully move the Court to enter an order in limine precluding Defendants, Limited Brands, Inc. and Bath & Body Works, Inc., (collectively "BBW" or "Defendants"), from offering testimony or other evidence that the hypothetical negotiation used for purposes of determining a reasonable royalty is assumed to have occurred well prior to the time of infringement (here, the date the patent issued). Plaintiffs' motion should be granted because such evidence would be directly refuted by well-established law, and is therefore not reliable under Fed. R. Evid. 702.

## INTRODUCTION

Defendants' damages expert, Dr. Patrick F. Kennedy, has indicated an intention to testify at trial that,



REDACTED

That contention is wrong. Well-established law provides that the hypothetical negotiation should be assumed to have occurred at the time of infringement, with a valid patent in existence, not before.

The timing of the hypothetical negotiation is a critical part of Defendants' damages theory.

REDACTED



Dr. Kennedy's proposed testimony is contrary to well-established law and therefore that testimony should be excluded pursuant to Fed. R. Evid. 702.

## BACKGROUND

In this case, Plaintiffs are seeking a reasonable royalty from Defendants to compensate Plaintiffs for Defendants' infringement of the '516 patent.[3]  Plaintiffs' expert, Dr. Bradley N. Reiff, prepared an expert report regarding an assessment of Plaintiffs' damages, which was served on March 13, 2009.  Defendants' expert, Dr. Patrick F. Kennedy, prepared a rebuttal to Dr. Reiff's report, which was served on April 13, 2009.  See Ex. 1.  Dr. Kennedy was deposed on September 30, 2009.  Both experts offer a reasonable royalty analysis in the context of a hypothetical negotiation between BBW and LSC occurring at some point in the past.[4]

**REDACTED**

---

[1] Defendants' infringing products were being sold at the time the '516 patent issued.

[2] **REDACTED**

[3] 35 U.S.C. § 284 mandates that patent damages shall be "adequate to compensate the patent owner for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer . . .."  Thus, the reasonable royalty damages Plaintiffs seek represent "the floor below which a damage award may not fall."  Fromson v. Western Litho Plate and Supply Co., 853 F.2d 1568, 1574 (Fed. Cir. 1988).

[4] To determine a reasonable royalty, courts apply "the judge-created methodology described as 'hypothetical negotiations between willing licensor and willing licensee.'"  Fromson, 853 F.2d at 1574.



Defendants began selling
the accused products prior to issuance of the '516 patent on June 17, 2003, therefore, the

infringement began upon issuance of the patent.



---

[5] LSC disputes that Defendants could have developed an effective non-infringing product. However, LSC does not seek to preclude Defendants from making its arguments that it could have done so.  LSC only seeks to exclude testimony and evidence that is contrary to law; namely, REDACTED



**ARGUMENT**

I.   Legal Standards under Fed. R. Evid. 702

Federal Rule of Evidence 702, which governs the admissibility of expert testimony,

provides that:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

(emphasis added).  Rule 702 requires trial judges to ensure that expert testimony is relevant,

reliable and will assist the trier of fact to understand the evidence or to determine a fact at issue.

Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589-91 (1993).  Rule 702 has "three

distinct substantive restrictions on the admission of expert testimony: qualifications, reliability,

and fit." Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir. 2000).  Trial judges are required to

perform the "rigorous gatekeeping function" of preventing testimony that does not meet these

criteria from reaching the jury.  Id. at 744 (citing Daubert).  The party offering the expert

testimony bears the burden of "demonstrat[ing] reliability by a preponderance of the evidence."

In re TMI Litigation, 193 F.3d 613, 705 (3d Cir. 1999).

The Third Circuit has articulated a number of factors (derived from Daubert) that must be

considered in assessing whether an expert's opinion is reliable.[7]  However, the Third Circuit has

---

**REDACTED**

[7] Those factors include "(1) whether a method consists of a testable hypothesis; (2) whether the

followed Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999), which extended Daubert to

non-scientific expert testimony, and held that the Daubert reliability factors, which were

formulated in the context of determining the reliability of scientific methods, do not have to be

applied in every case.  See Elcock, 233 F.3d at 745-46 ("Kumho Tire makes clear that this list is

non-exclusive and that each factor need not be applied in every case . . . 'The trial judge must

have considerable leeway in deciding in a particular case how to go about determining whether

particular expert testimony is reliable.'" (quoting Kumho Tire, 526 U.S. at 152)).[8]  In general, to

be reliable, an expert's opinion must be based on "'good grounds'" rather than "'unsupported

speculation.'"  In Re Paoli, 35 F.3d at 742 (quoting Daubert, 113 S. Ct. at 2795).

    II.       **Dr. Kennedy's Assumed Timing of the Hypothetical Negotiation is Contrary to Law and Is Therefore Unreliable and Will Not Assist the Trier of Fact**

**REDACTED**

Under well-established law, the

hypothetical negotiation is assumed to have occurred at the time of infringement.

**REDACTED**

---

method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put."  In re Paoli, 35 F.3d 717, 742 n.8 (3d Cir. 1994) (citing Daubert, 113 S. Ct. at 2795-2797).

[8] Courts have applied Daubert reliability principles in the context of damages testimony.  See Club Car., Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 780 (11th Cir. 2004) (affirming district court's holding to strike expert damages testimony under Daubert because the testimony was "based on flawed methodology that was unaccepted in the accounting community.");  MLMC, Ltd. v. Airtouch Comm., Inc., C.A. No. 99-781-SLR, 2001 U.S. Dist. LEXIS 26078 at *2-4 (D. Del. Nov. 9, 2001) (granting motion in limine under Daubert to preclude unreliable testimony relating to reasonable royalty analysis); DSU Med. Corp. v. JMS Co., Ltd., 296 F. Supp. 2d 1140, 1147 (N.D. Cal. 2003) (applying the Daubert standard in context of expert damages analysis, and further stating that "the Daubert factors may be particularly inapplicable when evaluating expert testimony on business transactions.").

**REDACTED** _See, e.g., Applied Med. Res. Corp. v._

_United States Surgical Corp._, 435 F.3d 1356, 1361-64 (Fed. Cir. 2006) ("Consistent with our

precedent, reasonable royalty damages are not calculated in a vacuum without consideration of

the infringement being redressed. . . . We are required to identify the infringement requiring

compensation, and evaluate damages based on a hypothetical negotiation at the time that

infringement began, not an earlier one.") (citations omitted); _Hanson v. Alpine Valley Ski Area,_

_Inc._, 718 F.2d 1075, 1078-79 (Fed. Cir. 1983) ("'the key element in setting a reasonable royalty .

. . is the necessity for return to the date when the infringement began.'") (quoting _Panduit Corp._

_v. Stahlin Bros. Fibre Works, Inc._, 575 F.2d 1152, 1158 (6th Cir. 1978) (Markey, H.)); _St. Clair_

_Intellectual Property Consultants, Inc. v. Canon, Inc._, C.A. No. 03-241-JJF, 2004 U.S. Dist.

LEXIS 19475, at *6-7 (D. Del. Sep. 28, 2004) ("[a] reasonable royalty must be calculated on the

date infringement began . . . [and] must be based on facts that existed at the time of the

hypothetical infringement.").[9]

Furthermore, this principle often specifically applies to the date the patent issued. _See,_

_e.g., Wang Labs., Inc. v. Toshiba Corp._, 993 F.2d 858, 870 (Fed. Cir. 1993) ("this case is

governed by the rule in _Fromson_, in which the hypothetical negotiations were determined to have

occurred when the infringement began, which was the date the patent issued . . . In this case,

---

[9] Some opinions have indicated that the date of the hypothetical license negotiation is "just
before the infringement began." _See Lucent Tech., Inc. v. Gateway, Inc._, No. 2008-1485, 2009
U.S. App. LEXIS 20325, at *51 (Fed. Cir. 2009) (stating that the hypothetical negotiation
approach "attempts to ascertain the royalty upon which the parties would have agreed had they
successfully negotiated an agreement just before infringement began."); _Integra Lifesciences I,_
_Ltd. v. Merck KGaA_, 331 F.3d 860, 870-71 (Fed. Cir. 2003) (stating that "[a] reasonable royalty
calculation envisions and ascertains the results of a hypothetical negotiation between the patentee
and the infringer at a time before the infringing activity began."). However, as explained in
_Hanson_ (cited in _Integra_), "'[t]he key element in setting a reasonable royalty . . . is the necessity
for return to the date when the infringement began.'" _Hanson_, 718 F.2d at 1078-79 (quoting
_Panduit_, 575 F.2d at 1158).

infringing products were being sold on the date of issuance of the '605 patent.  Therefore, under Fromson, hypothetical royalty negotiations should have been considered to have occurred on the patent issuance date.'")); Fromson, 853 F.2d at 1575 and 1577-79 ("The [hypothetical negotiation] methodology . . . speaks of negotiations as of the time infringement began . . ." which was the date when the patent issued)); Panduit, 575 F.2d at 1158 (analyzing the reasonable royalty on the date the patent issued, which was "the date the infringement began.").  Here, Defendants had been selling the accused product prior to the date the '516 patent issued. Therefore, Defendants' infringement began when the '516 patent issued on July 17, 2003, and that is the proper date to analyze the hypothetical negotiation under well-settled law.

**REDACTED**

, Lucent Tech., Inc. v. Gateway, Inc., No. 2008-1485, 2009 U.S. App. LEXIS 20325, at*52 (Fed. Cir. 2009) ("[t]he hypothetical negotiation also assumes that the asserted patent claims are valid and infringed."); St. Clair, 2004 U.S. Dist. LEXIS 19475 at *9-10 ("[c]ases clearly accept that the hypothetical negotiation for calculating a reasonable royalty is based on the assumption that the patent was valid and infringed.").  Therefore, if it is assumed that the '516 patent was valid, enforceable, and infringed, during the hypothetical negotiation, then surely that patent had to be in existence at that time.

**REDACTED**

Accordingly, Dr. Kennedy's assumption **REDACTED**

**REDACTED** has no basis in law, and therefore is unreliable under Fed. R. Evid. 702 and <u>Daubert</u>.  Indeed, "nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.  A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." <u>General Elec. Co. v. Joiner</u>, 522 U.S. 136, 146 (1997).  <u>See</u> also <u>In re TMI Litigation</u>, 193 F.3d 613, 682 (3d Cir. 1999) (citing same propositions); <u>Player v. Motiva Enterprises, LLC</u>, 240 Fed. Appx. 513, 520 (3d Cir. 2007) (unpublished) (citing same propositions).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court preclude Defendants from offering testimony or other evidence that the hypothetical negotiations, and design-around efforts, to determine a reasonable royalty occurred prior to the time of infringement and issuance of the '516 patent.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
P.O. Box 391
Wilmington, DE 19899
(302)571-6600
kkeller@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

Dated: January 8, 2010

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on January 8, 2010, I caused to be electronically filed a true and correct copy of the foregoing document, Plaintiffs' Motion In Limine to Preclude Testimony or Other Evidence that the Hypothetical Negotiation for Purposes of Determining a Reasonable Royalty is Assumed to Have Occurred or Been Completed Prior to Infringement with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis G.X. Pileggi (fpileggi@foxrothschild.com)
> Sheldon K. Rennie (srennie@foxrothschild.com)
> Citizens Bank Center
> Suite 1300
> 919 North Market Street
> Wilmington, DE 19801

I further certify that on January 8, 2010, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL (by agreement of counsel)**
> John F. Ward (wardj@wardolivo.com)
> David M. Hill (hilld@wardolivio.com)
> Michael J. Zinna (zinnam@wardolivo.com)
> David S. Nir (nird@wardolivo.com)
> Ward & Olivo
> 380 Madison Avenue
> New York, NY 10017

Karen E. Keller (No. 4489)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LABORATORY SKIN CARE, INC. and )
ZAHRA MANSOURI, )
              )
             Plaintiffs, )
             )
         v. )   Civil Action No. 06-601 (JJF)
             )
LIMITED BRANDS, INC. and )
BATH AND BODY WORKS, LLC, )
             )
             Defendants. )

## **[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion *In Limine* to Preclude Testimony or Other

Evidence that the Hypothetical Negotiation for Purposes of Determining a Reasonable Royalty is

Assumed to Have Occurred or Been Completed Prior to Infringement, and Defendants' response

thereto:

IT IS HEREBY ORDERED this ____ day of _____, 2010 that Plaintiffs' Motion

*In Limine* to Preclude Testimony or Other Evidence that the Hypothetical Negotiation for

Purposes of Determining a Reasonable Royalty is Assumed to Have Occurred or Been

Completed Prior to Infringement is GRANTED, and Defendants are precluded from offering

testimony or other evidence that the hypothetical negotiations, and design-around efforts, to

determine a reasonable royalty occurred prior to the time of infringement and issuance of the

'516 patent.

                                        _____

                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORATORY SKIN CARE, INC. and | ) | |
| ZAHRA MANSOURI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-601 (JJF) |
| | ) | |
| LIMITED BRANDS, INC. and | ) | |
| BATH AND BODY WORKS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

Pursuant to Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United

States District Court for the District of Delaware, Plaintiffs Laboratory Skin Care, Inc. and Zahra

Mansouri (collectively "LSC") hereby certify that a reasonable effort has been made to reach

agreement with Defendants Limited Brands, Inc. and Bath & Body Works, Inc. on the matter set

forth in *Plaintiffs' Motion In Limine to Preclude Testimony or Other Evidence that the*

*Hypothetical Negotiation for Purposes of Determining a Reasonable Royalty is Assumed to Have*

*Occurred or Been Completed Prior to Infringement.* The parties have not reached an agreement.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Karen E. Keller*

Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com
kkeller@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
C. Nichole Gifford
Daniel Shores
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri*

Dated: January 8, 2010

# Exhibit 1

# REDACTED

# Exhibit 2

# REDACTED

# Exhibit 3

# REDACTED

# Exhibit 4

# REDACTED

# Exhibit 5

# REDACTED

# Exhibit 6

# REDACTED