IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORATORY SKIN CARE, INC., and ZAHRA MANSOURI, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-601 (LPS) |
| v. | ) ) ) | |
| LIMITED BRANDS, INC. and BATH & BODY WORKS, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## JURY INSTRUCTIONS

## **TABLE OF CONTENTS**

**Page**

1. INTRODUCTION ....................................................................................... 1

    1.1    INTRODUCTION ......................................................................... 1

    1.2    JURORS' DUTIES ...................................................................... 2

    1.3    BURDENS OF PROOF ............................................................... 3

    1.4    EVIDENCE .................................................................................. 4

    1.5    CONSIDERATION OF EVIDENCE ........................................... 5

    1.6    DIRECT AND CIRCUMSTANTIAL EVIDENCE ...................... 6

    1.7    CREDIBILITY OF WITNESSES ............................................... 7

    1.8    EXPERT WITNESSES ............................................................... 8

    1.9    DEPOSITION TESTIMONY ...................................................... 9

2. INFRINGEMENT ..................................................................................... 10

    2.1    CLAIM INFRINGEMENT ....................................................... 10

    2.2    CONSTRUCTION OF CLAIMS ............................................... 11

    2.3    DEPENDENT AND INDEPENDENT CLAIMS ....................... 12

    2.4    PATENT INFRINGEMENT – GENERALLY ........................... 13

    2.5    DIRECT INFRINGEMENT – KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL ........................ 14

    2.6    INDUCING PATENT INFRINGEMENT .................................. 15

    2.7    LITERAL INFRINGEMENT .................................................... 16

    2.8    OPEN ENDED OR "COMPRISING" CLAIMS ....................... 17

i

3.      INVALIDITY DEFENSES ....................................................................... 18

        3.1     SUMMARY OF INVALIDITY DEFENSE  ....................................... 18

        3.2     WRITTEN DESCRIPTION.................................................................19

        3.3     PRIOR ART DEFINED.......................................................................20

        3.4     ANTICIPATION.................................................................................21

        3.5     ON SALE STATUTORY BAR.............................................................22

        3.6     OBVIOUSNESS..................................................................................24

        3.6.1   SCOPE AND CONTENT OF THE PRIOR ART.................................26

        3.6.2   DIFFERENCES OVER THE PRIOR ART..........................................27

        3.6.3   LEVEL OF ORDINARY SKILL.........................................................29

        3.6.4   OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS...............30

        3.6.5   OBVIOUSNESS – HINDSIGHT.........................................................31

4.      DELIBERATION AND VERDICT ........................................................... 32

        4.1     INTRODUCTION ............................................................................ 32

        4.2     UNANIMOUS VERDICT ................................................................ 33

        4.3     DUTY TO DELIBERATE ................................................................ 34

        4.4     COURT HAS NO OPINION ........................................................... 35

## 1.    INTRODUCTION

### 1.1    INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 1.2  JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I explain to you, apply it to the facts, and decide, under the appropriate burden of proof, which party should prevail on any given issue.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### 1.3    BURDENS OF PROOF

This is a civil case in which the Plaintiffs Laboratory Skin Care, Inc. and Zahra Mansouri
(whom I will refer to collectively as "Plaintiffs," "Laboratory Skin Care" or "LSC"), are
accusing Defendants, Limited Brands, Inc. and Bath & Body Works, LLC (whom I will refer to
collectively as "Defendants," "Bath & Body Works" or "BBW") of patent infringement.

Laboratory Skin Care has the burden of proving patent infringement by what is called a
preponderance of the evidence. That means Laboratory Skin Care has to produce evidence
which, when considered in light of all the facts, leads you to believe that what Laboratory Skin
Care claims is more likely true than not. To put it differently, if you were to put Laboratory Skin
Care's and Bath & Body Works' evidence on the opposite sides of a scale, the evidence
supporting Laboratory Skin Care's claims would have to make the scales tip somewhat on its
side.

In this case, Bath & Body Works is urging that Laboratory Skin Care's patent is invalid.
A patent, however, is presumed to be valid. Accordingly, Bath & Body Works has the burden of
proving that United States Patent No. 6,579,516 – which I'll sometimes refer to as the "'516
patent" or the "patent-in-suit" – is invalid by clear and convincing evidence. Clear and
convincing evidence is evidence that produces an abiding conviction that the truth of the factual
contention is highly probable. Proof by clear and convincing evidence is thus a higher burden
than proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof
beyond a reasonable doubt." That burden does not apply in a civil case and you should,

iii

therefore, put it out of your mind in considering whether or not Laboratory Skin Care or Bath &

Body Works have met their burden of proof.

### 1.4   EVIDENCE

The evidence from which you must find the facts consists of the testimony of witnesses, documents, and other things admitted into evidence. In addition, the evidence includes certain facts as agreed to by the parties, which I read to you at the beginning of the trial.

Certain things are not evidence.

a.   Statements, arguments, and questions by lawyers are not evidence.

b.   Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objections. If I sustained or upheld the objection, you should ignore the question or document. If I overruled an objection and allowed a matter into evidence, you should treat the testimony or document like any evidence.

c.   Anything you may have seen or heard outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

### 1.5     CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 1.6    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." I told you about these terms in my preliminary instructions.

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 1.7    CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something that contradicted the testimony he or she gave at the trial.

You are the sole judges of the credibility of the witnesses.  You may believe everything a witness says or only part of it or none of it.  If a witness is not credible as to a certain matter, you may, if you so choose, decide that the witness is not credible as to other matters.  If a witness testifies that he/she does not remember a fact or event, you may use your own judgment to decide whether you believe the witness is being truthful.

## 1.8   EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field— an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

## 1.9    DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of a deposition transcript or the playing of video excerpts from a deposition.  Deposition testimony is out of court testimony given under oath and is entitled to the same consideration you would give it had the witness personally appeared in court.

## 2.    INFRINGEMENT

### 2.1    CLAIM INFRINGEMENT

Before you can decide whether any accused product or process infringes Laboratory Skin Care's patent, you will have to understand the patent "claims." The patent claims are the numbered paragraphs at the end of a patent. The patent claims involved here with respect to infringement are claims 2, 4-7, 13, and 15-18, beginning at column 14, line 8 of the '516 patent which is Joint Exhibit 2 in evidence. The claims are "word pictures" intended to define, in words, the boundaries of the invention described and illustrated in the patent. Only the claims of the patent can be infringed. Neither the specification, which is the written description of the invention, nor the drawings of a patent can be infringed. Each of the claims must be considered individually, and to show patent infringement, Laboratory Skin Care need only establish that one claim has been infringed.

When making your decision regarding infringement, you should not compare Bath & Body Works' Antibacterial Moisturizing Hand Lotion products with any specific example set out in the patent-in-suit, or with any product of Laboratory Skin Care. Rather, you must only compare Bath & Body Works Antibacterial Moisturizing Hand Lotion products with the asserted claims of the '516 patent.

## 2.2    CONSTRUCTION OF CLAIMS

It is my job as Judge to provide to you the meaning of any claim language that must be interpreted.  You must accept the meanings I give you and use them when you decide whether any claim of the patent has been infringed and whether any claim is invalid.  You must ignore any different interpretation given to these terms by the witnesses or attorneys.  I will now tell you the meanings of the following words and groups of words from the patent claims.

The term "**physiologically and cosmeceutically acceptable vehicle**" means "a solvent, diluent, or dispersant for the constituents of the composition that allows for uniform application of the constituents to the surface of the skin at an appropriate dilution."

The terms "**effective antimicrobial lotion,**" "**antimicrobial lotion**" and "**antimicrobial lotion composition**" mean "a lotion that effectively inhibits the growth of or kills microorganisms present on the skin."

The term "**moisturizing composition**" does not require the presence of an absorption enhancer and should otherwise be given its plain and ordinary meaning in the context of the patent specification and prosecution history.

The term "**amount of triclosan effective to kill microorganisms present on the skin**" is not limited to a specific numerical amount or range of triclosan and should otherwise be given its plain and ordinary meaning in the context of the patent specification and prosecution history.

You should give the rest of the words in the claims their ordinary meaning in the context of the patent specification and prosecution history.

xii

### 2.3   DEPENDENT AND INDEPENDENT CLAIMS

There are two different types of claims in the patent.  The first type is called an independent claim.  An independent claim does not refer to any other claim of the patent.  An independent claim is read separately to determine its scope.

On the other hand, a dependent claim refers to at least one other claim in the patent and thus incorporates whatever that other claim says.  Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers.

For example, Claim 1 is an independent claim.  You know this because the claim mentions no other claim.  Accordingly, the words of this claim are read by themselves in order to determine what the claim covers.

Claim 2, on the other hand, is a dependent claim, which refers to Claim 1.  Accordingly, the words of Claims 1 and 2 must be read together in order to determine what the dependent claim, Claim 2, covers.

Some claims of the patent in suit are broader than other claims.  You are not to imply the limitations or words of the narrower or dependent claim into a broad or independent claim if the broader claim does not include the same limitations.

## 2.4    PATENT INFRINGEMENT – GENERALLY

A patent owner may enforce the right to exclude others from making, using or selling the patented invention by filing a lawsuit for patent infringement.  Here, Laboratory Skin Care, the patent owner, has sued Bath & Body Works, the accused infringer, and has alleged that any Bath & Body Works Antibacterial Moisturizing Hand Lotion and methods of using any such lotion infringe one or more claims of Laboratory Skin Care's '516 patent.

Patent law provides that any person or business entity which makes, uses, or sells, without the patent owner's permission, any product, apparatus, or method legally protected by at least one claim of a patent within the United States before the patent expires, infringes the patent.  In this case, if you find that Laboratory Skin Care has proven by a preponderance of the evidence that Bath & Body Works has made, used, sold, or offered to sell the invention defined in at least one claim of the '516 patent, Bath & Body Works would be liable for infringing that patent.

## 2.5     DIRECT INFRINGEMENT – KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL

Bath & Body Works would be liable for directly infringing Laboratory Skin Care's patent if you find that Laboratory Skin Care has proven by a preponderance of the evidence that Bath & Body Works has made, used, or sold the invention defined in at least one claim of Laboratory Skin Care's patent.

A person may directly infringe a patent without knowledge that what he is doing is an infringement of the patent.  He may also infringe even though in good faith he believes that what he is doing is not an infringement of any patent.

xv

## 2.6    INDUCING PATENT INFRINGEMENT

Laboratory Skin Care asserts that Bath & Body Works has actively induced others to infringe the patent.  To show induced infringement, Laboratory Skin Care must prove that it is more likely than not that someone has directly infringed the '516 patent and that Bath & Body Works has actively and knowingly aided and abetted that direct infringement.

Laboratory Skin Care must show that Bath & Body Works actually intended to cause the acts that constitute direct infringement, that Bath & Body Works knew of the patent, and that Bath & Body Works knew or should have known that its actions would lead to actual infringement.  Intent to cause the acts that constitute direct infringement may be demonstrated by evidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use.  It is not necessary to show that Bath & Body Works has directly infringed as long as you find that someone has directly infringed.  If there is no direct infringement by anyone, there can be no induced infringement.

## 2.7    LITERAL INFRINGEMENT

For an accused product to literally infringe any one of Laboratory Skin Care's patent claims, the subject matter of the patent claim must be found in that accused product. In other words, Laboratory Skin Care's patent claim is literally infringed if the accused product includes each and every component or step in Laboratory Skin Care's patent claim. If a Bath & Body Works product omits any single component or step recited in Laboratory Skin Care's patent claim, that Bath & Body Works product does not literally infringe that claim. You must determine literal infringement with respect to each patent claim individually.

## 2.8 OPEN ENDED OR "COMPRISING" CLAIMS

The preamble to claims 1 and 12 uses the transitional phrase "comprising." "Comprising" is interpreted the same as "including" or "containing." In patent claims, comprising means that the claims are open-ended. As such, the claim is not limited to only what is in the claim. Based on this explanation, if you find that any Bath & Body Works product or method of using that product includes all the components or method steps in any of Laboratory Skin Care's patent claims, the fact that it may also include an additional component or method step is irrelevant. The presence of additional components or method steps in any accused product or method does not mean that the product or method does not infringe a patent claim.

## 3.    INVALIDITY DEFENSES

### 3.1    SUMMARY OF INVALIDITY DEFENSES

Bath and Body Works contends that Claims 1-7 and 12-18 of the '516 patent are invalid. The granting of a patent by the Patent Office carries with it the presumption that the patent is valid.  Bath and Body Works must prove by clear and convincing evidence that each claim is invalid.  A patent is presumed to be valid even if a related patent being prosecuted simultaneously by the same applicant is rejected or abandoned and never issued as a patent.

Claims of an issued patent may be found to be invalid.  Thus, you must determine the validity of each of Laboratory Skin Care's claims whose validity Bath and Body Works is challenging.

Bath and Body Works contends that Claims 1-7 and 12-18 of the '516 patent are invalid for one or more of the following reasons:

- •    Lack of Written Description

- •    Anticipation

- •    Obviousness

- •    Statutory "on sale" Bar under 35 U.S.C. Section 102(b)

I will now instruct you in more detail why Bath and Body Works alleges that the asserted claims of the patent are invalid.

### 3.2     WRITTEN DESCRIPTION

Bath & Body Works contends that claims 1-7 and 12-18 of the '516 patent are invalid for failure of the patent to provide an adequate written description of the claimed invention. Bath & Body Works must prove that it is highly probable these claims lacked an adequate written description

The written description requirement is satisfied if a person of ordinary skill in the field, reading the patent application as originally filed, would recognize that the patent application described the invention of these claims, even though the description might not use the exact words found in the claim. The written description is adequate if it shows that the inventor was in possession of each claim of the invention at the time the application for the patent was filed, even though the claim may have been changed or new claims added during the prosecution of the application. It is not necessary that each and every aspect of the claim be explicitly discussed, as long as a person of ordinary skill would understand that any aspect not expressly discussed is implicit in the patent application as originally filed. If you find that one or more of the claims challenged by Bath & Body Works lacked an adequate written description, you must find each such claim invalid.

### 3.3    PRIOR ART DEFINED

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is new and nonobvious in light of what came before.  That which came before is referred to as the "prior art."

Bath & Body Works must prove by clear and convincing evidence standard that any item alleged to be prior art is in fact prior art.  In order to do so, Bath & Body Works must prove that the item falls within one or more of the different categories of prior art recognized by the patent laws.  These categories include:

1.    Prior patents that issued before the date of the invention of the '516 patent;

2.    Prior publications having a publication date before the date of invention of the '516 patent;

3.    U.S. Patents having a filing date prior to the date of invention of the '516 patent; and

4.    Anything on sale in the United States before the date of invention of the '516 patent.

### 3.4     ANTICIPATION

In order to prove anticipation of an invention under 35 U.S.C. § 102, it is necessary that all the elements of an invention, as expressed in the claims of the patent in suit, be found in a single prior art reference.

A single prior art reference must also disclose those elements arranged as in the claim. The disclosure in the prior art reference, however, does not have to be in the same words as the claim. Instead, it is sufficient if all requirements of the claim are in the prior art, either stated or necessarily implied, so that someone of ordinary skill in the field looking at that one reference would be able to make and use at least one embodiment of the claimed invention.

There cannot be accidental or unrecognized anticipation. A prior duplication of the claimed invention that was accidental or unrecognized, unappreciated or incidental to some other purpose, is not an invalidating anticipation.

### 3.5    ON SALE STATUTORY BAR

Bath & Body Works contends that claims 1-7 and 12-18 of the '516 patent are invalid because the invention defined in these claims was on sale in the United States more than one year before the effective filing date of the '516 patent.  An inventor may not commercially exploit her invention by selling or offering it for sale more than one year before the effective filing date of the patent because this has the effect of extending the term of the patent.  Thus, the patent in suit is not valid if you find, by clear and convincing evidence, that the invention claimed in the patent-in-suit was on sale before June 13, 1994.

To prove that an invalidating sale occurred, Bath & Body Works must establish by clear and convincing evidence that, before June 1, 1994, (1) the product was the subject of a commercial offer for sale and (2) the invention was ready for patenting.

To determine if the product was subject to a commercial offer for sale, you must determine, first, whether there was a commercial offer for sale, and, second, whether that offer was for the patented invention.

It is not required that a sale was actually made.  An offer for sale (even if unaccepted), solicitation of orders, promotional activities or advertisements can constitute being "on sale," even though no actual sale takes place.

Next, you must decide whether the invention was ready for patenting before June 13, 1994.  This requirement is satisfied if Bath & Body Works proves by clear and convincing evidence that the invention was reduced to practice before the critical date, or by proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention.  The

xxiii

claimed invention is ready for patenting when there is reason to believe it would work for its intended purpose.

### 3.6    OBVIOUSNESS

Bath & Body Works contends that claims 1-7 and 12-18 of the '516 patent are invalid because the claimed invention was "obvious." Bath & Body Works must prove obviousness by clear and convincing evidence.

A claimed invention is invalid as "obvious" if it would have been obvious to a person of ordinary skill in the art of the claimed invention at the time the invention was made. Unlike anticipation, which allows consideration of only one item of prior art, obviousness may be shown by considering more than one item of prior art.

In evaluating evidence of obviousness, it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the prior art in the way the claimed new invention does. This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known.

The following factors must be evaluated to determine whether Bath & Body Works has established that the claimed inventions are obvious:

1.    the scope and content of the prior art relied upon by Bath & Body Works;

2.    the difference or differences, if any, between each claim of the '516 patent that Bath & Body Works contends is obvious and the prior art;

3.    the level of ordinary skill in the art at the time the invention of the '516 patent was made; and

4.    additional considerations, also called secondary considerations, that indicate that the invention was obvious or not obvious.

xxv

Each of these factors must be evaluated, although they may be analyzed in any order, and you must perform a separate analysis for each of the claims

I will now explain each of the four factors in more detail.

### 3.6.1   SCOPE AND CONTENT OF THE PRIOR ART

As I just instructed you, in arriving at your decision on the issue of whether or not the claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art. This means that you must determine what prior art is reasonably pertinent to the particular problem with which the inventor was faced. Prior art is reasonably pertinent if it is in the same field as the claimed invention or is from another field that a person of ordinary skill would look to in trying to solve the problem the claimed invention was trying to solve. The prior art includes the following:

1.   Prior patents that issued before the date of the invention of the '516 patent;

2.   Prior publications having a publication date before the date of invention of the '516 patent;

3.   U.S. Patents having a filing date prior to the date of invention of the '516 patent; and

4.   Anything on sale in the United States before the date of invention of the '516 patent.

### 3.6.2   DIFFERENCES OVER THE PRIOR ART

You should analyze whether there are any relevant differences between the prior art and the claimed invention from the view of a person of ordinary skill in the art at the time of the invention. Your analysis must determine the impact, if any, of such differences on the obviousness or nonobviousness of the invention as a whole, and not merely some portion of it.

In analyzing the relevance of the differences between the claimed invention and the prior art, you do not need to look for a precise teaching in the prior art directed to the subject matter of the claimed invention. You may take into account the inferences and creative steps that a person of ordinary skill in the art would have employed in reviewing the prior art at the time of the invention. For example, if the claimed invention combined elements known in the prior art and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, then this evidence would make it more likely that the claim was obvious. On the other hand, if the combination of known elements yielded unexpected or unpredictable results, or if the prior art teaches away from combining the known elements, then this evidence would make it more likely that the claim that successfully combined those elements was not obvious.

Importantly, a claim is not proved obvious merely by demonstrating that each of the elements was independently known in the prior art. Most, if not all, inventions rely on building blocks long since uncovered, and claimed discoveries almost of necessity will likely be combinations of what is already known. Therefore, you should consider whether a reason existed at the time of the invention that would have prompted a person of ordinary skill in the art in the relevant field to combine the known elements in the way the claimed invention does. The

xxviii

reason could come from the prior art, the background knowledge of one of ordinary skill in the art, the nature of the problem to be solved, market demand, or common sense.  Accordingly, you may evaluate whether there was some teaching, suggestion, or motivation to arrive at the claimed invention before the time of the claimed invention, although proof of this is not a requirement to prove obviousness.

If you find that a reason existed at the time of the invention to combine the elements of the prior art to arrive at the claimed invention, this evidence would make it more likely that the claimed invention was obvious.

Again, you must undertake this analysis separately for each claim that Bath & Body Works contends is obvious.

### 3.6.3   LEVEL OF ORDINARY SKILL

As I have instructed you, in arriving at your decision on the issue of whether or not the claimed invention is obvious to one of ordinary skill in the art, you must next determine what the level of ordinary skill in the art to which the claimed invention pertains was at the time the claimed invention was made.  Factors to be considered in determining the level of ordinary skill in the pertinent art include the educational level of the inventor, the types of problems encountered in the art, the prior art patents and publications, the activities of others and prior art solutions encountered by the inventor, the sophistication of the technology and the education of others working in the field.

xxx

### 3.6.4   OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS

In making your decision as to the obviousness or non-obviousness of the claimed invention, you must consider the following objective evidence which may tend to show non-obviousness of the claims at issue:

1. Commercial success or lack of commercial success of products covered by the patent in suit;

2. A long felt need in the art which was satisfied by the invention of the patent in suit;

3. The failure of others to make the invention;

4. Copying of the invention by others in the field;

5. Unexpected results achieved by the invention;

6. Praise of the invention by the infringer or others in the field; and

7. The taking of licenses under the patent by others.

However, there must be a connection between the evidence showing any of these factors and the claimed invention if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue.  For example, if commercial success is due to advertising, promotion, salesmanship or the like, or is due to features of the product other than those claimed in the patent in suit, then any commercial success may have no relation to the issue of obviousness.

xxxi

### 3.6.5   OBVIOUSNESS – HINDSIGHT

The question of nonobviousness is simple to ask, but difficult to answer.  A person of ordinary skill in the art is presumed to have knowledge of the relevant prior art at the time of the patentee's invention.  If you find the available prior art shows each of the elements of the claims in suit, then you must determine whether it would then have been obvious to a person of ordinary skill in the art to combine or coordinate these elements in the same manner as the claims in suit. The difficulty that attaches to all honest attempts to answer this question can be attributed to the strong temptation to rely on hindsight while undertaking this evaluation.  It is wrong to use the patent in suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit.

## 4.    DELIBERATION AND VERDICT

### 4.1    INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be.  That should stay secret until you are finished.

## 4.2    UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  I read it to you at the start of the trial and will read it to you again in a moment.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, and date it, and then you will each sign the form.  You will then return to the Courtroom and your verdict will be read aloud.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

### 4.3     DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

## 4.4     COURT HAS NO OPINION

Let me finish by repeating something that I said to you earlier.

Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.