IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORATORY SKIN CARE, INC. and ZAHRA MANSOURI, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 06-601-LPS |
| LIMITED BRANDS, INC. and BATH AND BODY WORKS, LLC, | : : : : | |
| Defendants. | : : | |

## **MEMORANDUM ORDER**

At Wilmington this 3rd day of January, 2012:

1. Pending before the Court are several disputes over the form of Final Judgment Order the Court should enter. (*See, e.g.*, D.I. 364, 365, 366) The Court will enter by separate document a Final Judgment. That Final Judgment reflects the following determinations:

   a. under the circumstances of this case, the judgment is required to be set out in a separate document, pursuant to Fed. R. Civ. Proc. 58(a), as Plaintiffs contend.

   b. the language proposed by Defendants with respect to the jury's verdict of infringement and non-infringement is preferable to Plaintiffs' proposal, as Defendants are correct that an invalid patent cannot be infringed. The purported inconsistency this creates with other portions of the Final Judgment, which do not employ the same "with respect to" language, is

1

immaterial.

    c.    Plaintiffs are correct that the jury's finding with respect to invalidity due to obviousness and anticipation extends to all prior art on which Defendants relied or could have relied over the course of the litigation. Defendants chose which prior art to present to the jury and are not permitted to relitigate the issues of obviousness and anticipation.

2.    An additional issue raised by the parties in connection with the proper form of Final Judgment is the status of Defendants' counterclaim based on inequitable conduct. The Court agrees with Plaintiffs, and has included Plaintiffs' proposed language in the Final Judgment, that "BBW abandoned its counterclaim based on inequitable conduct, and ... such abandonment was with prejudice (D.I. 353, 359)." (D.I. 364 at 2) This is how the Court understood BBW's recent representations on the issue in connection with whether Plaintiffs' ability to take an appeal has expired. More specifically:

    a.    in the parties' February 24, 2011 joint status letter to the Court following conclusion of the jury trial, the Court was advised, "the parties have agreed not to proceed with a trial on the issue of inequitable conduct at this time. This agreement is without prejudice to BBW's right to pursue its inequitable conduct defense in this Court and LSC's right to object to the assertion of that defense, in the event that the jury's verdict of invalidity is set aside by this Court or on appeal." (D.I. 332 at 1-2) As of February 2011, therefore, the Court understood that Defendants' counterclaim of inequitable conduct remained pending.

2

b.  On February 28, 2011, the Court entered an oral order stating: "The Court will not proceed with trial on damages or inequitable conduct at this time." (D.I. 333)

c.  On September 8, 2011, the Court denied Plaintiffs' Renewed Motion for Judgment as a Matter of Law or in the Alternative for a New Trial. (D.I. 350, 351)

d.  On October 17, 2011, the parties filed (in compliance with an Order to do so) a joint status report. (D.I. 353) The joint status report made no reference to the still-pending counterclaim for inequitable conduct. It did, however, state that "[t]he parties agree that it would be appropriate for the Court to enter final judgment on the verdict at the Court's convenience." (D.I. 353 at 2) By joining in this statement, Defendants appeared to indicate that they had abandoned their still-pending inequitable conduct counterclaim. This view is confirmed by Defendants' failure (at any point) to ask for judgment to be entered pursuant to Fed. R. Civ. Proc. 54(b).

e.  Thereafter, on October 25, 2011, Defendants filed a Bill of Costs (D.I. 354), to which Plaintiffs filed objections on November 10, 2011 (D.I. 355). Also on November 10, 2011, Plaintiffs filed a Motion to Strike the Bill of Costs. (D.I. 356)

f.  On November 30, 2011, Defendants' filed their Amended Memorandum in Opposition to Plaintiffs' Motion to Strike Defendants' Bill of Costs. (D.I. 359) Here, BBW confirmed that it has "***agreed not to proceed with***

3

*its inequitable conduct counterclaim.*" (D.I. 359 at 5) (emphasis added) In the same filing Defendants insisted that at least as of February 28, 2011 *"all of the parties' claims had been adjudicated."* (D.I. 359 at 5) (emphasis added) The only reasonable interpretation of Defendants' statements is that Defendants decided not to pursue their inequitable conduct counterclaim and such counterclaim should, accordingly, be dismissed with prejudice.[1]

g. The Court agrees with Plaintiffs, who state: "Having sought to convince the Court to rule in its favor on the appeal issue by representing that it was no longer pursuing its inequitable conduct counterclaim, BBW should be estopped from asserting now that its abandonment of its counterclaim was 'without prejudice.'" (D.I. 366 at 2)

---

[1] The entire pertinent portion of Defendants' brief reads as follows:

**B. Ruling on LSC's Post-Trial Motion was an Appealable Judgment Because All Claims of This Case Have Been Adjudicated**

LSC contends that its appeal clock has not yet begun because BBW's inequitable conduct counterclaim is still in play, thus there has been no appealable judgment under Rule 54(b).[internal footnote and text omitted] In other words, LSC apparently believes there are still some open trial issues for the Court to resolve. (D.I. 356, p. 4, n. 3). This is a disingenuous position; LSC knows it is incorrect. BBW has agreed not to proceed with its inequitable conduct counterclaim, and the Court has entered an Order stating that trial on the inequitable conduct counterclaim will not proceed. (*See* D.I. 332-333). Thus, as least as of the date of that Order — February 28, 2011 — all of the parties' claims had been adjudicated.

(D.I. 359 at 5)

4

3. For the reasons given above at paragraph 2, the Court also strikes Defendants' Bill of Costs (D.I. 354) without prejudice to re-filing at an appropriate time. *See* Fed. R. Civ. Proc. 54(d)(2)(B) (stating that motion for attorney's fees must be filed "no later than 14 days *after* the entry of final judgment") (emphasis added); D. Del. LR 54.1(a)(1) ("The [prevailing] party shall, within 14 days *after* the time for appeal has expired or within 14 days *after* the issuance of the mandate of the appellate court, file a bill of costs.") (emphasis added). Likewise, the Court grants Plaintiffs' Motion to Strike the Bill of Costs (D.I. 356). Plaintiffs' time to appeal did not begin to run until entry of the Final Judgment. Defendants conceded at least as late as the October 17, 2011 joint status report, in which "[t]he *parties* agree that it would be appropriate for the Court to enter final judgment" (D.I. 353 at 2) (emphasis added), that final judgment had not yet been entered, which contradicts Defendants' contention in connection with their Bill of Costs that the time to appeal expired on October 11, 2011 (D.I. 354-1 at ¶ 3; *see also* D.I. 357 at 3) and their alternative contention that the time to appeal expired on August 17, 2011 (D.I. 356 at 6; D.I. 357 at 8-10). Here, the Court's ruling on Plaintiffs' Renewed Motion for Judgment as a Matter of Law did not constitute a final judgment for purposes of Fed. R. Civ. Proc. 58(a) because no final judgment had been entered prior to the Court's ruling on the Renewed Motion. Even were all of this not the case, under the circumstances presented here (some of which are described in paragraph 2 above), the Court would exercise its discretion to permit Plaintiffs to file a notice of appeal at this time, finding good cause therefore and that the equities strongly favor Plaintiffs on this dispute. *See generally* Fed. R. App. Proc. 4(a)(5) & (6).

Accordingly, IT IS HEREBY ORDERED that:

1. A Final Judgment will be entered by a separate document.

2. Defendants' Bill of Costs (D.I. 354) is STRICKEN without prejudice to re-filing at an appropriate time.

3. Plaintiffs' Motion to Strike Defendants' Bill of Costs (D.I. 356) is GRANTED.

_____
UNITED STATES DISTRICT JUDGE