IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY SKIN CARE INC., and ZAHRA MANSOURI, | : : : |
| Plaintiffs, | : : : |
| | : C.A. No. 06-601-LPS : |
| LIMITED BRANDS, INC. and BATH & BODY WORKS, LLC, | : : : |
| Defendants. | : : |

**MEMORANDUM OPINION**

## I. BACKGROUND

The background of this long-running dispute is set out in detail in other opinions and orders. (*See* D.I. 194, 206, 217, 301, 350) In 2006, Plaintiffs Laboratory Skin Care Inc. and Zahra Mansouri (collectively, "Plaintiffs") filed this action against Defendants Limited Brands, Inc. and Bath & Body Works LLC (collectively, "Defendants"), alleging infringement of United States Patent No. 6,579,516. (D.I. 1) Following a jury trial, and post-trial motions, the Court entered final judgment on January 3, 2012, in favor of Defendants and against Plaintiffs. (D.I. 368) Following an appeal, on November 19, 2012 the Federal Circuit issued a mandate affirming the Court's judgment. (D.I. 374)

On November 30, 2012, Defendants filed a Bill of Costs with the Clerk of Court. (D.I. 375) Defendants sought recovery of $47,413.13 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," "[c]osts shown on Mandate of Court of Appeals," and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." (*Id.* at 1) On December 17, 2012,

1

Plaintiffs filed objections to the Bill of Costs. (D.I. 379) The Clerk of Court granted in part and denied in part Defendants' Bill of Costs on January 16, 2015. (*See* D.I. 388)

Presently before the Court is Defendant's Motion for Review Taxation of Costs. (D.I. 389) The matter is fully briefed. (*See id.*, 390, 391)

## II. LEGAL STANDARDS

"Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997, 2001 (2012). In particular, Rule 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." As the Third Circuit has observed, "Rule 54(d)(1) uses the word 'costs' as a term of art, rather than to refer to all expenses a prevailing party may incur in a given action." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 457 (3d Cir. 2000).

The categories of costs that are taxable are established by statute: 28 U.S.C. § 1920, a statute to which the Supreme Court "has accorded a narrow reading." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 442 (1987). Section 1920 states, in full:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making

> copies of any materials where the copies are
> necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts,
> compensation of interpreters, and salaries, fees,
> expenses, and costs of special interpretation services
> under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance,
> included in the judgment or decree.

In the District of Delaware, Rule 54 and Section 1920 are supplemented by Local Rule 54.1, which provides additional guidance on taxable costs. Pursuant to D. Del. LR 54.1(a)(1), "[u]nless otherwise ordered by the Court, the prevailing party shall be entitled to costs." Local Rule 54.1 directs prevailing parties to submit a bill of costs to the Clerk, who verifies the bill and makes any necessary adjustments.

Together, Section 1920, Rule 54, and LR 54.1 create a "strong presumption" that costs should be awarded to the prevailing party. *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010); *see also Paoli*, 221 F.3d at 462. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Paoli*, 221 F.3d at 468. "This is so because the denial of such costs is akin to a penalty." *Reger*, 599 F.3d at 288. "Thus, if a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." *Id.*

A consequence of the strong presumption that the prevailing party should be awarded its costs that are shown to be within the narrow statutory categories of taxable costs is that "the

3

assessment of costs most often is merely a clerical matter that can be done by the court clerk." *Taniguchi*, 132 S.Ct. at 2006 (internal quotation marks omitted); *see also Paoli*, 221 F.3d at 449, 453 (describing costs analysis as "essentially ministerial act of the clerk of court"). Nevertheless, a party disappointed with the Clerk's taxation determination may appeal it to the District Court, which must review the Clerk's decision *de novo*. *See Reger*, 599 F.3d at 288; *Paoli*, 221 F.3d at 461; *see also* Fed.R.Civ.P. 54(d)(1) ("On motion served . . ., the court may review the clerk's action.").

In reviewing the Clerk's costs decision, the Court may consider such factors as: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *Reger*, 599 F.3d at 289 n.3 (internal quotation marks and citation omitted). "In contrast a district court may not consider (1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues – in and of themselves – in the underlying litigation; or (3) the relative disparities in wealth between the parties." *Id.* (internal quotation marks and citation omitted). In other words, that a case is "a classic close case, brought in good faith" is not an "appropriate criteri[on] in determining whether a costs award is equitable." *Paoli*, 221 F.3d at 465.

"[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462-63. Notwithstanding this burden on the losing party, the Court (like the Clerk) has discretion to deny a request for taxation of costs based on a prevailing

party's failure to support its request with sufficient and specific documentation. *See* 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."). This principle is reflected in Local Rule 54.1(a)(2), which provides, "[t]he bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. § 1924."

### III. DISCUSSION

The parties agree that Defendants are the prevailing parties. It is also undisputed that Defendants filed the Bill of Costs in a timely manner. The issues in dispute relate to the Clerk of Court's denials of Defendants' requests for $44,825.46 in fees associated with copying and production of 125,517 pages of documents produced in discovery, and $1,1616.65 in deposition costs. (*See* D.I. 388; D.I. 389 at 3,6; D.I. 390 at 2, 4)

#### A. Defendants' Requests for Costs Associated with Production of Documents

Defendants argue that 28 U.S.C. § 1920(4) allows the Court to tax for costs associated with converting document formats and printing 125,517 pages of documents in response to Plaintiffs' discovery requests. (D.I. 389 at 3) In particular, according to Defendants it cost them $7,000.36 to scan and convert paper documents into electronic format, $6,350.35 to paginate (i.e., bates stamp), and $29,210.80 to print the documents they produced. (*Id.* at 5) Plaintiffs object on the basis that "more than two-thirds of the production costs [Defendants] seek to recover are the costs of making electronic copies and extra paper copies of documents for

5

[Defendants'] own use, i.e., not copies actually produced to [Plaintiffs]." (D.I. 390 at 3)

Defendants have provided sufficient evidence to support their request to be awarded these costs. The costs Defendants incurred in scanning their paper documents for production to Plaintiffs were incurred as part of Defendants' effort to comply with the Default Standard for Discovery pursuant to which the parties were operating, which required production of electronically stored information. (*See* D.I. 391 at 4-5; *see* D.I. 21) The costs Defendants incurred in bates stamping documents for production were reasonable and necessary. As Defendants observe, "[p]roducing 125,517 pages in discovery without a single identifying number would render such production entirely useless." (D.I. 391 at 3) Finally, with respect to the production of hard copies, Plaintiffs conceded in connection with their objections that Defendants produced 125,517 pages, and Defendants have provided sufficient supporting evidence to show the costs they incurred in making these copies. (*See* D.I. 391 at 2; *see also* Zinna Decl. (D.I. 375 at 5))

Accordingly, the Court will grant Defendants' request for costs.

### B.     Defendants' Request for Deposition Costs

Defendants request costs in the amount of $1,616.65 incurred for the depositions taken of witnesses who were scheduled to testify at trial. (D.I. 389 at 7) Plaintiffs argue that the Clerk of Court was correct in finding that Defendants "failed to meet the substantial portion requirement of Local Rule 54.1(b)(3) with respect to the deposition costs for either corporate representative." (D.I. 390 at 4; *see also* D.I. 388 at 3) Plaintiffs are correct. Under this Court's Local Rules, costs associated with depositions are taxable "only where a substantial portion of the deposition is used


in the resolution of a material issue in the case." D. Del. L.R. 54.1(b)(3).[1]

The Local Rule, however, does not embody the full extent of the Court's discretion to award costs associated with depositions to a prevailing party. The outer bounds of that discretion are established, instead, by statute: § 1920. As the Third Circuit has stated, "deposition expenses, including the costs of deposition transcripts, may be awarded as costs to the prevailing party if the court determines, at the end of the litigation, that the copies were of papers necessary for use in the case." *Tabron v. Grace*, 6 F.3d 147, 160 n.9 (3d Cir.1993); *see also Bethea v. Rash*, 2015 WL 4477693, at *2 (D. Del. July 22, 2015) ("If the court finds that application of Local Rule 54.1 results in an inequitable award for plaintiff, the court retains the discretion to award costs beyond the limitations of Local Rule 54.1 to the fullest extent permissible under § 1920."); *Honeywell Int'l Inc. v. Nokia Corp.*, 2014 WL 2568041, at *5 (D. Del. May 30, 2014) ("[Local Rule 54.1] does not eliminate a judge's obligation to interpret and apply Section 1920 to specific disputes brought before the judge. Each judge retains the discretion to apply [Local Rule] 54.1 – like any other rule – as the judge deems fit and in the interests of justice."); 10–54 Moore's Federal Practice Civil § 54.103 ("[T]he mere fact that a deposition was taken solely for discovery purposes should not absolutely preclude taxation of those expenses as costs. Instead, the court should take a practical view and determine whether the deposition appeared to be reasonably necessary when taken.").

The Court finds that Defendants' decision to take the depositions of corporate representatives and to purchase copies of the transcripts of these depositions for potential use at

---

[1] Given the Court's decision to exercise its discretion, as explained below, it is not necessary to decide whether use of 6% or 12% of a deposition at trial is "a substantial portion" within the meaning of LR 54.1(b)(3).

trial was at least "reasonably necessary" as part of their efforts to effectively litigate this patent case. (*See generally* D.I. 389 at 1) (Defendants explaining: "This was a patent infringement case in which Plaintiffs sought treble damages of an indeterminate amount, presumably totaling tens of millions of dollars.") This case went to trial and Defendants are only seeking to recover costs associated with the depositions of two witnesses who were scheduled to testify at trial.

Accordingly, the Court will grant Defendants' request for costs.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion (D.I. 389) will be granted. An appropriate Order follows.

March 30, 2016
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT